

**THOMPSON & COLEGATE LLP**
**3610 Fourteenth Street**
**P. O. Box 1299**
**Riverside, California 92502**
**Tel:  (951) 682-5550**
**Fax: (951) 781-4012**

MICHAEL J. MARLATT (SBN 115957)
mmarlatt@tclaw.net
DANIEL C. FAUSTINO (SBN 207553)
dfaustino@tclaw.net
SUSAN KNOCK BECK (SBN 230948)
sbeck@tclaw.net

Attorneys for Defendants, MORENO VALLEY UNIFIED SCHOOL DISTRICT, MARTINREX KEDZIORA, in his official capacity as Moreno Valley Unified School District Superintendent, DARRYL SCOTT, SCOTT WALKER, DEMETRIUS OWENS, and MANUEL ARELLANO

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., by and through his *guardians ad litem* W.B. and B.T., <br><br> Plaintiffs, <br><br> v. <br><br> MORENO VALLEY UNIFIED SCHOOL DISTRICT; MARTINREX KEDZIORA, in his official capacity as Moreno Valley Unified School District Superintendent; DARRYL SCOTT; SCOTT WALKER; DEMETRIUS OWENS; MANUEL ARELLANO; COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; CHAD BIANCO, in his official capacity as Riverside County Sheriff; DEPUTY SHERIFF NORMA LOZA; and DOES 1-10, <br><br> Defendants. | CASE NO. 5:21-cv-00194 JGB(SPx) <br><br> JUDGE: Hon. Jesus G. Bernal <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT BY DEFENDANTS DARRYL SCOTT, SCOTT WALKER, DEMETRIUS OWENS, and MANUEL ARELLANO; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [FED. R. CIV. P. 12(b)(6).] <br><br> **DATE:   May 24, 2021** <br> **TIME:    9:00 a.m.** <br> **Courtroom:  1** <br> **3470 Twelfth Street** <br> **Riverside, CA 92501** <br><br> TRIAL DATE:     N/A <br> ACTION FILED:  February 2, 2021 |

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on May 24, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the above-entitled Court, located 3470 Twelfth Street, Riverside, CA 92501, Defendants DARRYL SCOTT, SCOTT WALKER, DEMETRIUS OWENS, and MANUEL ARELLANO (collectively "Moving Defendants") will move the Court for an order pursuant to FED. R. CIV. P. 12(b)(6) to dismiss the following claims for relief in the Complaint by Plaintiff  C.B., by and through his guardian ad litem W.B.:

The fifth claim for relief under CALIFORNIA GOVERNMENT CODE § 11135;

The sixth claim for relief under CALIFORNIA CIVIL § 51, et seq.;

The seventh claim for relief under Art. I, § 7(a) and Art. IV, § 16(a) of the California Constitution;

The eighth claim for relief for Intentional Infliction of Emotional Distress;

The ninth claim for relief for False Imprisonment;

The tenth claim for relief for Battery; and

The eleventh claim for relief for Assault.

The motion is brought pursuant to CALIFORNIA GOVERNMENT CODE § 820.2 which affords an employee of a public entity immunity from liability under state law "for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

The motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the records and pleadings on file herein, and on such other evidence as may be presented.

///

///

1      This motion is made following the telephonic conference of all counsel

2  pursuant to L.R. 7-3 which took place on April 5, 2021.

3

4  DATED:  April 19, 2021                THOMPSON & COLEGATE LLP

5

6                                        By:_____/s/ Susan Knock Beck_____
                                            MICHAEL J. MARLATT
7                                           DANIEL C. FAUSTINO
                                            SUSAN KNOCK BECK
8                                           Attorneys for Defendants,
                                            MORENO VALLEY UNIFIED SCHOOL
9                                           DISTRICT, MARTINREX KEDZIORA,
                                            in his official capacity as Moreno Valley
10                                          Unified School District Superintendent,
                                            DARRYL SCOTT, SCOTT WALKER,
11                                          DEMETRIUS OWENS, and MANUEL
                                            ARELLANO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND SUMMARY OF FACTS**

Moving Defendants are immune from liability for the state law claims for relief alleged against them.   The immunity is a statutory one set forth in CALIFORNIA GOVERNMENT CODE § 820.2.  The statute provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."   The statute applies because Plaintiff concedes that he has behavioral disabilities including that he has "an inability to self-regulate or express himself."  Complaint at 20:26-27.  He does not allege that Moving Defendants were his special education providers.  Rather, he alleges that, while he was receiving special education, Moving Defendants are responsible in tort for attempts to regulate him when neither he nor his special education providers could do so.

Plaintiff alleges facts that should have been dealt with in a proactive administrative process under "The Individuals with Disabilities Education Act (IDEA or Act), 84 Stat. 175, as amended, 20 U.S.C. § 1400 et seq., [that] ensures that children with disabilities receive needed special education services."   *Fry v. Napoleon Community Schools*, 137 S.Ct. 743, 748 (2017).  However, the Complaint circumvents any facts that explain what services he was receiving and why.  Yet, when his special education providers could not regulate him, they called for the Principal and campus security to do so.

The opinion in *Fry* noted that one of the Act's provisions, namely "§ 1415(l), addresses the Act's relationship with other laws protecting [children with disabilities]. Section 1415(l) makes clear that nothing in the IDEA "restrict[s] or limit[s] the rights [or] remedies" that other federal laws, including antidiscrimination statutes, confer on children with disabilities.   At the same time, the section states that if a suit brought under such a law "seek[s] relief that is also available under" the IDEA, the plaintiff

must first exhaust the IDEA's administrative procedures." *Ibid.* "The IDEA offers federal funds to States in exchange for a commitment: to furnish a "free appropriate public education"—more concisely known as a FAPE—to all children with certain physical or intellectual disabilities. *Ibid.*; see § 1401(3)(A)(i) (listing covered disabilities). As defined in the Act, a FAPE comprises 'special education and related services'—both 'instruction' tailored to meet a child's 'unique needs' and sufficient 'supportive services' to permit the child to benefit from that instruction. *Id.* at 748-49.

As a result, this is not an excessive force case involving an African-American student.  It is a case where campus security was called in to *contain* conduct, not discipline it.  Such containment is clearly contemplated under California Law which recognizes "emergency interventions [] to control unpredictable, spontaneous behavior that poses a clear and present danger of serious physical harm to the individual with exceptional needs, or others, and cannot be immediately prevented by a response less restrictive than the temporary application of a technique used to contain behavior." See CAL. EDUC. CODE § 56521.1.

With an IEP in place to address Plaintiff's behavior, perhaps the conduct of educational personnel in following its provisions might be considered ministerial and not subject to discretionary immunity (depending on what the IEP provided).  However, Plaintiff does not allege that any of the Moving Defendants were his special education providers or that any of them violated Plaintiff's IEP.  Thus, Moving Defendants' conduct can only be described as discretionary in addressing developing situations to which they were called to contain an aggressive, combative and verbally abusive student who could not regulate himself.

Plaintiff alleges four (4) incidents that took place on August 21, 2019, August 26, 2019, October 8, 2019, and December 9, 2019.  Complaint pp. 19-30.  However, there are no allegations that any of the Moving Defendants had any involvement in the incident on August 21, 2019.  As to the other three (3) incidents, Plaintiff alleges his teacher recorded in a behavior log that he had "disrupted class [] by cursing and ripping

paper." Complaint at 20:18-19. Plaintiff was then found by other school district personnel on the playground. *Id.* at 20:23-25. The Assistant Principal and two campus security officers directed him to leave the playground and go to the office. *Id.* at 20:24-25. Plaintiff then "allegedly clenched his fists and began breathing heavily." *Id.* at 20:27. Yet, incredibly, Plaintiff alleges that none of his activity up to and including this point amounted to physically acting out. *Id.* at 21:6-7. Ultimately, Moving Defendant Owens, a campus security officer, had to drag him by his arms to a room. *Id.* at 20:27-21:1. Plaintiff alleges that that room was a seclusion room. *Id.* at 21:1. However, Defendant Walker (the Principal), Defendant Owens and another campus security officer were with him. *Id.* at 21:2-3. "Seclusion" is defined at CALIFORNIA EDUCATION CODE § 49005.1(i) as "involuntary *confinement of a pupil alone* in a room or area from which the pupil is physically prevented from leaving." CAL. EDUC. CODE § 49005.1(i), italics added. As a result, that room was not seclusion. Rather, there in the presence of the Principal and two campus security officers, Plaintiff "began pulling away, pushing, and swinging with his arms." *Id.* at 21:5.

Plaintiff also alleges that, on a subsequent date, he allegedly threw a rock in the general direction of Moving Defendant Arellano (also a campus security officer). Complaint at 22:16-17. When Deputy Sheriff Loza (also a defendant in this case), appeared in Plaintiff's classroom, she directed Plaintiff's teacher to evacuate the classroom. Again, Plaintiff defied authority. *Id.* at p. 23:8-9. Unable to get Plaintiff to stand up and go to the office, Plaintiff was physically taken, while he continued to resist. *Id.* at pp. 24-27. Ultimately, he was taken by the Deputy Sheriff for a psychiatric evaluation. *Id.* 27:9-15.

The last incident occurred when Plaintiff "allegedly pulled a classmate's chair out from under him." Complaint at 29:5. "The classmate then shoved C.B." and "the two "pushed each other a few times." *Id.* at 29:5-6. When the teacher intervened to break it up, Plaintiff "pushed his teacher and began to throw classroom items." *Id.* at 29:6-8. The teacher cleared the classroom and called for security. *Id.* at 29:9-10.

Plaintiff does not deny that he engaged in the alleged conduct.

What Plaintiff alleges is *discretionary conduct by Moving Defendants* in responding to multiple incidents of *situations in progress* to contain *his* aggressive behavior that neither *he* nor his special education personnel could regulate.  As a result, pursuant to Government Code section 820.2, Moving Defendants are immune from liability for Plaintiff's alleged injuries under state law.  By express language in the statute, this immunity applies "whether or not [their] discretion [was] abused."

## II.

## THE STANDARD FOR CONSIDERING A 12(b)(6) MOTION

A Rule 12(b)(6) dismissal is proper when the complaint either fails to allege a "cognizable legal theory" or fails to allege sufficient facts "to support a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F. 3d 1156, 1159 (9th Cir. 2016).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting T*wombly*, 550 U.S. at 556, 127 S.Ct. 1955).  A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. 1955.

///

///

4

**III.**

**EACH OF THE MOVING DEFENDANTS IS IMMUNE FROM LIABILITY UNDER STATE LAW PURSUANT TO GOVERNMENT CODE § 820.2, THE DISCRETIONARY IMMUNITY STATUTE**

With regard to claims for liability or damages under state law, public entity employees receive immunity from liability for injury in a number of situations.  See CAL. GOV. CODE § 820.2, et seq.  CALIFORNIA GOVERNMENT CODE § 820.2, quoted *supra,* establishes one such immunity that applies here.  Once again, it provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

"'School districts and their employees have never been considered insurers of the physical safety of their students, but rather are placed under a general duty to supervise the conduct of *children* on school grounds during school sessions, school activities, and lunch periods.' [Citations.]" *Cerna v. City of Oakland,* 161 Cal.App.4th 1340, 1352-1353 (2008), italics added; see also *Iverson v. Muroc Unified School District,* 32 Cal.App.4th 218, 227–228 (1995).  Case law has held that school district personnel have a duty to "prevent disorderly and dangerous practices which are likely to result in physical injury to immature scholars under their custody." [Citation.]' [Citation.]" *Hoff v. Vacaville Unified School District,* 19 Cal.4th 925, 938 (1998).  This applies to aggressive students as well as victims of aggressive students.   *Dailey v. Los Angeles Unified School District,* 2 Cal.3d 741, 748-49 (1970).

Submitted with the Moving Defendants' Request for Judicial Notice are the statutes cited in Plaintiff's complaint at page 16, lines 4-6 and 20-24, ***along with other contextual statutes to show how the law existed in 2019***.  They include CALIFORNIA EDUCATION CODE §§ 38000, et seq., and 49005, et seq. cited in the Complaint.  They also include § 56520 et seq. and a printout of the Table of Contents for CALIFORNIA EDUCATION CODE § 56000, et seq. establishing the highly regulatory statutory scheme,

5

1  in addition to federal law under the IDEA, for *special education*.  Section 56521.1

2  expressly contemplates "[e]mergency interventions [] to control unpredictable,

3  spontaneous behavior that poses clear and present danger of serious physical harm to

4  the *individual with exceptional needs, or others*, [] that cannot be immediately

5  prevented by a response less restrictive than the temporary application of a technique

6  used to contain behavior."  CAL. EDUC. CODE § 56521.1(a), italics added

7       **A.     Defendant Darryl Scott cannot be held liable under the alleged facts.**

8       As to the qualification of Campus Security Officers in 2019, CALIFORNIA

9  EDUCATION CODE § 38001.5 specifically prescribed the extent of training and

10  background verification a "school security officer" had to have *before* a school district

11  could hire the officer.  The required training was not to be obtained from the school

12  district but, rather, e.g, "the Bureau of Security and Investigative Services of the

13  Department of Consumer Affairs in consultation with the Commission on Peace Officer

14  Standards and Training."  CAL. EDUC. CODE § 38001.5(b).  Fingerprinting and

15  background checks in conjunction with standards imposed by the Department of Justice

16  and Federal Bureau of Investigation were required as well.  CAL. EDUC. CODE §

17  38001.5(d).  Plaintiff does not allege any statute that imposed a duty on Moreno Valley

18  Unified School District or its Director of Safety and Security to develop additional

19  policies and procedures *or* provide additional training for campus security officers.

20       **B.     Defendants Demetrius Owens and Manuel Arellano may not be held**

21           **liable under the alleged facts.**

22       The California Supreme Court has held that "[a] school security officer, as

23  defined in the Education Code, is a 'public officer' for purposes of the *offense* of

24  resisting or delaying a public officer."  See *In re M.M.,* 54 Cal.4th 540, 533 (2012),

25  italics added.  This was based, in part, on CALIFORNIA EDUCATION CODE § 38001.5(c).

26  In 2019, § 38001.5(c) stated: "…'school security officer' means any person primarily

27  employed [] to provide security services as a watchperson, security guard, or

28  patrolperson on or about premises owned or operated by a school district to protect

6

persons or property [] to report any unlawful activity to the district and local law enforcement agencies." Cal. Educ. Code § 38001.5(c).  In *M.M.,* the California Supreme Court instructed:

> Penal Code section 148, subdivision (a)(1) (section 148(a)(1)) makes it a misdemeanor to "willfully resist[ ], delay [ ], or obstruct[ ] any public officer, peace officer, or ... emergency medical technician ... in the discharge or attempt to discharge any duty of his or her office or employment...." (§ 148(a)(1), italics added.) Law enforcement personnel have long been considered public officers within the meaning of section 148(a)(1).
>
> A "school security officer" (Ed. Code, § 38001.5, subd. (c)) is a public safety officer employed by a school district and charged with "ensur[ing] the safety of school district personnel and pupils and the security of the real and personal property of the school district." (*Id*., § 38000, subd. (a).) School security officers, although not sworn peace officers, work in partnership with local law enforcement agencies to achieve the statutory goals of ensuring the safety of persons and property on public school premises, and are considered by law "supplementary to city and county law enforcement agencies." (*Ibid*.)

*M.M., supra,* at p. 533.

The incident under scrutiny in *In re M.M.* took place in 2008, and the California Supreme Court issued its opinion in 2012.  At all times from 2008 to the present, including 2019, the language in both Education Code § 38001.5(c) and Penal Code § 148(a)(1) has not changed.  As a result, the Court's opinion in *M.M.* still holds true. Moving Defendants Owens and Arellano worked "in partnership with local law enforcement agencies to achieve the statutory goals of ensuring the safety of persons and property on public school premises, and [were] considered by law 'supplementary to city and county law enforcement agencies.'"  *M.M., supra,* at p. 533.  Plaintiff has

7

1   not alleged any legal authority that excuses him from the authority of law enforcement

2   because he is a student with a disability.

3       **C.      None of the Moving Defendants may be held liable under the alleged**

4               **facts.**

5       Finally, and returning to the essence of this lawsuit, which attempts to circumvent

6   the IDEA (the federal law that governs services to students with disabilities),

7   EDUCATION CODE § section 56521.2(b), which is the same now as it was in 2019,

8   requires:

9           In the case of a child whose behavior impedes the child's learning

10          or that of others, *the individualized education program team* shall consider

11          the use of positive behavioral interventions and supports, and other

12          strategies, to address that behavior, consistent with *Section*

13          *1414(d)(3)(B)(i) and (d)(4) of Title 20 of the United States Code* and

14          associated federal regulations.

15  CAL. EDUC. CODE § 56521.2(b), italics added.

16      Of course, the cited and italicized statute in that quote is the IDEA.

17  Consequently, Plaintiff should have been pursuing claims more properly under the

18  IDEA so that Moving Defendants would not have been the next and last step in trying

19  to regulate him when he and his educators could not.  Plaintiff acknowledges that

20  Moving Defendants were not associated with his special education services, and the

21  alleged facts portray them using their discretion in reacting to active situations in

22  progress by imposing "emergency interventions [] to control unpredictable,

23  spontaneous behavior that pose[d] a clear and present danger of serious physical harm

24  to the individual with exceptional needs, or others." CAL. EDUC. CODE § 56521.1.

25      As a result of these allegations Moving Defendants are immune from state law

26  liability pursuant to CALIFORNIA GOVERNMENT CODE § 820.2.  They exercised their

27  discretion in responding to Plaintiff's aggressive conduct, "whether or not [that]

28  discretion [was] abused."

8

**IV.**

**CONCLUSION**

Because the alleged conduct of Moving Defendants was obviously discretionary, this Court should dismiss Plaintiff's state law claims against them based on CALIFORNIA GOVERNMENT CODE § 820.2:

> The fifth claim for relief under CALIFORNIA GOVERNMENT CODE § 11135;
>
> The sixth claim for relief under CALIFORNIA CIVIL § 51, et seq.;
>
> The seventh claim for relief under Art. I, § 7(a) and Art. IV, § 16(a) of the California Constitution;
>
> The eighth claim for relief for Intentional Infliction of Emotional Distress;
>
> The ninth claim for relief for False Imprisonment;
>
> The tenth claim for relief for Battery; and
>
> The eleventh claim for relief for Assault.

If this motion is granted without leave to amend, Plaintiff may still proceed against Moving Defendants under his first cause of action for violation of his civil rights under 42 U.S.C. § 1983.

Respectfully submitted,

DATED:  April 19, 2021

THOMPSON & COLEGATE LLP

By:_____/s/ Susan Knock Beck_____
MICHAEL J. MARLATT
DANIEL C. FAUSTINIO
SUSAN KNOCK BECK
Attorneys for Defendants,
MORENO VALLEY UNIFIED SCHOOL
DISTRICT, MARTINREX KEDZIORA,
in his official capacity as Moreno Valley
Unified School District Superintendent,
DARRYL SCOTT, SCOTT WALKER,
DEMETRIUS OWENS, and MANUEL
ARELLANO

9

# PROOF OF SERVICE OF DOCUMENT

1

2   I am over the age of 18 and not a party to this case or adversary proceeding.  My business address is:  3610 Fourteenth Street, Riverside, CA 92501

3

4   A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT BY DEFENDANTS DARRYL SCOTT, SCOTT WALKER, DEMETRIUS OWENS, and MANUEL ARELLANO; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER** in the manner stated below:

5

6

7   **1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 19, 2021, I checked the CM/ECF docket for this case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

8

9

10   ☐  Service information continued on attached page

11   **2.  SERVED BY UNITED STATES MAIL**:

12   On *****, I served the following persons and/or entities at the last known addresses in this case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

13

14

| | |
|---|---|
| Robert J. Borrelle, Esq.<br>Lindsay Appell, Esq.<br>DISABILITY RIGHTS CALIFORNIA<br>350 S. Bixel St., Suite 290<br>Los Angeles, CA  90017 | Attorney for Plaintiffs,<br>C.B., by and through his guardians ad litem W.B. and B.T.<br><br>Phone:        213-213-8000<br>Fax:            213-213-8001<br>E-Mail:<br>robert.borrelle@disabiltyrightsca.org<br>lindsay.appell@disabilityrightsca.org |
| Maronel Barajas, Esq.<br>Anna Rivera, Esq.<br>BARAJAS & RIVERA, APC<br>1440 N. Harbor Blvd., Suite 900<br>Fullerton, CA  92835 | Attorney for Plaintiffs,<br>C.B., by and through his guardians ad litem W.B. and B.T.<br><br>Phone:        714-443-0096<br>Fax:            714-443-0096<br>E-Mail:       mb@barajasriveralaw.com<br>                    ar@barajasriveralaw.com |
| Claudia Center, Esq.<br>Malhar Shah, Esq.<br>DISABILITY RIGHTS EDUCATION & DEFENSE FUND<br>3075 Adeline St., Suite 210<br>Berkeley, CA  94703 | Attorney for Plaintiffs,<br>C.B., by and through his guardians ad litem W.B. and B.T.<br><br>Phone:        510-644-2555<br>Fax:            510-841-8645<br>E-Mail:       ccenter@dredf.org<br>                    mshah@dredf.org |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

| Allen Christiansen, Esq.<br>FERGUSON PRAET AND SHERMAN APC<br>1631 East 18th St.<br>Santa Ana, CA  92705 | Attorney for Defendants,<br>County of Riverside; Chad Bianco; Deputy Sheriff Norma Loza<br><br>Phone:        (714) 953-5300<br>Fax:            (714) 953-1143<br>E-Mail:       achristiansen@law4cops.com |
|---|---|

3

4

5

6

☐   Service information continued on attached page

7

8

9

10

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)*****, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

11

☐   Service information continued on attached page

12

13

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

14

15

4/19/2021            ERMINIA OLIVAS                                                    /s/

*Date*                        *Printed Name*                              *Signature*

16

17

18

19

20

21

22

23

24

25

26

27

28