**THOMPSON & COLEGATE LLP**
3610 Fourteenth Street
P. O. Box 1299
Riverside, California 92502
Tel: (951) 682-5550
Fax: (951) 781-4012

MICHAEL J. MARLATT (SBN 115957)
mmarlatt@tclaw.net
DANIEL C. FAUSTINO (SBN 207553)
dfaustino@tclaw.net
SUSAN KNOCK BECK (SBN 230948)
sbeck@tclaw.net

Attorneys for Defendants, MORENO VALLEY UNIFIED SCHOOL DISTRICT, MARTINREX KEDZIORA, in his official capacity as Moreno Valley Unified School District Superintendent, DARRYL SCOTT, SCOTT WALKER, DEMETRIUS OWENS, and MANUEL ARELLANO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., by and through his *guardians ad litem* W.B. and B.T., <br><br> Plaintiffs, <br><br> v. <br><br> MORENO VALLEY UNIFIED SCHOOL DISTRICT; MARTINREX KEDZIORA, in his official capacity as Moreno Valley Unified School District Superintendent; DARRYL SCOTT; SCOTT WALKER; DEMETRIUS OWENS; MANUEL ARELLANO; COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; CHAD BIANCO, in his official capacity as Riverside County Sheriff; DEPUTY SHERIFF NORMA LOZA; and DOES 1-10, <br><br> Defendants. | CASE NO. 5:21-cv-00194 JGB(SPx) <br><br> JUDGE: Hon. Jesus G. Bernal <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT BY DEFENDANTS MORENO VALLEY UNIFIED SCHOOL DISTRICT and MARTINREX KEDZIORA; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Fed. R. Civ. P. 12(b)(6).] <br><br> **DATE:** May 24, 2021 <br> **TIME:** 9:00 a.m. <br> **Courtroom: 1** <br> 3470 Twelfth Street <br> Riverside, CA 92501 <br><br> TRIAL DATE: N/A <br> ACTION FILED: February 2, 2021 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on May 24, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of the above-entitled Court, located 3470 Twelfth Street, Riverside, CA 92501, Defendants MORENO VALLEY UNIFIED SCHOOL DISTRICT and MARTINREX KEDZIORA, in his official capacity as Moreno Valley Unified School District Superintendent, (collectively "Moving Defendants") will move the Court for an order pursuant to FED. R. CIV. P. 12(b)(6) to dismiss the following state law claims for relief by Plaintiff C.B., by and through his guardian ad litem W.B.:

    The fifth claim for relief under CALIFORNIA GOVERNMENT CODE § 11135;

    The sixth claim for relief under CALIFORNIA CIVIL § 51, et seq.;

    The seventh claim for relief under Art. I, § 7(a) and Art. IV, § 16(a) of the California Constitution;

    The eighth claim for relief for Intentional Infliction of Emotional Distress;

    The ninth claim for relief for False Imprisonment;

    The tenth claim for relief for Battery;

    The eleventh claim for relief for Assault; and

    The twelfth claim for relief for Negligent Supervision.

The motion is brought pursuant to the Eleventh Amendment to the U. S. Constitution such that Moving Defendants are immune from suit in federal court for these claims. The motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the records and pleadings on file herein, and on such other evidence as may be presented.

///
///
///

This motion is made following the telephonic conference of all counsel pursuant to L.R. 7-3 which took place on April 5, 2021.

DATED: April 19, 2021          THOMPSON & COLEGATE LLP

By: /s/ Susan Knock Beck
    MICHAEL J. MARLATT
    DANIEL C. FAUSTINO
    SUSAN KNOCK BECK
    Attorneys for Defendants,
    MORENO VALLEY UNIFIED SCHOOL DISTRICT, MARTINREX KEDZIORA, DARRYL SCOTT, SCOTT WALKER, DEMETRIUS OWENS, and MANUEL ARELLANO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND SUMMARY OF FACTS

Plaintiff C.B. by and through his guardian ad litem, W.B., ("Plaintiff") has sued Moving Defendants under state and federal law for events that allegedly occurred at school on August 21, 2019, August 26, 2019, October 8, 2019, and December 9, 2019. The complaint repeatedly alleges that Plaintiff is a student with disabilities resulting in behavioral problems, perhaps even undiagnosed behavioral problems. However, the Complaint does not allege any facts about how or to what extent his individualized education program team, which would include his guardians, exhausted their administrative remedies within the special education system to ensure that his disabilities were fully diagnosed and/or how manifestations of the behavioral problems should/would be handled. See *Fry v. Napoleon Community Schools,* 137 S.Ct. 743, 748-50.

Plaintiff alleges four (4) incidents that took place on August 21, 2019, August 26, 2019, October 8, 2019, and December 9, 2019. Complaint pp. 19-30. Plaintiff alleges he his teacher recorded in a behavior log that he had "disrupted class [] by cursing and ripping paper." Complaint at 20:18-19. Plaintiff was then found by other school district personnel on the playground. *Id.* at 20:23-25. The Assistant Principal and two campus security officers directed him to leave the playground and go to the office. *Id.* at 20:24-25. Plaintiff then "allegedly clenched his fists and began breathing heavily." *Id.* at 20:27. Incredibly, Plaintiff alleges that none of his activity up to and including this point amounted to physically acting out. *Id.* at 21:6-7. Ultimately, a campus security officer had to drag him by his arms to a room. *Id.* at 20:27-21:1. Plaintiff alleges that that room was a seclusion room. *Id.* at 21:1. However, the Principal and two other campus security officers were there with him. *Id.* at 21:2-3. "Seclusion" is defined at CALIFORNIA EDUCATION CODE § 49005.1(i) as "involuntary *confinement of a pupil alone* in a room or area from which the pupil is physically prevented from leaving."

CAL. EDUC. CODE § 49005.1(i), italics added.  As a result, that room was not seclusion. Rather, there in the presence of the Principal and two campus security officers, Plaintiff "began pulling away, pushing, and swinging with his arms." *Id.* at 21:5.

Plaintiff also alleges that, on a subsequent date, he allegedly threw a rock in the general direction of one of the campus security officers. Complaint at 22:16-17. When Deputy Sheriff Loza (also a defendant in this case), appeared in Plaintiff's classroom, she directed Plaintiff's teacher to evacuate the classroom.  Again, Plaintiff defied authority. *Id.* at 23:8-9.  Unable to get Plaintiff to stand up and go to the office, Plaintiff was physically taken, while he continued to resist. *Id.* at pp. 24-27.  Ultimately, he was taken by the Deputy Sheriff for a psychiatric evaluation. *Id.* at 27:9-15.

The last incident occurred when Plaintiff "allegedly pulled a classmate's chair out from under him." Complaint at 29:5.  "The classmate then shoved C.B." and "the two "pushed each other a few times." *Id.* at 29:5-6.  When the teacher intervened to break it up, Plaintiff "pushed his teacher and began to throw classroom items." *Id.* at 29:6-8.  The teacher cleared the classroom and called for security. *Id.* at 29:9-10.

Plaintiff does not deny that he engaged in the alleged conduct.

The most important allegations for the purpose of this motion are that Defendant Moreno Valley Unified School District is a public entity under California law, and Defendant Kedziora, the Superintendent, is sued in his official capacity. Complaint at pp. 7-8.  In California, a public school district is considered an agent of the state, and it may assert Eleventh Amendment immunity.  *Belanger v. Madera Unified Sch. Dist.,* 963 F.2d 248, 253–55 (9th Cir.1992). Additionally, when a school district superintendent is sued, as here, in his official capacity, it is considered a suit against the district.  As a result, the superintendent enjoys Eleventh Amendment immunity, as well.  Moving Defendants request that this Court dismiss the following state law claims for relief against them:

    The fifth claim for relief under CALIFORNIA GOVERNMENT CODE § 11135;

The sixth claim for relief under CALIFORNIA CIVIL § 51, et seq.;

The seventh claim for relief under Art. I, § 7(a) and Art. IV, § 16(a) of the California Constitution;

The eighth claim for relief for Intentional Infliction of Emotional Distress;

The ninth claim for relief for False Imprisonment;

The tenth claim for relief for Battery;

The eleventh claim for relief for Assault; and

The twelfth claim for relief for Negligent Supervision.

## II.

## THE STANDARD FOR CONSIDERING A 12(b)(6) MOTION

A Rule 12(b)(6) dismissal is proper when the complaint either fails to allege a "cognizable legal theory" or fails to allege sufficient facts "to support a cognizable legal theory." *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F. 3d 1156, 1159 (9th Cir. 2016). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting T*wombly*, 550 U.S. at 556, 127 S.Ct. 1955). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. 1955.

## III.

## MOVING DEFENDANTS ARE IMMUNE FROM SUIT IN FEDERAL COURT FOR ALL OF PLAINTIFF'S STATE LAW CLAIMS

When a federal court lawsuit names a state entity and state officials in their official capacity, the lawsuit is barred regardless of whether it seeks damages or injunctive relief. *Pennhurst State Schools and Hospital v. Halderman,* 104 S.Ct. 900, 908-09 (1984), citing *Cory v. White,* 457 U.S. 85, 91 (1982). "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst, supra,* at p. 911.

This motion addresses all of Plaintiff's state law claims against the Moving Defendants. In short, they are, as a matter of law, barred by the Eleventh Amendment.

## IV.

## CONCLUSION

Because the Eleventh Amendment bars the state law claims for relief against Moving Defendants, request is hereby made that this motion be granted and without leave to amend as to the following claims for relief:

    The fifth claim for relief under CALIFORNIA GOVERNMENT CODE § 11135;

    The sixth claim for relief under CALIFORNIA CIVIL § 51, et seq.;

    The seventh claim for relief under Art. I, § 7(a) and Art. IV, § 16(a) of the California Constitution;

    The eighth claim for relief for Intentional Infliction of Emotional Distress;

    The ninth claim for relief for False Imprisonment;

    The tenth claim for relief for Battery;

    The eleventh claim for relief for Assault; and

The twelfth claim for relief for Negligent Supervision.

If this motion is granted without leave to amend, Plaintiff may still proceed against Moving Defendants under his third and fourth claims for relief under federal law.

Respectfully submitted,

THOMPSON & COLEGATE LLP

DATED: April 19, 2021

By: ___/s/ Susan Knock Beck___
MICHAEL J. MARLATT
DANIEL C. FAUSTINIO
SUSAN KNOCK BECK
Attorneys for Defendants,
MORENO VALLEY UNIFIED SCHOOL DISTRICT, MARTINREX KEDZIORA, in his official capacity as Moreno Valley Unified School District Superintendent, DARRYL SCOTT, SCOTT WALKER, DEMETRIUS OWENS, and MANUEL ARELLANO

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this case or adversary proceeding. My business address is: 3610 Fourteenth Street, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT BY DEFENDANTS MORENO VALLEY UNIFIED SCHOOL DISTRICT and MARTINREX KEDZIORA; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 19, 2021, I checked the CM/ECF docket for this case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On \*\*\*\*\*, I served the following persons and/or entities at the last known addresses in this case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| Robert J. Borrelle, Esq.<br>Lindsay Appell, Esq.<br>DISABILITY RIGHTS CALIFORNIA<br>350 S. Bixel St., Suite 290<br>Los Angeles, CA 90017 | Attorney for Plaintiffs,<br>C.B., by and through his guardians ad litem W.B. and B.T.<br><br>Phone: 213-213-8000<br>Fax: 213-213-8001<br>E-Mail:<br>robert.borrelle@disabiltyrightsca.org<br>lindsay.appell@disabilityrightsca.org |
| Maronel Barajas, Esq.<br>Anna Rivera, Esq.<br>BARAJAS & RIVERA, APC<br>1440 N. Harbor Blvd., Suite 900<br>Fullerton, CA 92835 | Attorney for Plaintiffs,<br>C.B., by and through his guardians ad litem W.B. and B.T.<br><br>Phone: 714-443-0096<br>Fax: 714-443-0096<br>E-Mail: mb@barajasriveralaw.com<br>ar@barajasriveralaw.com |
| Claudia Center, Esq.<br>Malhar Shah, Esq.<br>DISABILITY RIGHTS EDUCATION & DEFENSE FUND<br>3075 Adeline St., Suite 210<br>Berkeley, CA 94703 | Attorney for Plaintiffs,<br>C.B., by and through his guardians ad litem W.B. and B.T.<br><br>Phone: 510-644-2555<br>Fax: 510-841-8645<br>E-Mail: ccenter@dredf.org<br>mshah@dredf.org |

| Allen Christiansen, Esq.<br>FERGUSON PRAET AND SHERMAN APC<br>1631 East 18th St.<br>Santa Ana, CA 92705 | Attorney for Defendants,<br>County of Riverside; Chad Bianco; Deputy Sheriff Norma Loza<br><br>Phone: (714) 953-5300<br>Fax: (714) 953-1143<br>E-Mail: achristiansen@law4cops.com |
|---|---|

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)*****, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/19/2021 | ERMINIA OLIVAS | /s/ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |