1   **LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
    ALLEN CHRISTIANSEN SBN 263651
2   achristiansen@law4cops.com
    1631 E. 18th Street
3   Santa Ana, California 92705
    (714) 953-5300  •  Fax (714) 953-1143
4

5   Attorneys for Defendants
    County of Riverside, Riverside County Sheriff's Department,
6   Chad Bianco, in his official capacity, and Norma Loza

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9

10
    C.B., by and through his *guardian ad* )   No. 5:21-cv-00194 JGB (SPx)
11  *litem*, W.B.,                          )
                                            )   Hon. Jesus G. Bernal
12                      Plaintiff,          )
                                            )   **REPLY IN SUPPORT OF**
13  vs.                                     )   **DEFENDANTS' MOTION TO**
                                            )   **DISMISS PLAINTIFF'S**
14  MORENO VALLEY UNIFIED                   )   **COMPLAINT;**
    SCHOOL DISTRICT; MARTINREX              )
15  KEDZIORA, in his official capacity      )   [Fed. R. Civ. P. Rule 12(b)]
    as Moreno Valley Unified School         )
16  District Superintendent; DARRYL         )   Date      : May 10, 2021
    SCOTT, DEMETRIUS OWENS,                 )   Time      : 9:00 a.m.
17  MANUEL ARELLANO, COUNTY                 )   Courtroom : 1
    OF RIVERSIDE, RIVERSIDE                 )
18  COUNTY SHERIFF'S                        )
    DEPARTMENT, CHAD BIANCO, in             )
19  his official capacity as Riverside      )
    County Sheriff; DEPUTY SHERIFF          )
20  NORMA LOZA; and DOES 1-10,              )
                                            )
21                      Defendants.         )
    _____ )
22

23

24

25

26

27

28  ///

                         REPLY IN SUPPORT OF
                    MOTION TO DISMISS COMPLAINT

1

## Table of Contents

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  PLAINTIFF'S ARGUMENT OF NON-COMPLIANCE UNDER LOCAL
     RULE 7-3 IS WITHOUT MERIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. *EX PARTE YOUNG* IS INAPPLICABLE HERE AND THE SHERIFF, IN HIS
     OFFICIAL CAPACITY, SHOULD BE DISMISSED AS SHOULD THE
     SHERIFF'S DEPARTMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.   The Sheriff's Department Should be Dismissed as Duplicative of Suing
          the County . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.  PLAINTIFF'S ARGUMENT REGARDING RACIAL DISCRIMINATION IS
     WITHOUT MERIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.   PLAINTIFF'S INTENTIONALLY MISREPRESENTS *CAL. W&I CODE*
     SECTIONS 602 AND 602.1 AND MISREPRESENTS THAT IT APPLIES TO
     PLAINTIFF IN THIS MATTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI.  PLAINTIFF'S *MONELL* CLAIMS ARE WITHOUT MERIT . . . . . . . . . . 6

     A.   Plaintiff Admits he has not Alleged a *Monell* Claim for Failure to
          Investigate, Discipline and Terminate. . . . . . . . . . . . . . . . . . . . . . . . . 6

     B.   Plaintiff has Failed to State a *Monell* Claim on a Theory of Failure to
          Train and Supervise . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     C.   Plaintiff has Failed to State a *Monell* Claim on a Theory of Policy,
          Practice or Custom. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VII. PLAINTIFF INTENTIONALLY MISREPRESENTS AUTHORITIES
     REGARDING REASONABLENESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

i

A. The Video Evidence Disputes that any Force by Deput Loza on October 8, 2019 was Unreasonable and Plaintiff Misrepresents his Own Allegations Regarding that Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

B. There are No Allegations Supporting that Deputy Loza Used Unreasonable Force on December 9, 2019 . . . . . . . . . . . . . . . . . . . . 10

VIII. PLAINTIFF'S OPPOSITION TO THE DEFENSE OF QUALIFIED IMMUNITY IS WITHOUT MERIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IX. STATUTORY IMMUNITIES PRECLUDE PLAINTIFF'S STATE LAW CLAIMS AND HIS OPPOSITION IS UNAVAILING . . . . . . . . . . . . . . 12

X. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

ii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Table of Authorities

Federal Cases                                                                                            Page

*Aschroft v. Iqbal* (U.S. 2009)
556 U.S. 662 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Bass v. San Bernardino Cty. Sheriff's Dep't* (C.D. Cal. Sep. 19, 2019)
2019 U.S. Dist. LEXIS 160968 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bell Atlantic Corp. v. Twombly* (U.S. 2007)
550 U.S. 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*C.B. v. County of Sonora* (9th Cir. 2014)
769 F.3d 1005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Cantu v. Kings Cty.* (E.D. Cal. Feb. 5, 2021)
2021 U.S. Dist. LEXIS 23896 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*City of Canton v. Harris* (1989)
489 U.S. 378 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*City of Escondido, California v. Marty Emmons* (U.S. 2019)
586 U.S. ___, 139 S. Ct. 500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*City of Okla. City v. Tuttle* (1985)
471 U.S. 808 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Chandler v. City of Barstow* (C.D. Cal. Jan. 9, 2019)
2019 U.S. Dist. LEXIS 40891 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Collier v. United States* (C.D. Cal. Apr. 3, 2008)
2008 U.S. Dist. LEXIS 130744 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Collier v. Cty. of Los Angeles* (9th Cir. 2008)
296 F. App'x 594 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Duenas v. City of Imperial* (S.D. Cal. Mar. 9, 2015)
2015 U.S. Dist. LEXIS 182191 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

iii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Ex parte Young* (1908)
209 U.S. 123 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Fireman's Fund Ins. Co. v. City of Lodi* (9th Cir. 2002)
302 F.3d 928 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Flores v. County of Los Angeles* (9th Cir. 2014)
758 F.3d 1154 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Frenzel v. AliphCom* (N.D. Cal. 2017)
76 F. Supp. 3d 999 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Graham v. Connor* (1989)
490 U.S. 386 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hoffman v. City of Los Angeles* (C.D. Cal. Jan. 5, 2016)
2016 U.S. Dist. LEXIS 123515 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Hurth v. Cty. of Los Angeles* (C.D. Cal. Oct. 28, 2009)
2009 U.S. Dist. LEXIS 14801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 fn3

*Johnson v. L.A. Sheriff's Dep't* (C.D. Cal. Nov. 7, 2019)
2019 U.S. Dist. LEXIS 224861 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kisela v. Hughes* (U.S. 2018)
584 U.S. ___, 138 S. Ct. 1148 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kentucky v. Graham* (1985)
473 U.S. 159 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Lee v. City of Los Angeles* (9th Cir. 2001)
250 F.3d 668 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Menkes v. SSI US, Inc.* (C.D. Cal. June 19, 2020)
2020 U.S. Dist. LEXIS 160176 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

iv

REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

1

2   *Monell v. Dep't of Soc. Servs.* (U.S. 1978)

3   436 U.S. 658 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

4   *Mong Kim Tran v. City of Garden Grove* (C.D. Cal. Feb. 7, 2012)

5   2012 U.S. Dist. LEXIS 15606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6   *Mullinex v. Luna* (U.S. 2015)

7   577 U.S. ___, 136 S. Ct. 305 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

8   *Navarro v. Block* (9th Cir. 2001)

9   250 F.3d 729 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

10

11  *Rabinovitz v. City of L.A.* (C.D. Cal. 2018)

12  287 F. Supp. 3d 933 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13  *Scott v. County of San Bernardino* (9th Cir. 2018)

14  903 F.3d 943 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

15  *Scott v. Harris* (2007)

16  550 U.S. 372 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

17

18  *Simon v. McMahon* (C.D. Cal. May 1, 2019)

    2019 U.S. Dist. LEXIS 120112 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

19

20  *Superbalife, Int'l v. Powerpay* (C.D. Cal. Oct. 7, 2008)

    2008 U.S. Dist. LEXIS 89204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21

22  *Trevino v. Gates* (9th Cir. 1996)

23  99 F.3d 911 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

24  *Vargas v. Cty. of San Bernardino* (C.D. Cal. July 30, 2018)

25  2018 U.S. Dist. LEXIS 239590 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26

27

28  ///

REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

| Statutes | Page |
|---|---|
| *CACD Local Rule 7-3.* | 2 |
| *CACD Local Rule 11-6.* | 2 |
| *California Code of Regulations Title 2 Section 11154* | 4 |
| *California Government Code Section 815.2* | 13 |
| *California Government Code Section 820.2* | 12, 13 |
| *California Government Code Section 11135.* | 4, 13 |
| *California Welfare & Institutions Code Section 601.* | 5 |
| *California Welfare & Institutions Code Section 602.* | 5 |
| *California Welfare & Institutions Code Section 602.1* | 5, 6 |
| *California Welfare & Institutions Code Section 5278.* | 13 |
| *California Welfare & Institutions Code Section 5585.* | 13 |
| *California Senate Bill 439 (2018)* | 6 |

vi

REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

## I.   INTRODUCTION

Plaintiff's opposition misses the mark and Plaintiff intentionally misrepresents authorities and misleads the court.  Plaintiff is partially correct that "[t]he Court must accept C.B.'s allegations as true."  (Dkt. No. 71 at 11[1]:10).  But that applies only to *factual* allegations, not legal conclusions couched as fact or conclusions unsupported by any factual allegations.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Aschroft v. Iqbal*, 556 U.S. 662, 664 (2009).  The Court also need not accept as true allegations that are contradicted by the video evidence[2], as they are in this case.  *Scott v. Harris*, 550 U.S. 372, 380-382 (U.S. 2007).

Plaintiff is also improperly attempting to amend his complaint by way of his opposition, adding unsupported allegations not present in the Complaint, such as that Plaintiff was "intimidated, ridiculed, harassed" (Dkt. No. 71 at 19, 20) among others.  This is improper.  "[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2017).  See also *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), 'review is limited to the complaint.'").

Plaintiff's arguments that the Court must strike certain defenses because, as Plaintiff argues, they were not sufficiently raised during the meet and confer process is without merit and the authorities Plaintiff cites, as with most authorities on the subject, deal with parties that completely failed to meet and confer or to timely do so.  There are no authorities that every possible defense must be discussed *ad nauseum*, particularly where Plaintiff refuses to amend or budge on any claim, as confirmed by the opposition itself.  Defendants' motion should be GRANTED.

---

[1]Referring to the ECF numbering at the top of each page.

[2]Plaintiff argues that the Court should consider the video because Defendants did not object.  However, Defendants also argued that the video should be considered in deciding the motion to dismiss and cited authorities to that effect.  (Dkt. No. 68-1 at 5:1-9).

1

## II.   PLAINTIFF'S ARGUMENT OF NON-COMPLIANCE UNDER LOCAL RULE 7-3 IS WITHOUT MERIT

Plaintiff argues that the Court should strike portions of Defendants' motion to dismiss because Plaintiff apparently concludes that Local Rule 7-3 requires not only discussion of the substance of a motion, but an *ad nauseum* discussion of every possible authority to be raised in a motion to dismiss.  Plaintiff's argument is without merit.  Two meet and confer letters were sent to Plaintiff prior to the actual meet and confer, at Plaintiff's request.  Plaintiff then had three (3) attorneys present for a nearly an hour long discussion[3].  Plaintiff refused to consider amending or dismissing any claim making further attempts at meeting and conferring futile.

Plaintiff's authorities have no relation to this matter.  In *Menkes v. SSI US, Inc.*, 2020 U.S. Dist. LEXIS 160176 (C.D. Cal. June 19, 2020) the Plaintiff withdrew "large swaths of the FAC" and "the parties spen[t] pages of briefs disputing issues which [were] subsequently withdrawn ..." *Id* at *4-5.  In *Superbalife, Int'l v. Powerpay*, 2008 U.S. Dist. LEXIS 89204 (C.D. Cal. Oct. 7, 2008) "[i]t [was] beyond dispute that both parties never met and conferred ..." *Id.* at *5.

Plaintiff cites to no authority that the meet and confer process was deficient in this matter nor that requires striking any portion of the motion to dismiss.  Plaintiff's contention is that he "was unfairly disadvantaged in drafting his opposition" (Dkt. No. 71 at 21), but Plaintiff's opposition, consisting of the maximum number of pages allowed under L.R. 11-6, does not reflect any disadvantage.

## III.   *EX PARTE YOUNG* IS INAPPLICABLE HERE AND THE SHERIFF, IN HIS OFFICIAL CAPACITY, SHOULD BE DISMISSED AS SHOULD THE SHERIFF'S DEPARTMENT

Plaintiff argues that "Sheriff Bianco in his official capacity is also a proper defendant.  He is a 'classic *Ex Parte Young* defendant.'" (Dkt. No. 71 at 13:5-12).  Plaintiff states this as a conclusion with no explanation as to why or how.  In fact, the

---

[3]And defense recollection is that immunities were mentioned as a possible defense.

2

cases cited are inapplicable to keeping Sheriff Bianco as a defendant in his official capacity. A "classic" *Ex parte Young* defendant occurs when a State agent (as opposed to a County agent), apparently one with prosecutorial authority, violates Federal law in his official capacity pursuant to his authority under State law, that State agent cannot claim Eleventh Amendment Immunity. See *Ex parte Young*, 209 U.S. 123 (1908); *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928 (9th Cir. 2002); and other authorities cited by Plaintiff[4].

These issues simply do not exist in the present matter and Plaintiff has not alleged that they do. Plaintiff simply concludes that "Sheriff Bianco in his official capacity is ... a proper defendant." However, "an official capacity suit ... is to be treated as a suit against the entity. It is *not* a suit against the official personally." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). County of Riverside Sheriff Bianco, sued only in his official capacity, should be dismissed.

## A. The Sheriff's Department Should be Dismissed as Duplicative of Suing the County

Plaintiff and Defendants have identified contrary authorities on the subject, because there are contrary authorities on the subject. *See Johnson v. L.A. Sheriff's Dep't*, 2019 U.S. Dist. LEXIS 224861 at *8 fn3 (C.D. Cal. Nov. 7, 2019); *Bass v. San Bernardino Cty. Sheriff's Dep't*, 2019 U.S. Dist. LEXIS 160968 at *8 fn1 (C.D. Cal. Sep. 19, 2019).

However, "[t]he weight of authority on this issue finds that '[c]laims against a municipality and its respective police department are treated as claims against the municipality and thus are not subject to suit under § 1983." *Cantu v. Kings Cty.*, 2021 U.S. Dist. LEXIS 23896, *2-3 (E.D. Cal. Feb. 5, 2021). "Since the Sheriff's Department is nothing more than a subdivision of the County, Plaintiff must assert

---

[4]Plaintiff's reliance on dicta in *Hurth v. Cty. of Los Angeles*, 2009 U.S. Dist. LEXIS 140814 (C.D. Cal. Oct. 28, 2009) for this proposition is improper because the *Hurth* court identified contrary authority as well and held that "[t]hese cases are not applicable here." *Id*. at *11.

1   his § 1983 claims against the County alone, and not against the Sheriff Department
2   as well." *Vargas v. Cty. of San Bernardino*, 2018 U.S. Dist. LEXIS 239590, *8
3   (C.D. Cal. July 30, 2018).   In addition to dismissal of the County Sheriff in his
4   official capacity, the Sheriff's Department should be dismissed.

5   **IV.   PLAINTIFF'S   ARGUMENT   REGARDING   RACIAL**
6   **DISCRIMINATION IS WITHOUT MERIT**

7          Plaintiff argues that he has adequately stated a claim for "race discrimination"
8   under *Cal. Gov. Code* § 11135.  (Dkt. No. 71 at 33-35).  However, at least as it relates
9   to any County Defendants, this is patently untrue.  Plaintiff is in fact playing the race
10  card because there are absolutely no allegations related to any County Defendants that
11  Plaintiff was discriminated against, in any way, based on his race and Plaintiff's
12  opposition simply reinforces this argument.

13         Instead, Plaintiff argues that unverified, unauthenticated, hearsay *statistics*
14  show a "disparate impact discrimination [under] Cal. Code Regs. tit. 2 § 11154" (Dkt.
15  No. 71 at 34), a claim not raised in the Complaint.  Plaintiff goes on to argue that
16  "C.B. stated a claim for race discrimination.  He pled Defendants 'selectively enforce
17  neutral policies by referring Black students to police for less behaviors than their non-
18  Black peers.'" (Dkt. No. 71 at 34).  Even if this statement were not conclusory and
19  insufficient to state a claim, Plaintiff alleges that it was the School District that
20  referred the student to police (Dkt. No. 1 at 22 ¶89, 29 ¶112).  This is not a claim of
21  racial discrimination (or disparate impact discrimination) against the County
22  Defendants.  Beyond that, *Cal. Code Regs.*, Title 2, § 11154 deals with "carrying out
23  any program or activity," an issue that Plaintiff admits, in convoluted fashion, does
24  not apply here.  (See generally Dkt. No. 71 at 30-33).

25         The reality is that there is no allegation of racial discrimination against any
26  County Defendant and Plaintiff has pointed to none.  Any claim against the County
27  Defendants based on racial discrimination, including Plaintiff's claim under *Cal. Gov.*
28  *Code* § 11135, must be dismissed.

4

**V.   PLAINTIFF INTENTIONALLY MISREPRESENTS *CAL. W&I CODE* SECTIONS 602 AND 602.1 AND MISREPRESENTS THAT IT APPLIES TO PLAINTIFF IN THIS MATTER**

Plaintiff misrepresents that "California law prohibits the prosecution of children under twelve, like C.B., for assault or nearly any other crime. Cal. Welf. & Inst. Code § 602" and argues that, as a result, "Defendants' claim that Loza had a 'reasonable suspicion to detain,' ... is unfounded, since state law prohibited his prosecution." (Dkt. No. 71 at 15:5-8). Plaintiff's argument appears to be that if you assume a person cannot be prosecuted for a crime, there can never be any basis for police to detain (or arrest) that person and a detention (or arrest) can, therefore, never be reasonable. Plaintiff also intentionally misrepresents *Cal. W&I Code* § 602.1 in a footnote. (Dkt. No. 71 at 15 fn 2).

Not only is this argument nonsensical, it is an intentional misrepresentation of the statute itself and an intentional misrepresentation of the law at the time of Plaintiff's interaction with Deputy Loza. There is no language in *Cal. W&I Code* §§ 602, et seq., that prohibits the detention of anyone under the age of 12 or circumvents reasonable suspicion or probable cause. Instead the code provides that "when a minor under 12 years of age comes to the attention of law enforcement because his or her behavior or actions are described in section 601 or 602, the response of the county shall be to release the minor to his parent, guardian, or caregiver. Counties shall develop a process for determining the least restrictive responses that may be used instead of, or in addition to, the release of the minor to his or her parent, guardian or caregiver." *Cal. W&I Code* § 602.1(b).

Even if the 2018 amendments to *Cal. W&I Code* §§ 601, 602, or the added section 602.1 could do what Plaintiff claims, it does not apply to Plaintiff in this matter. At the time of the incidents involving Deputy Loza, on October 8, 2019 and December 9, 2019, California did not have a minimum age for juvenile delinquency court jurisdiction and the 2018 amendments argued by Plaintiff, which were made by

5

1    Senate Bill 439, did not take effect until January 1, 2020. *Cal. W&I Code* § 602.1(c);

2    See also S.B. 439 (2018). A portion of the statute conveniently left out by Plaintiff

3    in his opposition.

4         As such, not only has Plaintiff misrepresented the statutes, they do not apply

5    to Plaintiff in this matter because the statutes, as cited by Plaintiff, were not in effect

6    at the time of the alleged incidents. Defendants' motion should be granted in its

7    entirety.

8    **VI.    PLAINTIFF'S *MONELL* CLAIMS ARE WITHOUT MERIT**

9         **A.    Plaintiff Admits he has not Alleged a *Monell* Claim for Failure to**

10             **Investigate, Discipline and Terminate**

11        Plaintiff's opposition simply concludes that he has sufficiently state a *Monell*

12   claim on various theories. First, Plaintiff concludes that he has shown that a "policy

13   or custom" led to his injuries, and argues that "C.B. did not raise a Ratification claim

14   ... He references Defendants' failure to discipline and reprimand SROs to establish

15   a *Monell* policy." (Dkt. No. 71 at 25; 25 fn6).

16        However, "[w]here a plaintiff alleges that a municipality's conduct runs afoul

17   of section 1983 for the [public entity's] failure to discipline its employees, the claim

18   is understood as one for ratification." *Rabinovitz v. City of L.A.*, 287 F. Supp. 3d 933,

19   967 (C.D. Cal. 2018). However, there must be "specific allegations explaining how

20   these unnamed City officials ... failed to discipline them. Ratification requires 'more

21   than acquiescence' and the 'mere failure to discipline does not amount to

22   ratification.'" *Chandler v. City of Barstow*, 2019 U.S. Dist. LEXIS 40891, *19 (C.D.

23   Cal. Jan. 9, 2019).

24        Plaintiff's footnote seems to now argue that he is not alleging such a claim and

25   Defendants agree that he has not sufficiently alleged such a claim. As such, any

26   *Monell* claim on a theory of failure to investigate, discipline and/or terminate must

27   be dismissed.

28

6

1

2

**B.      Plaintiff has Failed to State a *Monell* Claim on a Theory of Failure to Train and Supervise**

3

4

5

6

7

8

9

10

11

12

As set forth in Defendants' motion, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference." *City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989). "A 'pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.'" *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014). "[t]he contous of a section 1983 failure to supervise claim against a municipality are similar to those of a failure to train claim." *Collier v. United States*, 2008 U.S. Dist. LEXIS 130744, *30-31 (C.D. Cal. Apr. 3, 2008), aff'd sub nom. *Collier v. Cty. of Los Angeles*, 296 F. App'x 594 (9th Cir. 2008).

13

14

15

16

17

18

19

20

21

22

23

24

25

Plaintiff argues that using unverified, unauthenticated "national and district-level data" that lacks any foundation, he "describes inadequate training and supervision as to three SRO tasks." (Dkt. No. 71 at 29). This is insufficient to state a *Monell* claim on these theories. Even if the "statistics" were somehow acceptable evidence, they provide no evidence of a "pattern of similar <u>constitutional violations</u>" and Plaintiff's conclusion of inadequate training and supervision based on those "statistics" fares no better. "Like the *Young* and *Canas* plaintiffs, Plaintiff does not plead with any specificity what the insufficient practices were, how they were deficient, or how they specifically caused Plaintiff harm." *Mong Kim Tran v. City of Garden Grove*, 2012 U.S. Dist. LEXIS 15606, *11 (C.D. Cal. Feb. 7, 2012). "Plaintiff's list contains no 'allegations of underlying facts,' and therefore has failed to meet the federal pleadings standard." *Duenas v. Cty. of Imperial*, 2015 U.S. Dist. LEXIS 182191, *9-10 (S.D. Cal. Mar. 9, 2015).

26

27

Plaintiff's *Monell* claim on a theory of failure to supervise or train must be dismissed.

28

7

C.     **Plaintiff has Failed to State a *Monell* Claim on a Theory of Policy, Practice or Custom**

Plaintiff goes on to argue that he has "identified four policies, practices, or customs as the 'moving forces' behind these constitutional violations." (Dkt. No. 71 at 26). However, Plaintiff has only identified four <u>conclusions</u> which are unsupported by any factual allegations.  Plaintiff has not identified any policy and so the claim "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *modified on other grounds by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001).

Plaintiff argues that he has identified "*two* unconstitutional handcuffings of C.B." (Dkt. No. 71 at 28)(emphasis in original).  However, as set forth herein and in Defendants' motion, "Simple handcuffing is not, by itself, excessive force." *Simon v. McMahon*, 2019 U.S. Dist. LEXIS 120112 at *19 (C.D. Cal. May 1, 2019); *Citing Hoffman v. City of Los Angeles*, 2016 U.S. Dist. Lexis 123515 at *19 (C.D. Cal. Jan. 5, 2016).   Plaintiff has not identified any unconstitutional handcuffings.   The handcuffing of December 9, 2019 is insufficient to state a claim, which leaves only the October 8, 2019 handcuffing where the allegations are disputed by the video.

"Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* ..." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985).  "Liability for improper custom may not be predicated on isolated or sporadic incidents." *Trevino* at 918.

Plaintiff's *Monell* claim on a theory of policy or custom must be dismissed.

VII.   **PLAINTIFF INTENTIONALLY MISREPRESENTS AUTHORITIES REGARDING REASONABLENESS**

Plaintiff goes on to intentionally misrepresent the holding of *Scott v. Cty. of San Bernardino*, 903 F.3d 943 (9th Cir. 2018) for purposes of arguing that the simple

8

1  handcuffing of C.B. on December 9, 2019 constituted excessive force.  (Dkt. No. 71
2  at 17-18).

3      In *Scott*, a Deputy arrested a group of middle schoolers and "clearly stated that
4  the justification for the arrests was not the commission of a crime ... but rather his
5  own desire to 'prove a point' and 'make' the students 'mature a lot faster.'" *Id*. at 950.
6  Circumstances which are not present here.  The Court went on  to hold that "The
7  foundation of *T.L.O.*'s special needs standard is **reasonableness**. [Citations Omitted].
8  An arrest meant only to 'teach a lesson' and arbitrarily punish perceived disrespect
9  is clearly unreasonable ..." *Id*. (Emphasis added).

10      In the present matter, it is Plaintiff misrepresenting authorities to prove a point.
11  This is unacceptable and Defendants' motion should be granted in its entirety.

12    **A.**    **The Video Evidence Disputes that any Force by Deputy Loza on**
13                **October 8, 2019 was Unreasonable and Plaintiff Misrepresents his**
14                **Own Allegations Regarding that Date**

15      As above, Plaintiff argues, unconvincingly, that a minor cannot be prosecuted
16  for a crime and, therefore, any interaction with a minor by police is unreasonable.
17  (Dkt. No. 71 at 15).

18      Plaintiff then again misrepresents the facts alleged in his Complaint, claiming
19  that "Loza allowed one day to elapse between the alleged rock-throwing incident and
20  detaining C.B."  (Dkt. No. 71 at 125:21-23), apparently implying that the crime of
21  assault had been diminished by the passage of a few hours.  However, it was not Loza
22  that allowed any time to elapse, as Plaintiff's own Complaint states, it was not until
23  "sometime after school hours on October 7, 2019, an unidentified District staff
24  member requested that Deputy Norma Loza intervene and 'investigate' the alleged
25  rock throwing incident." (Dkt. No. 1 at 22 ¶89).  It is an intentional misrepresentation
26  to this Court to now argue that any delay was caused by Deputy Loza and it is
27
28

REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

1    nonsensical to argue that Plaintiff is immune from detention or investigation, or that
2    an assault is no longer an assault on the following day[5].

3        Plaintiff goes on to misrepresent that Plaintiff was "grabbed, pulled, tackled,
4    pinned, and handcuffed ... because he was ... not cooperating – not because he was
5    a threat." (Dkt. No. 71 at 15:10-12).

6        The video disputes that Plaintiff was "calm and nonresponsive" (Dkt. No. 71
7    at 16:16-17), showing that Plaintiff was, in fact, responsive and defiant.  (Exhibit 2
8    at 0:00 - 1:10).  The video provides that there was no attempt to restrain or handcuff
9    Plaintiff until he began physically kicking, fighting and resisting. (Exhibit 2 at 1:10 -
10   2:25).  The video also disputes that Deputy Loza "tightened C.B.'s handcuffs to
11   secure his cooperation."  (Exhibit 2 at 2:25 - 2:30).

12       The video attached to Plaintiff's Complaint disputes the trumped up allegations
13   levied by Plaintiff as it relates to the October 8, 2019.  Defendants' motion should be
14   granted.

15   **B.    There are No Allegations Supporting that Deputy Loza Used**
16   **Unreasonable Force on December 9, 2019**

17       Plaintiff's argument is that simply handcuffing Plaintiff on December 9, 2019
18   is akin to the use of excessive force, while once again arguing that there is no
19   possibility that any handcuffing was reasonable because minors cannot be prosecuted.
20   (Dkt. No. 71 at 17).  As above, and despite Plaintiff's intentional misrepresentation
21   to the contrary, *Scott* provides for the same reasonableness standard as *Graham*.
22   *Scott*, *supra*, at 950.

23       There are no allegations of excessive force by Deputy Loza relating to the
24   incident of December 9, 2019.  Plaintiff's allegation is Deputy Loza handcuffed C.B.
25   while he was being physically restrained by others.  (Dkt. No. 1 at 29).  "Simple

26
27       [5]Plaintiff further nonsensically argues that Plaintiff was not told he was under arrest so he
28   could not have been resisting.  (Dkt. No. 71 at 15:18-20).  There is no argument that Plaintiff was
     being arrested and he was not, he was taken for a 5585 evaluation on both occasions.

10

REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

1    handcuffing is not, by itself, excessive force." *Simon v. McMahon*, 2019 U.S. Dist.

2    LEXIS 120112 at *19 (C.D. Cal. May 1, 2019); *Citing Hoffman v. City of Los*

3    *Angeles*, 2016 U.S. Dist. Lexis 123515 at *19 (C.D. Cal. Jan. 5, 2016).

4         Plaintiff again goes on to misrepresent that the holding of *C.B. v. City of*

5    *Sonora*, 769 F.3d 1005 (9th Cir. 2014) (and *Scott*, *supra*) stands for the proposition

6    "that the Ninth Circuit has viewed officers' actions in handcuffing small children as

7    unreasonable." (Dkt. No. 71 at 13). However, the Ninth Circuit in that matter held

8    that the "use of handcuffs on a <u>calm, compliant</u>, but nonresponsive 11-year-old child

9    was unreasonable." *Id*. at 1030. (Emphasis added). In the present matter, the video

10   provides that Plaintiff was not "calm, compliant" or "nonresponsive" on October 8,

11   2019, and the allegations provide that Plaintiff was not "calm, compliant" or

12   "nonresponsive" on December 9, 2019. As such, Defendants' motion to dismiss

13   should be granted.

14   **VIII. PLAINTIFF'S OPPOSITION TO THE DEFENSE OF QUALIFIED**

15   **IMMUNITY IS WITHOUT MERIT**

16        In addition to arguments addressed above, Plaintiff also argues that it is simply

17   too soon to make a determination of qualified immunity and that, despite the

18   allegations in the Complaint and the video attached to the Complaint, there are

19   unresolved facts about Plaintiff being "aggressive, resisting, and suspected of

20   crimes." (Dkt. No. 71 at 21-23).

21        However, as set forth herein and in the motion to dismiss itself, the video

22   attached to the Complaint, which Plaintiff agrees should be considered on this motion

23   to dismiss, shows an aggressive, resistive and physically assaultive Plaintiff on

24   October 8, 2019 and disputes that handcuffs were unnecessary or excessively

25   tightened. The Court need not rely solely on Plaintiff's allegations, particularly when

26   they are disputed by the video evidence. *Scott v. Harris*, 550 U.S. 372, 380-382

27

28

REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT

1   (2007).  There are also no allegations of unreasonable force[6] on December 9, 2019.

2   Plaintiff was placed in handcuffs by Deputy Loza after having been restrained by

3   others. (Dkt. No. 1 at 29 ¶113).  Plaintiff admits that he assaulted another student and

4   his teacher and began destroying school property.  (Dkt. No. 1 at 29 ¶111).

5       With regard to Qualified Immunity, "[t]he relevant inquiry is whether existing

6   precedent placed the conclusion that [the deputy] acted unreasonably in these

7   circumstances 'beyond debate.'" *Mullinex v. Luna*, 577 U.S. ___, 136 S. Ct. 305, 309

8   (2015)(*per curiam*).  "Under our cases, the clearly established right must be defined

9   with specificity.  'This Court has repeatedly told courts . . . not to define clearly

10  established law at a high level of generality.'" *City of Escondido, California v. Marty*

11  *Emmons*, 586 U.S. ___, 139 S. Ct. 500, 503 (2019); citing *Kisela v. Hughes*, 584 U.S.

12  ___, 138 S. Ct. 1148, 1152 (2018)(*per curiam*).

13      Plaintiff has failed to identify any body of existing precedent to establish

14  "beyond debate" that Deputy Loza's actions on October 8, 2019 or December 9, 2019

15  were unreasonable.  Even assuming *arguendo* that Plaintiff plausibly alleged a

16  Constitutional violation, in light of his own allegations and the attached video Deputy

17  Loza is still entitled to Qualified Immunity.  Defendants' motion should be granted

18  in its entirety.

19  ## IX.   STATUTORY IMMUNITIES PRECLUDE PLAINTIFF'S STATE LAW
20  ##       CLAIMS AND HIS OPPOSITION IS UNAVAILING

21      Plaintiff first argues that the statutory immunities under *Cal. Gov. Code* § 820.2

22  does not provide immunity to Deputy Loza for Plaintiff's State law claims of "false

23  imprisonment or excessive force[7]."  (Dkt. No. 71 at 24:1-10).  Plaintiff makes no

24  mention of the application of the statutory immunity under Section 820.2 as to the

---

[6]Plaintiff argues that merely placing handcuffs on Plaintiff on December 9, 2019 constitutes excessive force, an argument not supported by even Plaintiff's own authorities.

[7]Presumably Plaintiff is referring to the State law assault and battery claims which require excessive force as an element of any such claims against a peace officer.

12

remaining State law claims set forth in his Fifth claim for relief (*Cal. Gov. Code* § 11135) and Eighth claim for relief (IIED).  Failure to oppose should be deemed consent to granting the motion as to the Fifth and Eighth claims for relief on the basis of *Cal. Gov. Code* § 820.2 immunity.

Plaintiff goes on to argue, without any supporting authorities, that *Cal. W&I Code* § 5278 fails because this Court must consider in isolation his detention under Section 5585 and any events that preceded it.  Plaintiff alternately argues that because he has alleged unlawful force, there can be no immunity.

Plaintiff cites no supporting authority for this proposition and the plain language of *Cal. W&I Code* § 5278 does not provide that events leading up to the hold are to be considered in isolation for purposes of seeking to invalidate the immunity.  Plaintiff's own allegations are that on October 8, 2019 he "was restrained, handcuffed, locked in a police car, and sent for an involuntary psychiatric hold." (Dkt. No. 1 at 28 ¶109).  Plaintiff further admits that he was taken by ambulance directly from the school to the emergency treatment facility within about an hour[8]. (Dkt. No. 1 at 27 ¶103).

Regarding the allegation of unlawful force, as set forth herein, in Defendants' motion, and in Plaintiff's own Complaint and the video attached thereto, any allegations of unlawful force by Deputy Loza on October 8, 2019 are disputed by the video evidence.  Further, there are no allegations of unlawful force by Deputy Loza on December 9, 2019.  Deputy Loza is entitled to immunity under both *Cal. Gov. Code* § 820.2 and *Cal. W&I Code* § 5278 and the County Defendants are entitled to immunity under *Cal. Gov. Code* § 815.2(b).  Defendants' motion should be granted in its entirety.

---

[8]The Exhibit 2 video terminates with a time stamp of 11:54am and Plaintiff alleges that he left in the ambulance "[a]t approximately 12:55 pm." (Dkt. No.  At 27 ¶103).

13

1

## X.   CONCLUSION

Based on the argument contained herein and in Defendants' Motion to Dismiss, the motion must be GRANTED in its entirety and without leave to amend as to those claims that cannot be cured by further amendment.

DATED: April 26, 2021             FERGUSON, PRAET & SHERMAN, APC
                                   /s/ Allen Christiansen
                                   _____
                                   Allen Christiansen
                                   Attorneys for Defendants County of Riverside,
                                   Riverside County Sheriff's Department, Chad
                                   Bianco and Norma Loza

14

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Coleen Ludvigson, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On April 26, 2021, I served the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT;** on the interested parties in this action:

Robert Borrelle, Esq.
Disability Rights California
350 South Bixel Street, Suite 290
Los Angeles, CA 90017
Attorneys for Plaintiff

Susan Knock Beck, Esq.
Thompson & Colegate LLP
P.O. Box 1299
Riverside, CA 92502
Attorneys for Defendants Moreno Valley USD, Martrinex Kedziora, Darryl Scott, Scott Walker, Demetrius Owens, Manuel Arrelano


____   (By Mail)    I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

____   (By Facsimile Service) I caused such envelope/document to be delivered via facsimile to the office of the addressee.

XXX   (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.


XXX   (Federal)   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 26, 2021 at Santa Ana, California.



                              /s/ Coleen Ludvigson
                              Coleen Ludvigson

REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT