**LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
ALLEN CHRISTIANSEN SBN 263651
achristiansen@law4cops.com
1631 E. 18th Street
Santa Ana, California 92705
(714) 953-5300  •  Fax (714) 953-1143

Attorneys for Defendants
COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and DEPUTY SHERIFF NORMA LOZA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., by and through his *guardian ad litem*, W.B., <br><br> Plaintiff, <br><br> vs. <br><br> MORENO VALLEY UNIFIED SCHOOL DISTRICT; MARTINREX KEDZIORA, in his official capacity as Moreno Valley Unified School District Superintendent; DARRYL SCOTT, DEMETRIUS OWENS, MANUEL ARELLANO, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, CHAD BIANCO, in his official capacity as Riverside County Sheriff; DEPUTY SHERIFF NORMA LOZA; and DOES 1-10, <br><br> Defendants. | No. 5:21-cv-00194 JGB (SPx) <br><br> Hon. Jesus G. Bernal <br><br> **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> Date       : March 14, 2022 <br> Time       : 9:00am <br> Location  : Courtroom 1 |

///

1

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT

## I. INTRODUCTION AND FACTS

"Plaintiff seeks leave to amend his Complaint to substitute Deputy Jerssy Toscano and CSO Loniesha King as Defendants previously identified as Does 1 and 2 ..." (Dkt. No. 101 at 3[1]).  Plaintiff also seeks to allege new theories of damages and liability.  Plaintiff gives no basis or reason for these issues not having been addressed in the initial complaint filed more than a year ago.

Plaintiff's proposed amendments are superfluous and unnecessary. Plaintiff's amendment lacks good cause, there is undue delay, and there is bad faith particularly considering that Deputy Toscano and CSO King are already named in the complaint filed more than a year ago.  (See Dkt. No. 1 at 10 ¶36, 20, ¶80, 20 fn 20, 21 ¶¶81-83, 22 ¶87, 25 fn 23, 26 ¶101, 26 fn 1, 28 ¶106, 59, 60, 62, 63, 65, 75).  This proposed amendment is quite literally nothing more than an attempt to circumvent Plaintiff's failure to serve these defendants as required by *Fed. R. Civ. P.* Rule 4(m), is therefore futile, and must be denied.

## II. PLAINTIFF FAILED TO COMPLY WITH THE MEET AND CONFER REQUIREMENTS OF L.R. 7-3

Local Rule ("L.R.") 7-3 requires that counsel meet and confer "at least seven (7) days prior to the filing of the motion."  It also requires that "counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'" Plaintiff's notice of motion contains no such statement because Plaintiff did not comply with L.R. 7-3.  This also appears to have been done because Plaintiff realized the Court's last day to amend deadline was here and was more interested in trying to avoid the necessity of establishing good cause than complying with L.R. 7-3.  (See Dkt. No. 101 at 28).  The motion should be denied.

---

[1]Referring to the automatic ECF numbering at the top of filed documents.

2

### III.   PLAINTIFF'S MOTION IS AN ATTEMPT TO CIRCUMVENT THE SERVICE REQUIREMENTS OF FED. R. CIV. P. RULE 4(m)

Defendants anticipate that Plaintiff will argue that Deputy Toscano (and CSO King) were not previously listed in the caption of the complaint and so he could not serve them.  That argument is a red herring and without merit.  "[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant."  *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983).  *Citing Hoffman v. Halden*, 268 F.2d 280, 303-304 (9th Cir. 1959).  *See also Greenwood v. Ross*, 778 F.2d 448, 451052 (8th Cir. 1985)(failure to list a defendant in the caption does not mean the action cannot be maintained against him when he is identified in the body of the complaint).

As above, Deputy Toscano and CSO King were both named, and their actions identified, in the complaint filed more than a year ago.  (See Dkt. No. 1 at 10 ¶36, 20, ¶80, 20 fn 20, 21 ¶¶81-83, 22 ¶87, 25 fn 23, 26 ¶101, 26 fn 1, 28 ¶106, 59, 60, 62, 63, 65, 75).  They were also named, and their actions identified, in Plaintiff's tort claim, attached to his complaint, nearly two years ago.  (Dkt. No. 1 at 55, Exhibit 1).  Plaintiff's proposed amendment is nothing more than an attempt to circumvent the rules due to his decision not to serve these defendants for over a year, in contravention of *Fed. R. Civ. P.* Rule 4(m).  Plaintiff's motion is, therefore, without merit, frivolous, futile, and must be denied.

### IV.   THE *FOMAN* FACTORS WEIGH AGAINST GRANTING PLAINTIFF'S MOTION

Plaintiff fails to meet several *Foman* factors the Court would consider in determining the propriety of a motion for leave to amend.  The *Foman* factors include (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether movant was allowed to make previous amendments which failed to

correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party and; (5) whether the amendment is futile.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Citing Foman v. Davis*, 371 U.S. 178, 182 (1962).

### A.   The Request for Amendment was Filed with Undue Delay

Plaintiff's lawsuit was filed over a year ago on February 2, 2021.  (Dkt. No. 1).  Deputy Toscano and CSO King were named in that complaint and their individual actions were alleged.  Plaintiff's proposed amendment does nothing to change that.

Now, over a year later, Plaintiff seeks leave to amend "to substitute Deputy Jerssy Toscano and CSO Loniesha King as Defendants previously identified as Does 1 and 2 ..." (Dkt. No. 101 at 3) despite the fact that they are already named in the complaint along with allegations of their actions.  Not only is this the definition of undue delay, this is an exercise in futility.  Equally futile is Plaintiff claiming a need to remove the name of Sheriff Chad Bianco from the complaint, despite his having been dismissed with prejudice months ago.

Regarding Plaintiff now seeking to allege new theories of damages and liability, Plaintiff fails to explain why he failed to include such allegations in his complaint or failed to seek leave to amend to do so in the year since filing it.

Plaintiff has unnecessarily delayed seeking this amendment and failed to serve individuals as required.  As such, this *Foman* factor weighs against granting the motion and, pursuant to *Fed. R. Civ. P.* Rule 4(m), Plaintiff has failed to show good cause for his failure to serve Deputy Toscano and CSO King.

### B.   The Request for Amendment is in Bad Faith or a Dilatory Tactic

As above, despite having named Deputy Toscano and CSO King, and alleging the actions they took, nearly two years ago in his tort claim (Dkt. No. 1 at 55, Exhibit 1) and over a year ago in his Complaint (Dkt. No. 1), Plaintiff failed to seek a summons or serve either individual with process.  Plaintiff also failed to

4

comply with the meet and confer requirements of L.R. 7-3 for the apparent purpose of filing his motion on the deadline set by this Court (Dkt. No. 97) in an attempt to avoid having to show good cause for the amendment. Indeed, Plaintiff's motion intentionally avoids discussion of good cause because there is none. (See Dkt. No. 101 at 28).

As such, Plaintiff's own actions in failing to serve named parties and delaying over a year in bringing a motion for leave to amend in order to circumvent the service requirements is a dilatory tactic brought in bad faith. As such, this factor weighs against the granting of Plaintiff's motion.

**C.     Plaintiff's Proposed Amendment would be Futile**

As set forth herein Plaintiff's proposed amendment would be futile because, as set forth above, Deputy Toscano and CSO King were already named, and their actions identified, in the initial complaint filed over a year ago. Removing the name of a party that has been dismissed with prejudice, e.g. Sheriff Chad Bianco, is unnecessary. Plaintiff's proposed amendment is an exercise in futility and weighs against the granting of Plaintiff's motion.

**V.     THERE IS NO GOOD CAUSE**

As set forth herein, Plaintiff failed to comply with the meet and confer requirements of L.R. 7-3 for the apparent purpose of avoiding the need to demonstrate good cause due to the Court's impending last day to amend cutoff date. (Dkt. No. 97).   Plaintiff admits as much in his motion. (Dkt. No. 101 at 28).

Plaintiff claims he is merely seeking to substitute individuals for Does. As above, those individuals have been known, and identified, for at least two years and were named, and their actions identified, in the complaint filed over a year ago. Plaintiff has failed to identify any good cause, as required by Rule 4(m), for his failure to serve those individuals which were already named in the complaint. Plaintiff's motion must be denied.

## VI.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion should be denied.  To the extent that this Court intends to grant Plaintiff's motion, the Court should dismiss Deputy Toscano as required by *Fed. R. Civ. P.* Rule 4(m) for his failure to timely serve Deputy Toscano.


DATED: February 18, 2022        FERGUSON, PRAET & SHERMAN, APC


                                          /s/ Allen Christiansen

                                         Allen Christiansen, SBN 263651
                                         Attorneys for Defendant County of Riverside,
                                         Riverside County Sheriff's Department, and
                                         Deputy Sheriff Norma Loza

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

4
I, Allen Christiansen, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

5

6
On February 18, 2022, I served the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT;** on the interested parties in this action:

7

8
Robert Borrelle, Esq.
Disability Rights California
350 South Bixel Street, Suite 290
9
Los Angeles, CA 90017
Attorneys for Plaintiff

10
Daniel Faustino, Esq.
11
Thompson & Colegate LLP
P.O. Box 1299
12
Riverside, CA 92502
Attorneys for Defendants Moreno Valley USD, Martrinex Kedziora, Darryl Scott,
13
Scott Walker, Demetrius Owens, Manuel Arrelano

14

15
____  (By Mail)    I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.
16

17
XXX  (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.
18

19
____  (By e-mail) Plaintiff has communicated with Defendants via the above listed email address and has requested that Defendants serve Plaintiff documents via email at that email address.
20

21
XXX  (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
22

23
Executed on February 18, 2022, at Santa Ana, California.

24

25
/s/ Allen Christiansen
Allen Christiansen

26

27

28

7