UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-194 JGB (SPx)** | Date | March 17, 2022 |
|---|---|---|---|
| Title | ***C.B. v. Moreno Valley Unified School District, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| M. Galvez/T. Carrillo | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:    **Order (1) DENYING Plaintiff's Motion to Strike Defendants' Joinder
(Dkt. No. 106); (2) GRANTING Motion for Leave to Amend Complaint
(Dkt. No. 101); and (3) VACATING the March 21, 2022 Hearing (IN
CHAMBERS)**

Before the Court are two motions filed by Plaintiff C.B., by and through his guardians ad
litem W.B. and B.T.: (1) a motion for leave to file an amended complaint ("MTA," Dkt. No.
101), and (2) a motion to strike a notice of joinder filed by Defendants Moreno Valley Unified
School District, Martinrex Kedziora, Darryl Scott, Scott Walker, Demetrius Owens, and Manuel
Arellano (collectively, "District Defendants") ("MTS," Dkt. No. 106) (collectively,
"Motions"). The Court finds the matters appropriate for resolution without a hearing. See Fed.
R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of, and in opposition to, the
Motions, the Court DENIES the MTS and GRANTS the MTA. The hearing set for March 21,
2022 is VACATED.

## I. BACKGROUND

On February 2, 2021, Plaintiff C.B., by and through his guardians ad litem W.B. and B.T.,
filed a complaint against Moreno Valley Unified School District ("District"), District
Superintendent Martinrex Kedziora ("Kedziora"), District Director of Safety and Security
Darryl Scott ("Scott"), Former Principal Scott Walker ("Walker"), District Campus Security
Officers ("CSO") Manuel Arellano ("Arellano") and Demetrius Owens ("Owens"), County of
Riverside ("County"), Riverside County Sheriff's Department ("RCSD"), County Sheriff Chad
Bianco ("Bianco"), Deputy Sheriff Norma Loza ("Loza"), and Does 1 through 10.
("Complaint," Dkt. No. 1.)

The Complaint alleges twelve causes of action: (1) unreasonable seizure and excessive force in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 against Mr. Scott, Mr. Walker, Ms. Loza, Mr. Owens, Mr. Arellano, and Does 1-10; (2) <u>Monell</u> liability under 42 U.S.C. § 1983 against the County and RCSD; (3) violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, against the District, Mr. Kedziora, the County, RCSD, and Mr. Bianco; (4) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, <u>et seq.</u> against the District, Mr. Kedziora, the County, RCSD, and Mr. Bianco; (5) violation of Cal. Gov't Code § 11135, <u>et seq.</u> against the District, Mr. Kedziora, the County, RCSD, and Mr. Bianco; (6) violation of the California Unruh Act, Cal. Civ. Code § 51, <u>et seq.</u> against the District and Mr. Kedziora; (7) violation of Article I, § 7(A) and Article IV, § 16(A) of the California Constitution against the District and Mr. Kedziora; (8) intentional infliction of emotional distress ("IIED") against all Defendants; (9) false imprisonment against all Defendants; (10) battery against all Defendants; (11) assault against all Defendants; and (12) negligent supervision against the District, Mr. Kedziora, Mr. Scott, and Mr. Walker.  (<u>See</u> Compl.)

On June 17, 2021, the Court granted a motion to dismiss filed by the District and Mr. Kedziora, denied a motion to dismiss filed by Mr. Arellano, Mr. Scott, Mr. Walker, and Mr. Owens, and granted in part and denied in part a motion to dismiss filed by the County, RCSD, Mr. Bianco, and Ms. Loza (collectively, "County Defendants").  ("MTD Order," Dkt. No. 83.) The Court dismissed Mr. Bianco as a Defendant; dismissed Plaintiff's claims against the District and Mr. Kedziora for race and disability discrimination, violation of the Unruh Act, violations of the California Constitution, IIED, false imprisonment, battery, assault, and negligent supervision; and found that County Defendants, Mr. Arellano, Mr. Scott, Mr. Walker, and Mr. Owens are not entitled to discretionary act immunity or qualified immunity.  (<u>See</u> <u>id.</u>)

On July 1, 2021, County Defendants answered the Complaint.  (Dkt. No. 87.)  On July 16, 2021, District Defendants answered.  (Dkt. Nos. 91, 92.)

On December 7, 2021, the Court entered the scheduling order and ordered the parties to file any motion to amend pleadings by February 14, 2022.  ("Scheduling Order," Dkt. No. 97.)

On February 14, 2022, Plaintiff timely filed the MTA to amend the Complaint.  (<u>See</u> MTA.)  In support of the MTA, Plaintiff filed the declaration of Robert Borrelle ("Borrelle Declaration," Dkt. No. 101-1) and a copy of the proposed first amended complaint.  ("Proposed FAC," Dkt. No. 101-3.)  On February 18, 2022, County Defendants opposed.  ("County Opposition," Dkt. No. 103.)  On February 28, 2022, District Defendants filed a notice of joinder, stating that they joined the County Opposition.  ("District Joinder," Dkt. No. 104.)  On the same day, Plaintiff replied.  ("Reply," Dkt. No. 105.)

On March 1, 2022, Plaintiff filed the MTS.  (<u>See</u> MTS.)  No Defendant has filed an opposition or notice of non-opposition to the MTS.

## II. LEGAL STANDARD

### A. Rule 15: Leave to Amend

Generally, a court considers a motion for leave to amend pleadings pursuant to the permissive standard of Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"). Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend is not automatic. The Ninth Circuit considers five factors to determine whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The Ninth Circuit instructs that "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Intl Union, AFL-CIO, CLC v. ConocoPhillips Co., 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing Eminence Capital, 316 F.3d at 1052; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186–87 (9th Cir. 1987))

## III. DISCUSSION

Plaintiff seeks to amend the Complaint to add new defendants, remove certain claims and Defendants dismissed from the MTD order, include additional facts, and request punitive damages. (See MTA.) Plaintiff also requests that the Court strike the District Joinder. (See MTS.) Because the District Joinder is relevant to the Court's review of the MTA, the Court first considers Plaintiff's MTS then turns to the MTA.

### A. Motion to Strike District Defendants' Joinder

Plaintiff moves to strike District Defendants' opposition to the MTA as untimely. (See MTS.) However, the Court finds that the MTS is not a properly noticed motion. All motions must be filed "not later than twenty-eight (28) days before the date set for hearing." L.R. 6-1. Plaintiff filed the MTS on March 1, 2022, but set the motion for hearing only thirteen days later on March 14, 2022. Moreover, all motions must follow the meet-and-confer requirement of Local Rule 7-3. See L.R. 7-3, L.R. 16-12. The MTS does not state that it was filed following the conference of counsel. While the Court understands that Plaintiff likely filed the MTS to coincide with the hearing set for the MTA, the Court cannot decline to consider one untimely filing but grant a noncompliant motion. Accordingly, because the MTS fails to comply with the Local Rules, the Court DENIES the MTS.

The Court may, however, sua sponte strike the District Joinder under the Local Rules. "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." L.R. 7-12. Oppositions to motions are due "not later than twenty-one (21) days before the date designated for the hearing of the motion." L.R. 7-9.

Here, because the hearing on the MTA was originally set for March 14, 2022, oppositions to the MTA were due on February 21, 2022. While County Defendants timely opposed on February 18, 2022, District Defendants did not file their joinder to the County Opposition until February 28, 2022, ten days after their deadline. (See District Joinder.) The District Joinder is, therefore, untimely. District Defendants do not explain their tardiness. Moreover, the Court finds that Plaintiff is prejudiced by the late filing. By February 28, 2022, Plaintiff had already filed a timely reply to the County Opposition. Relying on District Defendants' failure to file an opposition or a joinder, Plaintiff only addressed County Defendants' arguments and missed the opportunity to respond to District Defendants' arguments. (See MTA Reply.) Accordingly, the Court STRIKES the District Joinder and declines to consider it.

## B. Motion for Leave to File Amended Complaint

Plaintiff moves to amend the Complaint to make the following changes: (1) substitute RCSD Deputy Sheriff Jerssy Toscano and District CSO Loniesha King as Does 1 and 2; (2) add Plaintiff's newly diagnosed conditions resulting from Defendants' alleged conduct; (3) seek punitive damages; (4) clarify Defendants' liability and the applicability of Plaintiffs' claims; (5) removes Mr. Bianco; (6) removes Plaintiff's claims for violation of the Unruh Act and violations of the California Constitution in their entirety; and (7) removes Plaintiff's claims against the District and Mr. Kedziora for race and disability discrimination, IIED, false imprisonment, battery, assault, and negligent supervision. (MTA at 1.)

County Defendants oppose the MTA on the basis that: (1) Plaintiff failed to comply with Local Rule 7-3; (2) no factor weighs in favor of granting amendment under Rule 15; and (3) Plaintiff failed to timely serve Mr. Toscano and Ms. King pursuant to Rule 4(m). (See County Opp'n.)

### 1. Local Rule 7-3: Meet and Confer Requirement

County Defendants first argue that the Court should deny the MTA because it fails to state that Plaintiff complied with Local Rule 7-3. (County Opp'n at 2.) Local Rule 7-3 provides that counsel for a party contemplating the filing of a motion must meet and confer with opposing counsel "at least seven (7) days prior to the filing of the motion." L.R. 7-3. If the parties are unable to reach a resolution during the conference, counsel for the moving party must include a notice in the motion that states, "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." Id.

Here, Plaintiff's counsel declares that they emailed a request to confer to counsel for Defendants on February 7, 2022, seven days before the MTA was filed. (Borrelle Decl. ¶ 23.) The conference itself took place on February 9, 2022, during which counsel for Defendants initially agreed to stipulate to some of the proposed amendments but withdrew their consent when the parties could not reach a resolution. (Id.) Though the conference did not occur seven days before the MTA's filing, County Defendants fail to state how this two-day delay prejudiced

them.  Further, the MTA does state that it is "made following the conference of counsel pursuant to L.R. 7-3." (MTA at 2.)  Accordingly, the Court finds that Plaintiff has complied with Local Rule 7-3.

### 2.  Leave to Amend Factors

Plaintiff timely filed the MTA within the deadline set by the Scheduling Order.[1]  Plaintiff argues that he did not file the MTA in bad faith or with undue delay, Defendants will not be prejudiced by the proposed FAC, and the proposed amendments are not futile.  (See MTA.) County Defendants contest each of these assertions.  (See County Opp'n.)

### a.  Bad Faith

First, the Court finds that Plaintiff does not bring the Proposed FAC in bad faith.  Plaintiff seeks to substitute Does 1 and 2 for Mr. Toscano and Ms. King, whose exact identities were unknown until he began to conduct public records research prior to serving initial disclosures. (MTA at 16–17, 21.)  This is a proper purpose for seeking an amendment.  Plaintiff's other proposed amendments also reflect his access to new evidence obtained during discovery.  For example, Plaintiff's counsel received Plaintiff's Independent Psychoeducational Evaluation ("IEE") in June 2021, which described additional harms Plaintiff suffered and new diagnoses that Plaintiff had previously not known.  (Id. at 18–19.)  Plaintiff now also possesses body camera footage, which purport to show outrageous conduct in support of punitive damages.  (Id. at 17, 21; Borrelle Decl. ¶ 15.)  Accordingly, this factor weighs in favor of granting amendment.

### b.  Undue Delay

Second, the Court finds that Plaintiff has acted diligently.  The relevant inquiry for this factor is "whether the moving party knew of the facts and legal bases for the amendments at the time the operative pleading was filed."  Johnson v. Serenity Transp., Inc., 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015).  As County Defendants note, Plaintiff alleged in the Complaint that Doe Defendants included "an SRO with the last name Toscano and a CSO with the last name King." (Compl. ¶ 36.)  However, Plaintiff was unable to verify Mr. Toscano's identity and involvement until after County Defendants served their initial disclosures on November 5, 2021. (Borrelle Decl. ¶¶ 14–15.)  Plaintiff also identified Ms. King only after conducting research in preparation for his initial disclosures.  (Id. ¶ 20.)  In addition, Plaintiff did not receive body camera footage from one of the underlying incidents until County Defendants produced them in their initial disclosures.  (MTA at 17, 22.)  Accordingly, Plaintiff did not know the facts and legal bases for his proposed amendments when he filed the Complaint.

//

---

[1] If Plaintiff had filed the MTA after the Scheduling Order deadline, Rule 16(b) would apply and Plaintiff would have to show good cause to modify the Scheduling Order.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

County Defendants argue that Plaintiff has intentionally delayed because one year has passed since the Complaint's filling. But "[t]he passage of time is not, in and of itself, undue delay." Johnson, 2015 WL 4913266, at *5. Moreover, the argument seems to be made in bad faith, as they fail to address Defendants' own delay. Plaintiff's counsel declares that, in the year before the Complaint was filed, counsel filed petitions in Riverside County Juvenile Court for police reports and body camera footage from October 8, 2019, October 9, 2019 and December 9, 2019. (Borrelle Decl. ¶¶ 4–7, 10.) Though County Defendants produced one video from October 8, 2019, County Defendants omitted other body camera footage, and failed to discuss their existence, until submitting initial disclosures in November 2021. (Id. ¶¶ 9, 11–14.) Similarly, Plaintiff has been unable to verify Ms. King's identity, in part, because District Defendants failed to provide their initial disclosures until the date Plaintiff filed the instant MTA.[2] (Reply at 4 n.1.) Accordingly, even if some delay occurred, it was not undue. See United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) ("[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend.").

### c. Prejudice to the Opposing Party

Third, the Court finds that the contents of the Proposed FAC will not prejudice Defendants. Defendants had initially agreed to some of the amendments—specifically, naming Mr. Toscano and Ms. King—when the parties conferred on February 9, 2022, and only withdrew their agreement because the parties could not agree on other proposed changes. (Borrelle Decl. ¶ 23.) County Defendants possessed and were aware of the body camera footage that serve as the basis for Plaintiff's proposed claim for punitive damages. (MTA at 22.) Nor is there evidence that the timing of the Proposed FAC will prejudice Defendants. The case is still at the discovery stage, and, while the pretrial conference and trial have been scheduled, they are set for April 2023, more than one year from now. (See Scheduling Order.) County Defendants fail to address this factor in their opposition. Accordingly, this factor weighs in favor of amendment.

### d. Futility of Amendment

Fourth, the Court finds that amendment will not be futile. Contrary to County Defendants' assertion, Mr. Toscano and Ms. King were not "already named" in the Complaint. (County Opp'n at 5.) The Complaint referenced "an SRO with the last name Toscano and a CSO with the last name King" as potential Doe Defendants. (Compl. ¶ 36.) It is proper and not futile for Plaintiff to substitute Doe Defendants with named defendants. Moreover, the Proposed FAC does not show that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Accordingly, this factor weighs in favor of amendment.

//

---

[2] Plaintiff's counsel further declares that County Defendants and District Defendants requested extensions to respond to Plaintiff's discovery requests, which Plaintiff granted. (Borrelle Decl. ¶¶ 16–20.)

### e. Previous Amendments

Because Plaintiff has not previously amended the Complaint, this factor weighs in favor of amendment.

In sum, all factors weigh in favor of amendment under Rule 15. While the Court would ordinarily grant the MTA, the Court must address County Defendants Rule 4(m) argument, which, if true, would require dismissal of the Complaint. The Court considers this issue next.

### 3. Rule 4(m)

County Defendants argue that Plaintiff failed to timely serve Mr. Toscano and Ms. King pursuant to Rule 4(m). (County Opp'n at 5.) While Plaintiff correctly notes that a Rule 4(m) challenge may be made upon a party's motion, the Court may consider the issue sua sponte. Tabi v. Doe, 2019 WL 5107102, at *5 (C.D. Cal. June 13, 2019).

Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If the plaintiff fails to perfect service within that timeframe, then "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. "[I]f the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period." Id. "[A]n information deficit, where discovery would correct that deficit, is good cause to allow a plaintiff an extended period of time to identify and serve unknown defendants." Ticketmaster L.L.C. v. Prestige Entm't West, Inc., 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018) (citing Gillespie v. Civiletti, 629 F.2d 637, (9th Cir. 1980)). The 90-day service deadline of Rule 4(m) applies to Doe defendants. Id.

As discussed above, discovery allowed Plaintiff to correct information deficits regarding the identities of Does 1 and 2. Plaintiff could verify Mr. Toscano's identity only after he received County Defendants' initial disclosures on November 15, 2021, nine months after he filed the Complaint. Plaintiff also did not know Ms. King's identity when he filed the Complaint and made an educated guess as to her identity based on research for his initial disclosures. The Court concludes that good cause exists under Rule 4(m). Accordingly, the Court GRANTS the MTA.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the MTS and GRANTS the MTA. Plaintiff is ORDERED to complete service of the Proposed FAC and summons on Mr. Toscano and Ms. King within ninety (90) days of filing the Proposed FAC. The hearing set for March 21, 2022 is VACATED.

**IT IS SO ORDERED.**