1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  C.B.,                                      ) Case No. 5:21-cv-00194-JGB-SP
                                               )
11               Plaintiff,                    )
                                               )
12          v.                                 ) **REPORT AND RECOMMENDATION**
                                               ) **OF UNITED STATES MAGISTRATE**
13  MORENO VALLEY UNIFIED                      ) **JUDGE ON EVIDENTIARY**
    SCHOOL DISTRICT, et al.,                   ) **SANCTIONS**
14                                             )
                                               )
15               Defendants.                   )
                                               )
16  _____        )

17

18          This Report and Recommendation is submitted to the Honorable Jesus G. Bernal,

19  United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General

20  Order 05-07 of the United States District Court for the Central District of California.

21                                          **I.**

22                                   **INTRODUCTION**

23          On July 25, 2023, plaintiff C.B. filed a motion to compel, among other things, the

24  depositions of defendant Demetrius Owens, defendant Loniesha King, and defendant

25  Moreno Valley Unified School District's ("MVUSD") Rule 30(b)(6) witnesses.  Plaintiff

26  also requested monetary sanctions toward his attorney's fees.[1]  On August 16, 2023, the

27  _____
            [1] Plaintiff's motion was supported by the declaration of his counsel Maronel Barajas
28  ("7/25 Barajas Decl.") and exhibits, the declaration of his counsel Munmeeth Soni ("7/25
    Soni Decl.") and exhibits, and the declaration of his counsel Malhar Shah and exhibits.  On

court granted plaintiff's motion and request for sanctions.  Docket no. 193.  Plaintiff filed supplemental briefs on August 17, 2023 ("8/17 Supp. Brief")[2] and August 19, 2023 ("8/19 Supp. Brief"),[3] stating that the court-ordered depositions remained incomplete and requesting further sanctions against defendants.  Daniel C. Faustino, counsel for defendants MVUSD, Owens, and King, filed a declaration in response to plaintiff's supplemental briefing on August 23, 2023 ("Faustino Decl.").  Plaintiff filed a reply on August 25, 2023 ("8/25 Reply").

The court has already ordered defendant MVUSD to pay a total of $20,000 in sanctions for its various failures to comply with its discovery obligations.  After these latest failures, plaintiff now requests terminating and evidentiary sanctions against defendants MVUSD, Owens, and King.  *See* 8/17 Supp. Brief at 3-10; 8/19 Supp. Brief at 3-10; 8/25 Reply at 3-4.  Defendants have not directly opposed these requests.

After carefully considering the parties' papers and arguments, the court now recommends granting the evidentiary sanctions described below.

## II.
## BACKGROUND

**A.    The Case**

Plaintiff C.B. is a Black student with disabilities.  First Amended Complaint ("FAC") ¶¶ 3, 15.  C.B. attended Landmark Middle School and Mountain View Middle School within MVUSD.  *Id*. ¶ 18.  At the time of the incidents at issue, C.B. was between ten and eleven years old, approximately 70 pounds, and in the sixth grade.  *Id*. ¶ 15.  C.B.

---

August 1, 2023, defendant filed an opposition.  On August 7, 2023, plaintiff filed a reply ("8/7 Reply"), supported by the declarations of Munmeeth Soni and exhibit and Malhar Shah and exhibit.

[2] Plaintiff's 8/17 supplemental brief is supported by the declaration of Munmeeth Soni ("8/17 Soni Decl.") and exhibits.

[3] Plaintiff's 8/19 supplemental brief is supported by the declaration of Munmeeth Soni ("8/19 Soni Decl.") and exhibit.

has diagnoses of Attention Deficit Hyperactivity Disorder and Oppositional Defiant Disorder, but his parents suspect that he may have additional undiagnosed emotional and behavioral issues. *Id.* ¶ 16. This action concerns four incidents where C.B. was handcuffed by Campus Security Officers and School Resource Officers over the course of four months.

Plaintiff initiated this action on February 2, 2022. In addition to defendant MVUSD, the named defendants include various MVUSD officials and employees (including defendants Owens and King), as well as the County of Riverside, the Riverside County Sheriff's Department, and a Deputy Sheriff. The FAC alleges ten causes of action, including claims three and four against defendant MVUSD: (3) violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and (4) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq. The FAC also asserts claims against individual defendants (among others) who worked for MVUSD, including Campus Security Officers Owens and King: (1) unreasonable seizure and excessive force in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983; (6) intentional infliction of emotional distress; (7) false imprisonment; (8) battery; and (9) assault.

**B.**     **Depositions of Demetrius Owens and Loniesha King**

      **1.**     **Meet and Confer Efforts**

On November 4, 2022, plaintiff noticed defendant Demetrius Owens's deposition for December 7, 2022 and defendant Loniesha King's deposition for December 8, 2022. 7/25 Barajas Decl. ¶ 4. On December 5, 2022, plaintiff took the depositions off calendar with the expectation that defense counsel would provide dates for when the depositions could be rescheduled. 7/25 Barajas Decl. ¶ 16.

On December 16, 2022, plaintiff emailed defense counsel stating he had not received new proposed dates for the depositions of defendants Owens and King. 7/25 Barajas Decl. ¶ 16, Ex. 8. Later that day, defense counsel responded that they had been coordinating with the deponents, but that their dates were not available because they were

1    district employees on holiday break and school district offices were closed.  7/25 Barajas
2    Decl. ¶ 17.

3        Having received no word from defendants, on January 23, 2023 plaintiff sent
4    another email requesting availability for defendants Owens and King.  7/25 Barajas Decl.
5    ¶ 21, Ex. 10.  Defendants responded the next day that they were working on getting
6    available dates.  7/25 Barajas Decl. ¶ 22, Ex. 10.

7        By March 2, 2023, defendants still had not provided dates for Owens and King.
8    7/25 Barajas Decl. ¶ 33.  That day, plaintiff emailed defendants a request to meet and
9    confer regarding his then-anticipated motion to compel their depositions (as well as
10   30(b)(6) depositions for outstanding topics discussed in further detail in the section
11   below).  7/25 Barajas Decl. ¶¶ 32-33, Ex. 16.  On March 7, 2023, defendants replied to
12   plaintiff's March 2, 2023 email.  7/25 Barajas Decl. ¶ 34, Ex. 17.  Plaintiff called
13   defendants later that day to meet and confer.  7/25 Barajas Decl. ¶ 35.  During the call,
14   defendants stated they would try to provide dates for the depositions of Owens and King
15   and for the remaining 30(b)(6) topics.  *Id.*  Later that afternoon, defendants left plaintiff a
16   voicemail stating they were unable to confirm Darryl Scott's availability or get additional
17   dates for the remaining 30(b)(6) topics.  7/25 Barajas Decl. ¶ 36, Ex. 18.

18       On June 28, 2023, plaintiff served amended deposition notices for defendant
19   Demetrius Owens for July 7, 2023 and defendant Loniesha King for July 12, 2023.  7/25
20   Soni Decl. ¶¶ 29, 30.

21       On June 30, 2023, defendant served objections to plaintiff's first amended
22   deposition notice of defendant Owens, stating the deposition was noticed for a day
23   neither defendant nor his counsel were available, and that they would cooperate with
24   scheduling a mutually agreeable date for the deposition.  7/25 Soni Decl. ¶ 31.  On July 6,
25   2023, plaintiff requested defendant Owens's availability by July 12, 2023 and stated that
26   if it was not provided, plaintiff would move to compel.  7/25 Soni Decl. ¶ 32, Ex. 35.
27   Defendant agreed to provide his availability by that date.  *Id.*  But as of the filing of

28

1    plaintiff's reply on the motion to compel, plaintiff had not received defendant Owens's

2    availability.  7/25 Soni Decl. ¶ 34; *see* 8/7 Reply at 4.

3            Meanwhile, on July 7, 2023, defendant served objections to plaintiff's first

4    amended deposition notice of defendant King, stating the deposition was noticed for a

5    day neither defendant nor her counsel were available, and that they would cooperate with

6    scheduling a mutually agreeable date for the deposition.  7/25 Soni Decl. ¶ 33.  But as

7    with Owens, as of the filing of plaintiff's reply, plaintiff had not received defendant

8    King's availability.  7/25 Soni Decl. ¶ 34; *see* 8/7 Reply at 4.

9            On July 14, 2023, plaintiff emailed defense counsel his portion of a joint

10   stipulation on the motion to compel.  7/25 Soni Decl. ¶ 38, Ex. 36.  Defendants MVUSD,

11   Owens, and King failed to return their portions.  7/25 Soni Decl. ¶ 39.

12           **2.      Court Order and Subsequent Failure to Comply**

13           At the August 15, 2023 hearing on plaintiff's motion to compel, defense counsel

14   stated Owens was available for deposition that week.  But defendant further stated that

15   counsel had lost contact with defendant King, who is no longer employed by MVUSD.

16   The court issued an order following the hearing, ordering defendants Owens and King to

17   appear for deposition no later than August 21, 2023.  Docket no. 193.

18           On August 15, 2023, the parties agreed via email to schedule King's deposition for

19   August 16 at 10:00 a.m. and Owens's deposition for August 17 at 10:00 a.m.  8/17 Soni

20   Decl. ¶ 3, Ex. 1.  With respect to defendant King, however, defense counsel indicated

21   King likely would not show up since they still had been unable to contact her.  *Id.*, Ex. 1.

22   On August 16, 2023, neither King nor her counsel appeared for the deposition.  8/17 Soni

23   Decl. ¶ 4, Ex. 2.  Plaintiff emailed King's counsel at 10:13 a.m. asking whether they

24   would appear for the deposition and received no response.  *Id.*

25           On August 17, 2023, defendant Owens appeared for his deposition, accompanied

26   by Bret Zaccaglin, who stated he would be representing Owens.  8/17 Soni Decl. ¶ 6.  But

27   after plaintiff asked Zaccaglin to enter his appearance in the case, Zaccaglin stated he was

28   not admitted to the federal bar, and that as such the deposition would need to be

1   rescheduled.  *Id.*  Zaccaglin further stated that Owens's attorneys of record were both in

2   depositions and unavailable.  *Id.*

3   Later that afternoon, defense counsel emailed plaintiff apologizing "re Leonisha

4   King" and reiterating that they had lost contact with her.  8/17 Soni Decl. ¶ 8, Ex. 3.

5   Defense counsel also stated they were experiencing coverage issues for Owens's

6   deposition and offered to reschedule the deposition for August 21, 2023 or thereafter.  *Id.*

7   Still later on August 17, 2023, plaintiff filed a supplemental brief and request for

8   additional sanctions.  Docket no. 197.  Plaintiff argued the court should enter default

9   judgments against defendants, or in the alternative given adverse inference jury

10  instructions.  On August 18, 2023, the court ordered defendants King and Owens to file a

11  response to plaintiff's supplemental brief, supported at a minimum by a declaration of

12  their counsel, addressing various topics.  Docket no. 198.  Defense counsel filed a

13  declaration on August 23, 2023.  Docket no. 200.  Defense counsel stated his office had

14  lost contact with King and confirmed that it had insufficient coverage for Owens's

15  deposition.  Faustino Decl. ¶¶ 2, 6, 11-12.  He stated his office was agreeable to paying

16  for reasonable attorney's fees and court reporter fees for the King and Owens depositions.

17  Faustino Decl. ¶¶ 9, 13.  Defense counsel did not address plaintiff's request for default

18  judgment or adverse inference instructions.

19  **C.      Depositions of 30(b)(6) Witnesses**

20  **1. Meet and Confer Efforts**

21  On November 7, 2022, plaintiff served defendant MVUSD with his notice of

22  deposition and request for production of documents ("RFP") pursuant to Fed. R. Civ. P.

23  Rule 30(b)(6).  7/25 Barajas Decl. ¶ 5, Ex. 1; 7/25 Soni Decl. ¶ 3.  The 30(b)(6)

24  deposition was noticed for December 12, 2022, and listed 28 topics of examination,

25  several of which contained numerous subtopics.  7/25 Barajas Decl. ¶ 6, Ex. 1.

26  The day after serving the deposition notice, plaintiff requested defendant

27  MVUSD's availability to meet and confer regarding the noticed topics pursuant to Rule

28  30(b)(6).  7/25 Barajas Decl. ¶ 7, Ex. 2.  Having received no response, on December 1,

2022, plaintiff sent defendant MVUSD an email again requesting to meet and confer. 7/25 Barajas Decl. ¶ 8, Ex. 3.  Defendant MVUSD did not respond.  7/25 Barajas Decl. ¶ 8.

Defendant MVUSD served objections to plaintiff's 30(b)(6) deposition notice on December 5, 2022.  7/25 Barajas Decl. ¶ 9.  On December 7, plaintiff offered via email to reschedule the 30(b)(6) deposition to allow the parties to meet and confer as required. 7/25 Barajas Decl. ¶ 10, Ex. 4.

On December 13, 2022, plaintiff called defendant MVUSD and left a voicemail regarding his attempts to meet and confer.  7/25 Barajas Decl. ¶ 11.  Two days later, defendant MVUSD emailed plaintiff with proposed dates to meet and confer.  7/25 Barajas Decl. ¶ 13, Ex. 6.  The parties scheduled a telephonic meet and confer session to take place on December 21, 2022.  7/25 Barajas Decl. ¶ 14, Ex. 7.

The parties met and conferred on December 21, 2022 regarding defendant MVUSD's objections to plaintiff's 30(b)(6) deposition notice and the RFP he served with the 30(b)(6) deposition notice.  7/25 Barajas Decl. ¶ 18.  Defendant MVUSD agreed to produce 30(b)(6) witnesses for all topics and provide plaintiff their identities and availability after the holidays.  *Id.*

On January 23, 2023, having received no word from defendant MVUSD, plaintiff sent another email requesting availability for the 30(b)(6) witnesses.  7/25 Barajas Decl. ¶ 20, Ex. 10.  Defendant responded on January 24, 2023, stating it was working on getting available dates.  7/25 Barajas Decl. ¶ 22, Ex. 10.

The parties met and conferred telephonically on January 30, 2023, and resolved their disputes regarding the 30(b)(6) notice and RFP.  7/25 Barajas Decl. ¶ 23.  Defendant MVUSD agreed to provide a list of witnesses and their corresponding topics with proposed deposition dates by February 3, 2023.  *Id.*  Defense counsel was then delayed by illness and plaintiff was informed that defendant would call to schedule the depositions early in the week of February 6, 2023.  7/25 Barajas Decl. ¶ 24, Ex. 11.

On February 8, 2023, having received no word from defendant MVUSD, plaintiff emailed defendant that if he did not receive proposed dates for every 30(b)(6) topic by February 10, 2023, plaintiff would serve a new notice of deposition with unilaterally chosen dates.  7/25 Barajas Decl. ¶ 25, Ex. 12.  Defendant sent a partial list of witnesses with corresponding dates and topics on February 9, 2023.  7/25 Barajas Decl. ¶ 26, Ex. 13.  Plaintiff informed defendant he would propound notices of deposition for those witnesses and agreed to a one-week extension for defendant to provide dates for the remaining witness and topics.  7/25 Barajas Decl. ¶ 27, Ex. 14.

On February 13, 2023, plaintiff served 30(b)(6) deposition notices for the four 30(b)(6) witnesses defendant had identified: (1) Shelley Crandall, February 21, 2023 for topics including 2(a); (2) Tanisha Grattan, February 24, 2023; (3) Scott Walker, March 8, 2023; and (4) Darryl Scott, March 10, 2023 for topics including 1 and 14.  7/25 Barajas Decl. ¶ 28, Ex. 15.  These notices incorporated revised topics based on the parties' meet and confer efforts.  *Id.*

On February 15, 2023, defendant MVUSD served objections to the deposition notice for Shelley Crandall, but did not withdraw the witness for the noticed topics or state the witness would not appear.  7/25 Barajas Decl. ¶ 29.  Plaintiff deposed 30(b)(6) witness Shelley Crandall on February 21, 2023.  7/25 Soni Decl. ¶ 4.  Crandall testified she spent 15 minutes preparing for the deposition and did not speak to anyone other than defense counsel to prepare.  7/25 Soni Decl. ¶ 5.  She was unprepared to testify to all of the topics for which she was designated as a 30(b)(6) witness, including topic 2(a).  *Id.*  Topic 2(a) sought testimony about policies, procedures, protocols, practices, and trainings provided to defendant's Campus Supervisors about the ADA and Section 504 of the Rehabilitation Act.  7/25 Barajas Decl., Ex. 15.  Crandall testified that she was not the person most qualified to testify about Section 504 trainings to Campus Supervisors.  Soni Decl. ¶ 5, Ex. 22 at 17-19.

On March 1, 2023, defendant served objections to the deposition notices for Scott Walker and Darryl Scott, but did not withdraw the witnesses for the noticed topics or

state they would not appear.  7/25 Barajas Decl. ¶¶ 30-31.  Defendant served these objections despite having already discussed its objections during the parties' previous meet and confer sessions and having reported it had no remaining objections.  7/25 Barajas Decl. ¶¶ 29-31.

On March 2, 2023, plaintiff emailed defendant MVUSD a request to meet and confer regarding his then-anticipated motion to compel 30(b)(6) depositions for outstanding topics (as well as depositions for Demetrius Owens and Loniesha King, discussed in further detail in the section above).  7/25 Barajas Decl. ¶¶ 32-33, Ex. 16.  On March 7, 2023, defendant MVUSD replied to plaintiff's March 2, 2023 email, stating that the 30(b)(6) deposition of Darryl Scott for March 10, 2023 would need to be rescheduled.  7/25 Barajas Decl. ¶ 34, Ex. 17.  Plaintiff called defendant later that day to meet and confer.  7/25 Barajas Decl. ¶ 35.  Defendant stated it would try to provide dates for the remaining 30(b)(6) topics and would try to see if Darryl Scott was still available for the March 10 deposition.  *Id.*  Later that afternoon, defendant left plaintiff a voicemail stating it was unable to confirm Darryl Scott's availability or get additional dates for the remaining 30(b)(6) topics.  7/25 Barajas Decl. ¶ 36, Ex. 18.

Plaintiff deposed 30(b)(6) witness Scott Walker on March 8, 2023.  7/25 Soni Decl. ¶ 6.  Shortly after the deposition began, defendant MVUSD withdrew Walker as the person most qualified to testify to various topics for which he was previously designated as the person most knowledgeable.  7/25 Soni Decl. ¶¶ 7-8, Ex. 24.  Walker testified that he had not reviewed any materials in preparation for the deposition aside from the deposition notice.  7/25 Soni Decl. ¶ 8, Ex. 24.

On March 9, 2023, defendant MVUSD confirmed again via email that Darryl Scott's deposition would need to be rescheduled.  7/25 Barajas Decl. ¶ 38, Ex. 20.  Plaintiff replied that if he did not receive deposition dates for all remaining 30(b)(6) topics and fact witnesses within the next two weeks, he would be forced to move forward with his motion to compel.  7/25 Barajas Decl. ¶ 39, Ex. 21.

On March 17, 2023, plaintiff requested to meet and confer with defendant MVUSD regarding its patterns of withdrawing witnesses from their assigned 30(b)(6) topics and failing to prepare its witnesses to testify.  7/25 Soni Decl. ¶ 9, Ex. 25.  On March 30, 2023, defendant responded and that it was still trying to schedule depositions for the remaining witnesses and did not address the concerns plaintiff raised.  7/25 Soni Decl. ¶ 10, Ex. 26.  Plaintiff replied that in order to avoid a motion to compel and request for sanctions, he needed witness names and availability by April 3, 2023.  7/25 Soni Decl. ¶ 11, Ex. 27.  Defendant responded on March 31, 2023 that it would provide witness availability before that deadline.  7/25 Soni Decl. ¶ 12, Ex. 28.

On April 3, 2023, defendant MVUSD emailed plaintiff a list of witnesses for some of the remaining 30(b)(6) topics, including for topics 1, 2, 14, 15, and 16.  7/25 Soni Decl. ¶ 13, Ex. 29.  Plaintiff responded expressing concern that the witnesses may not be prepared to testify to their assigned topics.  7/25 Soni Decl. ¶ 14, Ex. 30.  On April 10, 2023, plaintiff reminded defendant he was still waiting for witness availability for the outstanding 30(b)(6) topics, and provided defendant a 24-hour extension.  7/25 Soni Decl. ¶ 15, Ex. 31.

The parties met and conferred on April 11, 2023, and defendant MVUSD agreed to provide an updated list of witness availability by April 14, 2023.  7/25 Soni Decl. ¶ 16, Ex. 32.  On April 14, 2023, defendant sent an updated list of witnesses for some of the remaining 30(b)(6) topics, including Darryl Scott for topics including 1, 2(a), and 14 and Dr. Robert Verdi for topics including 15.  7/25 Soni Decl. ¶ 17, Ex. 33.  Defendant further stated it did not have a witness to testify to topic 16.  *Id.*  On April 26, 2023, plaintiff served 30(b)(6) deposition notices for the updated list of 30(b)(6) witnesses.  On May 11, 2023, defendant served objections to the deposition notices for May 18, 2023 and May 22, 2023.  7/25 Soni Decl. ¶¶ 22-23.

Plaintiff deposed 30(b)(6) witness Dr. Dana Dunams on May 12, 2023.  7/25 Soni Decl. ¶ 24.  After the deposition had begun, defendant withdrew Dunams as the person most qualified to testify to topic 2(k).  *Id.*

Plaintiff deposed 30(b)(6) witness Darryl Scott on May 18, 2023.  7/25 Soni Decl. ¶ 25.  At the start of the deposition, defendant withdrew Scott as the person most qualified to testify to certain topics, including 1(a), 2(a), and 14.  7/25 Soni Decl. ¶ 25, Ex. 34.

On May 24, 2023, defendant served objections to the deposition notice for Robert Verdi on June 1, 2023.  7/25 Soni Decl. ¶ 26.  The next day, plaintiff served an amended notice pursuant to the objections.  7/25 Soni Decl. ¶ 27.  The day after that, defendant served amended objections to the deposition.  7/25 Soni Decl. ¶ 28.  Defendant's objections and amended objections stated that defendant would designate a different witness for topic 15.  7/25 Soni Decl. ¶¶ 26, 28.

On July 14, 2023, plaintiff emailed defense counsel his portion of a joint stipulation on the motion to compel.  7/25 Soni Decl. ¶ 38, Ex. 36.  As noted above, defendants MVUSD, Owens, and King failed to return their portions.  7/25 Soni Decl. ¶ 39.

### 2.  Court Order and Subsequent Failure to Comply

At the August 15 motion to compel hearing, defendant stated it had identified Jason Ramirez to testify to topics 1(a) and 2(a), and Alton Chong to testify to topics 14 and 15.  Defendant reiterated that it had no one to testify to topic 16.  On August 16, 2023, the court issued an order requiring defendant make the 30(b)(6) witnesses it identified for topics 1(a), 2(a), 14, and 15 available for deposition no later than August 21, 2023.  Docket no. 193.

The parties confirmed via email that the remaining 30(b)(6) depositions would take place on August 18, 2023.  8/19 Soni Decl. ¶ 4.  The witness for topics 1(a) and 2(a) was scheduled for 10:00 a.m. and the witness for topics 14 and 15 was scheduled for 1:30 p.m.  *Id.*

Though defendant had previously indicated that Jason Ramirez would be designated as the person most qualified to testify to topics 1(a) and (2a), Ramirez did not appear for the deposition scheduled for 10:00 a.m. on August 19, 2023.  8/19 Soni Decl.

¶ 5.  Instead defendant's Interim Director of Student Services Timothy Biland appeared.  *Id.*  Biland stated he first learned of the deposition the day prior.  *Id.*  When the deposition started, Biland testified that he was not the person most qualified to testify on topic 2(a), and defendant withdrew him as its 30(b)(6) witness for that topic.  *Id.*  Biland was further unable to testify to portions of topic 1(a), and defendant withdrew him as its 30(b)(6) witness for portions of that topic.  *Id.*

On August 18, 2023 at 9:44 a.m., defendant emailed plaintiff stating that the depositions on topics 14 and 15 could not proceed because Alton Chong was out of the country until August 22.  8/19 Soni Decl. ¶ 6, Ex. 1.  Plaintiff appeared for the deposition on topics 14 and 15 and stated on the record defendant's failure to appear.  8/19 Soni Decl. ¶ 6.

The next day plaintiff filed another supplemental brief and request for additional sanctions.  Docket no. 199.  Plaintiff asks the court to give adverse inference jury instructions, apply an adverse inference against defendant MVUSD at summary judgment, and preclude defendant from introducing witnesses and evidence on topic 1(a), 2(a), 14, or 15.  Having just ordered defendants to respond to plaintiff's August 17 supplemental brief regarding the Owens and King deposition failures, the court did not order defendant MVUSD (represented by the same counsel as defendants Owens and King) to respond to plaintiff's August 19 supplemental brief regarding the 30(b)(6) deposition failures.  Lacking an explicit order to respond to the August 19 supplemental brief, defendant did not do so.

## III.

## <u>DISCUSSION</u>

Plaintiff asks the court to sanction defendants MVUSD, Owens, and King for their noncompliance with the court's order that they appear for deposition.  Plaintiff variously proposes entry of default judgments, adverse inference jury instructions, an adverse inference on summary judgment, and preclusion from introducing certain evidence.  Defendants have not directly responded to any of these sanctions requests; defense

1    counsel simply stated his office was agreeable to paying for attorney and court reporter

2    fees expended on the Owens and King depositions that did not move forward.  Such

3    monetary sanctions are insufficient.

4         The court has previously imposed monetary sanctions against defendant MVUSD

5    for its numerous discovery failures, to no apparent effect.  Moreover, the discovery cutoff

6    has now passed, without plaintiff being able to take the depositions of Owens, King, or

7    MVUSD's witnesses on topics 1(a), 2(a), 14, or 15, despite months of promises that such

8    witnesses would be produced.  Although the motion to compel these depositions was

9    heard only six days before the discovery cutoff, that the court would order the depositions

10   could have come as no surprise to defendants since they did not actually oppose these

11   depositions, and indeed at the hearing identified the witnesses who would appear.  Their

12   failure to follow through on their promises and comply with the court's order has

13   effectively concealed evidence from plaintiff to plaintiff's prejudice, and that prejudice

14   cannot be cured by monetary sanctions.

15        Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party "fails to obey

16   an order to provide or permit discovery, . . . the court where the action is pending may

17   issue further just orders."  Those further orders "may include" a wide range of sanctions,

18   such as adverse inferences, preclusion sanctions, and "rendering a default judgment

19   against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A); *see Wyle v. R.J. Reynolds*

20   *Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37

21   authorizes the district court, in its discretion, to impose a wide range of sanctions when a

22   party fails to comply with the rules of discovery or with court orders enforcing those

23   rules." (citations omitted)).  The same sanctions are available where a party or 30(b)(6)

24   witness fails to appear for a noticed deposition.  Fed. R. Civ. P. 37(d)(1)A)(i), (3).

25   Federal Rule of Civil Procedure 16(f) also provides in part: "The court may issue any just

26   order, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney

27   . . . fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(c).

28

1  **A.      Default Sanctions Are Not Warranted**

2      Plaintiff first asks the court to enter default judgments against defendants Owens

3  and King for their failures to sit for deposition as ordered.

4      The court must weigh five factors in deciding whether to impose a terminating

5  sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's

6  need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the

7  public policy favoring disposition of cases on their merits; and (5) the availability of less

8  drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)

9  (internal quotation marks and citation omitted).  This multi-factor test is "not

10 mechanical," and the court "need not make explicit findings regarding each of these

11 factors." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096

12 (9th Cir. 2007); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).  Rather, the

13 test "provides the district court with a way to think about what to do, not a set of

14 conditions precedent for sanctions or a script that the district court must follow." *Conn.*

15 *Gen. Life Ins. Co.*, 482 F.3d at 1096.

16     Defendant strongly argues for default judgments against defendants Owens and

17 King, and its arguments are well-taken.  The Ninth Circuit has explained:

18     What is most critical for case-dispositive sanctions, regarding risk of

19     prejudice and of less drastic sanctions, is whether the discovery violations

20     "threaten to interfere with the rightful decision of the case."

21                                        * * *

22     Where a party so damages the integrity of the discovery process that there

23     can never be assurance of proceeding on the true facts, a case dispositive

24     sanction may be appropriate.

25 *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057-58 (9th Cir. 1998) (citation

26 omitted).  There is undoubtedly prejudice to plaintiff in not being able to depose Owens

27 and King.  Plaintiff noticed these depositions more than nine months before the eventual

28

discovery cutoff, yet after repeated delays and promises, they still failed to properly appear for deposition, even after the court explicitly ordered them to do so.

Defendant Owens did in fact appear as finally promised, but without counsel who actually works on this case, causing the deposition to not go forward.  That the parties were facing an August 21 discovery cutoff was not a surprise, and since the parties agreed to the August 17 deposition date, it is hard to fathom how counsel were not prepared to properly defend him.  Nonetheless, the fact that Owens personally appeared for deposition argues against default judgment.

The situation for defendant King is different.  She not only failed to appear, but she appears to have deliberately stopped responding to outreach from her counsel since at least the beginning of August 2023.  *See* Faustino Decl. ¶¶ 2-5.  It is unclear what she knows about the current status of the case, and she almost certainly is unaware of the court's order that she appear for deposition.  That does not excuse her failure to appear, however, and after months of failures to make herself available for deposition as promised, the court would be justified in ordering that default be entered against her. *See, e.g., Wanderer v. Johnston*, 910 F.2d 652, 654-57 (9th Cir. 1990) (affirming default sanction where defendants repeatedly failed to appear for deposition and produce documents in defiance of court orders).

Nonetheless, although plaintiff is undoubtedly prejudiced by defendants' failures to appear, this does not appear to be a case in which these failures will necessarily interfere with the rightful decision of the case.  On the contrary, there are lesser sanctions that may be imposed that should substantially mitigate the prejudice to plaintiff.  As such, the court does not recommend the sanction of default, but does recommend other sanctions, as discussed below.

**B.    Adverse Inferences Sanctions Are Warranted**

As an alternative to entry of default, plaintiff asks the court to give adverse inference jury instructions with respect to defendants Owens's and King's failure to appear deposition.  Plaintiff asks the court to do the same with respect to defendant

15

MVUSD's failure to produce witnesses able to testify to topics 1(a), 2(a), 14, and 15, and to apply an adverse inference on summary judgment.

"[A] trial court has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation" of evidence. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (citation omitted). Courts have imposed adverse inference sanctions where defendants failed to appear for deposition as ordered. *See Sec. & Exch. Comm'n v. Hong*, 2021 WL 4803497, at *7 (C.D. Cal. Sep. 17, 2021), *report and recommendation adopted*, 2021 WL 4923310 (C.D. Cal. Oct. 21, 2021) (ordering that jury will be instructed that "jury may infer based on Defendants' refusal to appear for their depositions that Defendants' testimony would have been harmful to them"). "[A] court can instruct the jury that it may infer that evidence made unavailable by a party was unfavorable to that party." *Nursing Home Pension Fund v. Oracle Corp.*, 254 F.R.D. 559563 (N.D. Cal. 2008). Given defendants Owens's and King's failures to properly appear for deposition after months of promises to do so and after the court explicitly ordered their depositions, such an adverse inference instruction is warranted here.

The same is true with respect to defendant MVUSD's failure to produce witnesses to testify on topics 1(a), 2(a), 14, and 15. Topics 1(a) and 2(a) call for testimony about MVUSD's policies, practices, and training provided to school staff and Campus Supervisors regarding the ADA and Section 504 of the Rehabilitation Act, including provision of accommodations to students with disabilities. 7/25 Barajas Decl., Ex. 1; 8/19 Soni Decl. ¶ 4. Topics 14 and 15 call for testimony regarding any mechanism or program used by MVUSD to track data on uses of force or restraint devices by school staff (including Campus Security Officers and Campus Supervisors), and the use of such data to detect concerns about such actions on students with disabilities. *Id.* Having promised at the August 15 hearing to produce Jason Ramirez to testify on topics 1(a) and 2(a), defendant MVUSD instead produced Timothy Biland, who could not testify to topic 2(a) at all, and could testify on topic 1(a) only in terms of training he provided to Section 504 coordinators who are assistant principals. 8/19 Soni Decl. ¶ 5. Thus, no witness has

testified regarding ADA and Section 504 training provided to any school staff apart from assistant principals.  And having promised to produce Alton Chong to testify on topics 14 and 15, defendant failed to do so because Mr. Chong was out of the country.  8/19 Soni Decl. ¶ 6.

Defendant's MVUSD's failure to produce witnesses prepared to testify on these topics, despite promising to do so, and despite being ordered by the court to do so, has prejudiced plaintiff.  Plaintiff has been deprived of testimony regarding matters that concern central issues in this case.  Notably, defendant has not contended it was unable to produce such witnesses.  Instead, it has engaged in a pattern of producing unprepared witnesses, only to withdraw them at the time of deposition, or to cancel the deposition altogether.  It did so even after being explicitly ordered by the court to produce witnesses on topics 1(a), 2(a), 14, and 15.  Under these circumstances, an adverse inference jury instruction is warranted as to these topics on which defendant has withheld information from plaintiff.

Plaintiff also asks the court to apply an adverse inference on summary judgment regarding MVUSD's failure to produce witnesses on these topics.  *See Lewis v. Ryan*, 261 F.R.D. 513, 522 (S.D. Cal. 2009) (applying adverse inference regarding destroyed documents at summary judgment as well as trial).  The court agrees this is appropriate as well, for the same reasons.

**C.  Preclusion Sanctions Are Warranted**

Finally, plaintiff asks the court to preclude defendant MVUSD from introducing witnesses and evidence on topics 1(a), 2(a), 14, or 15.  Rule 37 explicitly authorizes the sanction of "prohibiting the disobedient party . . . from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii); *see U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.2d 1365, 1370 (9th Cir. 1980) (affirming preclusion sanction imposed "after 18 months of delays and failures to comply with court-ordered discovery").

As a matter of basic fairness, a preclusion sanction is warranted here.  Defendant MVUSD spent months delaying and effectively obstructing plaintiff's efforts to obtain

testimony regarding these topics.  Even after the court issued what could only have been an expected order to MVUSD to produce witnesses to testify on these topics, defendant failed to do so.  Defendant should not be permitted to offer witnesses and evidence on these topics at trial after preventing plaintiff from obtaining such evidence.

## IV.
## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Report and Recommendation; (2) denying plaintiff's request for terminating sanctions; and (3) imposing the following sanctions:

a. At trial, the jury will be instructed that defendants Demetrius Owens and Loniesha King were ordered to appear for deposition and failed to do, and the jury may infer from their failures to appear that their testimony would have been harmful to them;

b. At trial, the jury will be instructed that defendant MVUSD was ordered to designate and produce witnesses to testify on its behalf as to topics 1(a), 2(a), 14, and 15 and failed to do so, and the jury may infer from this failure that MVUSD's testimony on these topics would have been harmful to MVUSD;

c. In deciding plaintiff's motion for summary judgment, the court will apply an adverse inference that defendant MVUSD's testimony regarding topics 1(a), 2(a), 14, and 15 would have been harmful to MVUSD; and

d. At trial, defendant MVUSD will be precluded from introducing testimony or other evidence concerning:

(1) MVUSD's policies, procedures, practices, protocols, or trainings from January 1, 2016 to the present regarding the ADA, Section 504, or the provision of accommodations to students with disabilities;

(2) the tracking of data regarding MVUSD personnel's use of force, handcuffs, shackles, or other restraints on MVUSD students, including students with disabilities; or

1    (3) the authenticity, reliability, or accuracy of data that MVUSD produced to

2         plaintiff through discovery and Public Records Act requests related to (i)

3         MVUSD personnel's use of force, handcuffs, shackles, or other restraint, or

4         (2) MVUSD personnel's referral of disabled students to School Resource

5         Officers, Campus Security Officers, or Campus Supervisors.

6

7

8    DATED: September 18, 2023    _____

9                                 SHERI PYM
                                  United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28