# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B.,<br><br>    Plaintiff,<br><br>v.<br><br>MORENO VALLEY UNIFIED<br>SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 5:21-cv-00194-JGB-SP<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON EVIDENTIARY SANCTIONS** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file and the Report and Recommendation of the United States Magistrate Judge on Evidentiary Sanctions. Neither plaintiff nor any defendant has filed any written Objections to the Report within the time permitted. The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED: (1) plaintiff's request for terminating sanctions is denied; and (2) the following sanctions will be imposed on the following defendants:

   a. At trial, the jury will be instructed that defendants Demetrius Owens and Loniesha King were ordered to appear for deposition and failed to do so, and the jury may infer from their failures to appear that their testimony would have been harmful to them;

    b. At trial, the jury will be instructed that defendant Moreno Valley Unified School District (MVUSD) was ordered to designate and produce witnesses to testify on its behalf as to noticed topics 1(a), 2(a), 14, and 15 and failed to do so, and the jury may infer from this failure that MVUSD's testimony on these topics would have been harmful to MVUSD;

    c. In deciding plaintiff's motion for summary judgment, the court will apply an adverse inference that defendant MVUSD's testimony regarding noticed topics 1(a), 2(a), 14, and 15 would have been harmful to MVUSD; and

    d. At trial, defendant MVUSD will be precluded from introducing testimony or other evidence concerning:

        (1) MVUSD's policies, procedures, practices, protocols, or trainings from January 1, 2016 to the present regarding the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, or the provision of accommodations to students with disabilities;

        (2) the tracking of data regarding MVUSD personnel's use of force, handcuffs, shackles, or other restraints on MVUSD students, including students with disabilities; or

        (3) the authenticity, reliability, or accuracy of data that MVUSD produced to plaintiff through discovery and Public Records Act requests related to (i) MVUSD personnel's use of force, handcuffs, shackles, or other restraint, or (ii) MVUSD personnel's referral of disabled students to School Resource Officers, Campus Security Officers, or Campus Supervisors.

Dated: October 18, 2023

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE