MUNMEETH K. SONI (SBN 254854)
Meeth.Soni@disabilityrightsca.org
MELINDA BIRD (SBN 102236)
Melinda.bird@disabilityrightsca.org
LINDSAY APPELL (SBN 330296)
Lindsay.Appell@disabilityrightsca.org
STEPHEN PETERS (SBN 321848)
Stephen.Peters@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 290
Los Angeles, CA 90017
Tel.: (213) 213-8000 / Fax: (213) 213-8001

Dan Stormer, Esq. [S.B. #101967]
David Washington, Esq. [S.B. #305996]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 585-9600 / Fax: (626) 577-7079
Emails: dstormer@hadsellstormer.com
        dwashington@hadsellstormer.com

Attorneys for Plaintiff

(Additional Counsel Listed on Next Page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| C.B., by and through his guardians ad litem W.B. and B.T., <br><br> Plaintiffs, <br><br> v. <br><br> MORENO VALLEY UNIFIED SCHOOL DISTRICT; MARTINREX KEDZIORA, in his official capacity as Moreno Valley Unified School District Superintendent; DARRYL SCOTT; SCOTT WALKER; DEMETRIUS OWENS; MANUEL ARELLANO; LONIESHA KING; COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; ; DEPUTY SHERIFF NORMA LOZA; DEPUTY SHERIFF JERSSY TOSCANO; and DOES 3-10. <br><br> Defendants. | Case No. 5:21-cv-00194-JGB (SPx) <br><br> [Assigned to the Honorable Jesus G. Bernal-Riverside, Courtroom 1] <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REOPEN** <br><br> Complaint Filed: February 2, 2021 <br> Motion Hearing: April 22, 2024 <br> Time: 9:00 AM |

# **LIST OF ADDITIONAL ATTORNEYS**

MARONEL BARAJAS (SBN 242044)
MB@barajasriveralaw.com
ANNA RIVERA (SBN 239601)
AR@barajasriveralaw.com
BARAJAS & RIVERA, APC
1440 N. Harbor Blvd. Suite 900
Fullerton, CA 92835
Tel: (714) 443-0096
Fax: (714) 443-0096

CLAUDIA CENTER, SBN 158255
ccenter@dredf.org
MALHAR SHAH, SBN 318588
mshah@dredf.org
DISABILITY RIGHTS EDUCATION & DEFENSE FUND
3075 Adeline St #210
Berkeley, CA 94703
Tel.: (510) 644-2555
Fax: (510) 841-8645

Attorneys for Plaintiff

---

Case No. 5:21-cv-00194-JGB (SPx)
Plaintiff's Notice of Motion and Motion to Reopen

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 22, 2024 at 9:00 AM OR nearest available date at which counsel may be heard in Courtroom 3, 3rd floor of the United States District Court, Eastern Division, located at the George E. Brown, Jr. Federal Building and United State Courthouse, 34720 12th St., Riverside, CA 92501, Plaintiff C.B., by and through his guardian *ad litem*, W.B., will and hereby does move this Court for an order to reopen the case against Defendants Moreno Valley Unified School District ("MVUSD"), Martinrex Kedziora, Darryl Scott, Scott Walker, Demetrius Owens, and Manuel Arellano (collectively, "District Defendants"), and County of Riverside, Riverside County Sheriff's Department, Norma Loza, and Jerssy Toscano (collectively, "County Defendants").

On November 11, 2023, the court issued a Scheduling Notice and Order stating that the case will be "placed in inactive status. By March 25, 2024, the parties shall file either (1) a proper stipulation and order for dismissal or judgment or (2) a motion to reopen if settlement has not been consummated". ECF No. 263.

Plaintiff's Motion is based on this Notice of Motion and Motion, the supporting declarations filed and submitted concurrently, all pleadings, papers and records filed in this action, and any further evidence that the Court may consider on this Motion.

This Motion is made following a telephonic meet and confer between Plaintiff and District Defendants on March 14, 2024 who agree to not oppose the motion, and an email exchange between Plaintiff and County Defendants regarding the contents of the underlying Motion pursuant to Local Rule 7-3.

///
///
///
///
///

| | |
|---|---|
| 1 | |
| 2 | Date: March 22, 2024 |
| | |

Respectfully submitted:

DISABILITY RIGHTS CALFIORNIA

DISABILITY RIGHTS EDUCATION & DEFENSE FUND

BARAJAS & RIVERA, APC

HADSELL STORMER RENICK & DAI LLP

/s/ *Munmeeth K. Soni*
Munmeeth K. Soni
Attorneys for Plaintiff, C.B.

# MOTION TO REOPEN

## I. INTRODUCTION

On September 14, 2023, Plaintiff and County Defendants filed a notice of conditional settlement in this matter. ECF No. 212. On October 20, 2023, Plaintiff and County Defendants filed a notice that the conditional settlement had been approved by the Riverside County Board of Supervisors. ECF No. 258. On October 13, 2023, this Court ruled that Defendant Moreno Valley Unified School District (MVUSD) had adopted "methods of administration [that] amount to a violation of students with disabilities' right to meaningful access under the ADA and Section 504." Order Granting Plaintiff's Motion for Partial Summary Judgment, Oct. 13, 2023, ECF No. 254. The Court ordered "[Plaintiff and MVUSD] to design a remedy to bring MVUSD into compliance" (id. at 22), ideally through a stipulated permanent injunction.  On November 14, 2023, Plaintiff and District Defendants filed a notice of tentative settlement in this matter. ECF No. 261. In response, this Court issued a Scheduling Notice and Order and placed this matter on inactive status. Order, November 16, 2023, ECF No. 263. The Court ordered that by March 25, 2024, "the parties shall file either (1) a proper stipulation and order for dismissal or judgment or (2) a motion to reopen if settlement has not been consummated."

A final judgment in this matter must accomplish two things. First, it must effectuate this Court's Partial Summary Judgment Order by requiring changes in MVUSD policies and practices. The District has already agreed to the appointment of an Independent Monitor to oversee this process. Declaration of Melinda Bird ("Bird Decl.), ¶ 19. Second, the final judgment should support the entry to a Minor's Compromise or Compromises regarding the settlement of Plaintiff's claim for monetary damages as to both the County Defendants and District Defendants.

Unfortunately, Plaintiff and MVUSD have been unable to finalize the judgment. Plaintiff has also been unable to finalize the Minor's Compromises, despite diligent efforts. Plaintiff requests an additional 120 days to complete Minor's Compromises as to

County Defendants and District Defendants and attempt to reach agreement on a stipulated judgment with MVUSD. If Plaintiff cannot reach a settlement with MVUSD regarding the final judgment within 30 additional days, he will file a motion for a permanent injunction no later than May 27, 2024. The new deadline for final resolution of this case would be July 22, 2024.

District Defendants' counsel represented that they will not oppose this motion. Bird Decl., ¶19. Counsel for County Defendants is out of town and could not confirm non-opposition in time of Plaintiff's filing. Soni Decl., ¶3.

## II. THE MATTER SHOULD BE RE-OPENED FOR 120 DAYS TO PERMIT RESOLUTION OF THE TWO REMAINING ISSUES.

### A. The Child's family needs additional time to resolve the terms of the Minor's Compromises, which will address the Monetary Damages aspect of the Settlement.

Since reaching and executing short form agreements with the County Defendants, which resolve all claims and defenses, and the District Defendants, which resolve all monetary damages claims, the Parties have worked diligently to reduce the short form agreements into final agreements that will be submitted to the Court for approval as part of a motion or motions to approve a minor's compromise. Plaintiff, however, needs additional time to allow Plaintiff's Guardian *ad litem*, W.B. ("GAL"), to make a final decision on the funding mechanism to be used for C.B.'s settlement monies and to receive notice from the Department of Health Care Services ("DHCS") with respect to the existence of a lien, if any, as to the District Defendants. Maronel Barajas (Barajas Decl.") ¶¶ 3, 9-10. The GAL, as part of his responsibility to protect the interests of C.B., has been diligently researching and evaluating, with the assistance of Plaintiff's counsel, the various funding mechanisms that are available and would be most appropriate for C.B., taking into account C.B.'s disabilities and related needs, the total amount of the monetary damages, and weighing any potential impact on C.B.'s ability to access public

benefits in the future, as well as ensuring that the monies are appropriately invested and safeguarded. Barajas Decl. ¶ 4.

To that end, the GAL, along with Plaintiff's counsel, have explored several funding mechanisms, including various types of trusts such as a special needs trust, a pooled trust, and a 3611(g) trust, along with annuities, structured settlements, and other various options. Barajas Decl. ¶ 5. During this process, the GAL has been consulting with at least two trust attorneys, a financial planner, and several brokerage firms. Barajas Decl. ¶ 6.  Additionally, during this process, the GAL has also had to submit a probate bond application in order for him to be able to serve as a fiduciary in the event that one of the trust options is selected. The GAL has recently received notice of this approval. Barajas Decl. ¶¶ 6-7. The GAL believes that he has obtained sufficient information and is prepared to make a decision on the choice of funding mechanism by no later than March 30, 2024. Barajas Decl. ¶ 7.  Depending on the selected funding mechanism, there may be required language that must also be included in the final settlements in order to effectuate proper funding. Barajas Decl. ¶ 8.

Additionally, since the short form settlements were approved by the respective boards, Plaintiff has also submitted lien searches to the Department of Health Care Services ("DHCS") to confirm that there are no Medi-Cal liens, as that information is also needed to finalize the settlements. Barajas Decl. ¶ 9.  Plaintiff has obtained a notice from DHCS that there are no Medi-Cal liens as to the County. *Id.* Plaintiff is awaiting the Medi-Cal lien notice as to the District. *Id.*

Plaintiff anticipates that once the GAL identifies the funding mechanism by the end of March 2024, Plaintiff will have the necessary information to finalize the long form settlements as to the County Defendants and the District Defendants, pending the District's Medi-Cal Lien notice, and will shortly thereafter submit the minor's compromise(s) for the Court's approval. Barajas Decl. ¶10. Plaintiff anticipates filing the motion(s) for approval of minor's compromises as to the County and/or District before the end of May 2024 with a normal briefing schedule and hearings set no later than June

2024. If the Medi-Cal lien letter as to the District is delayed, Plaintiff may need to file the minor's compromise as to the District by the end of June 2024 with a hearing date no later than July 2024.

**B. Plaintiff believes a stipulated settlement with MVUSD regarding the form of a permanent injunction is still possible, although the District had not responded in a timely manner to the negotiations.**

After Plaintiff and District Defendants resolved the claim for monetary damages, which obviated the need for a trial, Plaintiff's counsel drafted a proposed permanent injunction to implement this Court's Partial Summary Judgment Order. ECF No. 254. Counsel provided this to MVUSD's counsel on December 5, 2023. Bird Decl., ¶ 3. MVUSD's counsel did not respond for seven weeks, eventually agreeing to a short, non-substantive conference call on January 31, 2024. *Id.,* ¶ 6. Since then, Plaintiff and MVUSD have scheduled multiple calls, more than half of which were canceled at the last minute by MVUSD's counsel. *Id.,* ¶¶ 7-16. On February 29, 2024, MVUSD counsel promised to provide substantive redline edits to the proposed injunction no later than March 5, but did not do so. *Id.,* ¶ 16. MVUSD counsel has still provided no written comments to the draft. *Id.*

Despite this pattern of persistent delay, Plaintiff's counsel believes that a stipulated agreement regarding a permanent injunction may still be achievable. Bird Decl. ¶ 19. MVUSD has agreed to the appointment of an Independent Monitor and a remedial framework that will include quantitative and qualitative outcomes which details Plaintiff and MVUSD are working to finalize. *Id*. On March 14, 2024, Plaintiff and MVUSD also interviewed a prospective candidate to serve as Independent Monitor. *Id.*

Plaintiff proposes to continue negotiations for an additional 30 days, that is, until April 24, 2024, and may seek the assistance of a mediator if an impasse develops. If there is no agreement in principle at that point, Plaintiff will file a motion for a permanent injunction by May 27, 2024, as described below. If Plaintiff and MVUSD do reach an agreement in principle, MVUSD may require some additional time to obtain

approval from its Board and Superintendent. Reopening this matter for 120 days will allow time to accomplish this.

### C. If Plaintiff and MVUSD do not have a negotiated settlement within 30 days, Plaintiffs will file a motion for a permanent injunction, which can be resolved promptly.

If Plaintiff and MVUSD do not achieve an agreement in principle within 30 days, that is, by April 24, 2024, Plaintiff proposes to file a motion for a permanent injunction on May 22, 2024, with a normal briefing schedule and a hearing to be set in time to permit a final resolution by July 22, 2024.

DATED: March 22, 2024          Respectfully Submitted,

DISABILITY RIGHTS CALFIORNIA

BARAJAS & RIVERA, APC

DISABILITY RIGHTS EDUCATION & DEFENSE FUND

HADSELL STORMER RENICK & DAI LLP

By:   /s/ *Munmeeth K. Soni*
        Munmeeth K. Soni

---

Case No. 5:21-cv-00194-JGB (SPx)
Plaintiff's Notice of Motion and Motion to Reopen

- 7 -