MUNMEETH K. SONI (SBN 254854)
Meeth.Soni@disabilityrightsca.org
LINDSAY APPELL (SBN 330296)
Lindsay.Appell@disabilityrightsca.org
STEPHEN PETERS (SBN 321848)
Stephen.Peters@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 290
Los Angeles, CA 90017
Tel.: (213) 213-8000 / Fax: (213) 213-8001

Dan Stormer, Esq. [S.B. #101967]
David Washington, Esq. [S.B. #305996]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Tel: (626) 585-9600 / Fax: (626) 577-7079
Emails: dstormer@hadsellstormer.com
        dwashington@hadsellstormer.com

Attorneys for Plaintiff

(Additional Counsel Listed on Next Page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| C.B., by and through his guardians ad litem W.B. and B.T., <br><br> Plaintiffs, <br><br> v. <br><br> MORENO VALLEY UNIFIED SCHOOL DISTRICT; MARTINREX KEDZIORA, in his official capacity as Moreno Valley Unified School District Superintendent; DARRYL SCOTT; SCOTT WALKER; DEMETRIUS OWENS; MANUEL ARELLANO; LONIESHA KING; COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; ; DEPUTY SHERIFF NORMA LOZA; DEPUTY SHERIFF JERSSY TOSCANO; and DOES 3-10. <br><br> Defendants. | Case No. 5:21-cv-00194-JGB (SPx) <br><br> [Assigned to the Honorable Jesus G. Bernal-Riverside, Courtroom 1] <br><br> **PLAINTIFF C.B.'S NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH COURT ORDER AND REQUEST FOR SANCTIONS** <br><br> Hearing Date: June 24, 2024 <br> Time: 9:00 a.m. <br><br> Complaint Filed: February 2, 2021 |

# **LIST OF ADDITIONAL ATTORNEYS**

MARONEL BARAJAS (SBN 242044)
MB@barajasriveralaw.com
ANNA RIVERA (SBN 239601)
AR@barajasriveralaw.com
BARAJAS & RIVERA, APC
1440 N. Harbor Blvd. Suite 900
Fullerton, CA 92835
Tel: (714) 443-0096
Fax: (714) 443-0096

CLAUDIA CENTER, SBN 158255
ccenter@dredf.org
MALHAR SHAH, SBN 318588
mshah@dredf.org
DISABILITY RIGHTS EDUCATION & DEFENSE FUND
3075 Adeline St #210
Berkeley, CA 94703
Tel.: (510) 644-2555
Fax: (510) 841-8645

Attorneys for Plaintiff

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 24, 2024 at 9:00am, or at such other date and time as may be rendered by the court, in Courtroom 1 of the above-captioned Court, located at 3470 Twelfth Street, Riverside, California 92501, Plaintiff C.B. will and hereby does move this Court to enforce compliance of its partial Summary Judgment Order against Defendant Moreno Valley Unified School District ("MVUSD"). *See* Dkt. No. 254 at 22. The Court ordered the parties to "design a remedy to bring MVUSD into compliance." *Id.* Over the last two months, MVUSD has stopped complying with the Court's order, and not responded to Plaintiff's efforts to bring this matter to final resolution.

This motion is based upon the Notice; the accompanying Memorandum of Points and Authorities; the declaration of Munmeeth Soni; all pleadings and papers on file in this action; and any argument or evidence that may be presented at the hearing in this matter, if a hearing is deemed necessary.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which began on May 16, 2024, and concluded on May 24, 2024.

Dated: May 24, 2024,   Respectfully Submitted,

DISABILITY RIGHTS CALIFORNIA

BARAJAS & RIVERA, APC

DISABILITY RIGHTS EDUCATION & DEFENSE FUND

HADSELL STORMER RENICK & DAI LLP

By: /s/ *Munmeeth K. Soni*
Munmeeth K. Soni
Attorneys for Plaintiff

# MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

On October 13, 2023, this Court granted Plaintiff C.B.'s Partial Motion for Summary Judgment, finding Defendant Moreno Valley Unified School District ("MVUSD")'s "methods of administration in maintaining its police program violate the ADA and Section 504 of the Rehabilitation Act," and ordered the Parties to meet and confer to design a remedy to bring MVUSD into compliance with the law. ("Summary Judgment Order") Dkt. No. 254 at 17, 22. On April 18, 2024, the Court extended the time for Parties to propose a stipulated remedy, ordering the Parties to do so by August 5, 2024.

Plaintiff has made diligent efforts over the past seven months to comply with this Court's orders, including by providing MVUSD with a 17-page draft proposed stipulated order, initiating multiple meet-and-confers with MVUSD, promptly providing responses and information requested by MVUSD, facilitating a meeting between MVUSD counsel and a former Los Angeles Unified School District ("LAUSD") staff member who played a key role in LAUSD's 1996 Consent Decree and the 2003 Consent Decree, and arranging a meeting between Plaintiff's proposed independent monitor and MVUSD counsel. By contrast, MVUSD has repeatedly cancelled scheduled meetings, often on the day of, ignored communications from Plaintiff's counsel, and failed to respond to Plaintiff's draft proposal in writing, despite promising to do so. Thus, while the parties have made progress toward a stipulated remedy, that progress has been hard-fought and, in recent months, has totally stalled as MVUSD has become completely absent. In fact, for nearly two months (since March 29, 2024), until Plaintiff informed MVSUD it would be pursuing this motion, counsel for MVUSD has not responded to any of Plaintiff's repeated attempts to continue to meet and confer.

In the face of MVUSD's persistent disregard of the Court's order directing the Parties to work together to design and propose a remedy, Plaintiff respectfully requests the Court issue an order directing MVUSD to comply.

## II. STATEMENT OF RELEVANT FACTS

On October 13, 2023, this Court granted Plaintiff's Motion for Partial Summary Judgment finding MVUSD employs unlawful methods of administration that disproportionately affect students with disabilities and has maintained policies and practices that disproportionately restrain and refer disabled and Black students to law enforcement at a rate as high as eight times their non-disabled and non-Black peers. Order Granting Plaintiffs' Motion for Partial Summary Judgment ("Summary Judgment Order"), Dkt. No. 254, at 15. Specifically, this Court held that: "(1) MVUSD authorizes CSOs to remove and restrain students but neither directs nor authorizes CSOs or SROs to account for disabled students or otherwise require accommodations; (2) MVUSD fails to train its CSOs and SROs about the needs of students with disabilities and appropriate accommodations or behavioral interventions; and (3) MVUSD directs its classroom and other school staff to refer students with disabilities to unqualified CSOs and SROs for disability-related behaviors." Summary Judgment Order at 20-21. The Court ordered the parties to meet and confer to propose an order that would bring MVUSD in compliance with the law. *Id.* at 22.

On December 5, 2024, Plaintiff provided MVUSD a 17-page draft proposed order for permanent injunction and then repeatedly followed up with MVUSD for its input and feedback over the course of the months that followed. *See* Dkt. 265-2, Declaration of Melinda Bird in Support of Plaintiff's Motion to Reopen at ¶¶ 1-19 (hereinafter, "Bird Decl."). For example, on February 29, 2024—more than two months after receiving Plaintiff's draft—counsel for MVUSD committed to providing Plaintiff redline edits to the proposed order by the following week. *Id.* ¶15. Counsel then cancelled the next scheduled meeting and ignored subsequent emails requesting the promised edits, which *to this day*, MVUSD continues to fail to provide. Dkt. 265-2, Bird Decl. at ¶16; Declaration of Munmeeth K. Soni in Support of Plaintiff C.B.'s Motion to Enforce Compliance with the Court's Order and Request for Sanctions, at ¶3 (hereinafter, "Soni Decl.").

  Even in the face of such tactics, Plaintiff continued to provide MVUSD every opportunity to work together on a stipulated resolution. On March 8, 2024, MVUSD's counsel informed Plaintiff his client had questions for Plaintiff's proposed independent monitor. Dkt. 265-2, Bird Decl., at ¶18. Plaintiff's counsel dutifully arranged a phone conference with the proposed Independent Monitor and counsel for District, on March 14, 2024. *Id.* ¶19. Cautiously hopeful that this meeting indicated further progress toward agreement on a proposed permanent injunction, Plaintiff filed on March 22, 2024, an unopposed motion requesting the Court reopen the case to provide Plaintiff and MVUSD additional time to reach agreement. Dkt. 265; 266. MVUSD's counsel submitted a sworn declaration attesting that "the process has been productive," and that MVUSD "is putting forth its best efforts in good faith to finalize the terms and language of the proposed joint injunctive relief." Dkt. 266, Declaration of Daniel C. Faustino re Plaintiff's Motion to Reopen at ¶¶2, 5-6. MVUSD's counsel also stated that counsel had "agreed that we would attempt to 'check-in' at least once a week." *Id.* The Court granted Plaintiff's Motion to Reopen on April 18, 2024, and granted Plaintiff and MVUSD until August 5, 2024, to either file "(1) a proper stipulation and order for dismissal or judgment or (2) a motion to reopen." Dkt. 268.

  MVUSD, however, has abused the additional time the Court has granted, and in recent months, has completely failed to engage in, let alone respond to Plaintiff's meet and confer efforts. On March 29, 2024, Plaintiff's counsel emailed MVUSD's counsel, Dan Faustino, stating that Plaintiff is waiting for MVUSD to provide agreement to Plaintiff's proposed independent monitor and to propose any alternative language MVUSD wishes to add to the draft proposed order. Soni Decl., at ¶3. MVUSD did not respond. *Id.* On April 9, 2024, Plaintiff's counsel again emailed Mr. Faustino to follow up on the questions posed in their March 29 correspondence. *Id.* at ¶4. In that email, Plaintiff's counsel expressed that while they remain hopeful the parties can reach agreement, MVUSD's failure to timely respond would force Plaintiff to expend additional

Case No. 5:21-cv-00194-JGB (SPx)
Pltf. Motion to Enforce

- 6 -

time and resources to submit a motion to the Court seeking permanent injunction. *Id.* MVUSD again did not respond. *Id.*

Finally, on May 16, 2024, Plaintiff's counsel initiated via email a meet and confer regarding the instant motion to enforce the Court's order. *Id.* at ¶5. On May 24, 2024, Mr. Faustino represented to Plaintiff's counsel by telephone that he planned to meet on Tuesday, May 28, or Wednesday, May 29 (he was not sure when) with a District representative with authority to sign off on the proposed stipulated injunction (he did not state who). *Id.* at ¶7. Mr. Faustino also represented that he hoped to wrap things up and finally get Dr. Jaime Hernandez, Plaintiff's proposed independent monitor, started in his role before the school year begins, and confirmed that his client would not be proposing alternative independent monitor candidates. *Id.*

Plaintiff would like nothing more than to have the instant motion rendered moot by Mr. Faustino delivering on his word next week and, as Plaintiff's counsel conveyed to Mr. Faustino by phone, Plaintiff is prepared to withdraw this motion upon notice that the draft stipulated injunction has been accepted and signed by MVUSD. In the meantime, however, the facts remain that, before Plaintiff informed MVUSD of his plan to pursue the instant motion, the last communication Plaintiff received from MVUSD was March 14, 2024. *See* Dkt. 265-2, Bird Decl. at ¶ 19. With the Parties' August 5, 2024, deadline to submit their stipulated judgment to the Court fast approaching, Plaintiff does not have the luxury of tolerating further empty promises and months-long lags in MVUSD's response time. Given MVUSD's persistent pattern of endless delay both during the past seven months of the Parties' efforts on a stipulated injunction, and before that during active litigation, *see* Dkt. Nos. 163, 193, 256, the Court's intervention is required to ensure MVUSD's compliance with its prior Order directing parties to work together to propose a stipulated judgment. Dkt. No. 254.

Case No. 5:21-cv-00194-JGB (SPx)
Pltf. Motion to Enforce

- 7 -

### III.   ARGUMENT

**A. The Court Should Order MVUSD to Comply with its Partial Summary Judgment Order.**

The Court has the "inherent authority to monitor and enforce [its] prior order[.]". *Fraihat v. U.S. Immigration & Customs Enf't*, Case No. EDCV 19-1546 JGB (SHKx), 2020 WL 2758553, at *3 (C.D. Cal. May 15, 2020) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Here, the Court's Summary Judgment Order "ORDER[ED] the parties to design a remedy to bring MVUSD into compliance." Dkt. 254 at 22. This requires the Parties to meet and confer and work in good faith to design a stipulated remedy for proposal to the Court. MVUSD defies the Court's Order by ignoring Plaintiff's many, repeated attempts to engage MVUSD over the Parties' shared task.

In *Jones v. Bayer Corp.*, the court chastened a party that similarly did not comply with its previous order to meet and confer, explaining that "[t]he mere sending of a written, electronic, or voice-mail communication . . . does not satisfy a requirement to 'meet and confer' or 'to confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion." No. C 03-05531 JSW, 2004 WL 2445235 at *1 (N.D. Cal. Nov. 1, 2004). In this case, since at least March 14, 2024, MVUSD has failed to engage in "direct dialogue and discussion" with Plaintiff regarding the proposed stipulated order. Such incalcitrant conduct constitutes a failure to comply with the Court's direct order, requiring further enforcement action from the Court.

Moreover, MVUSD's noncompliance has made it increasingly likely that Plaintiff and MVUSD will not be able to meet the Court's deadline (which it already extended once to August 5, 2024) for submission of the parties' stipulated proposed permanent injunction. Thus, without the Court's intervention further ordering MVUSD to comply with its partial Summary Judgment Order, Plaintiff will be left with no recourse but to move the Court for full briefing and a hearing on a permanent injunction to remedy the systemic violations identified in its summary judgment ruling. Given that Plaintiff and MVUSD are not actually at an impasse, and to the contrary, have managed to reach an

understanding as to key principles of a stipulated remedy, including appointment of an independent monitor and even identified who the proposed independent monitor will be, it does not serve the interests of judicial economy to now clog the Court's docket with a motion for permanent injunction, without first directing MVUSD to comply with the Court's prior order and engage with Plaintiff on a stipulated order to submit to the Court. *See* Soni Decl. at ¶6; Dkt. No. 265; Dkt. No. 265-2, Decl. Bird at ¶12, 18-20; Dkt. No. 266, Decl. Faustino at ¶3-4.

Indeed, it was counsel for MVUSD who made sworn representations to this Court that the Parties—at least before MVUSD descended into radio silence nearly three months ago—were "finalizing the joint injunctive relieve [*sic*] language," and MVUSD was working on "coordination and input from several District personnel in different departments" regarding Plaintiff's proposed independent monitor. Dkt. No. 266, Decl. Faustino at ¶3. MVUSD counsel also swore to the Court that MVUSD was "putting forth its best efforts in good faith to finalize the terms and language of the proposed joint injunctive relief." *Id.* ¶6. Taking MVUSD counsel at his word, the Parties *should* be able to reach final agreement on a remedy to propose to the Court, so long as MVUSD complies with this Court's prior order to engage in doing so. An order enforcing compliance with the Court's prior Summary Judgment Order thus serves the interests not only of justice, in ensuring parties may not flout a court order, but also of judicial economy and efficiency.

### B. The Court Should Issue Sanctions.

MVUSD's lack of cooperation and disregard for the Court's order is all too familiar and has been a recurring pattern throughout this case. During discovery, MVUSD consistently failed to abide by its discovery obligations, produce witnesses for scheduled depositions, and otherwise ignored communications from Plaintiff's counsel, leading this Court to impose multiple monetary and case-related sanctions for MVUSD's "extreme bad faith" conduct. Dkt. Nos. 163, 193.

Courts have "inherent powers" "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43

(1991) (citation and quotation marks omitted). In exercising their inherent powers, courts must use discretion to "fashion an appropriate sanction for conduct which abuses the judicial process," which can include "assess[ing] attorney's fees as a sanction for the willful disobedience of a court order" or for showing "bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Id.* at 44-46 (citations and quotation marks omitted). Here, MVUSD's complete failure to communicate with or respond to Plaintiff's counsel correspondence since March 14, 2024, constitutes willful disobedience of the Court's order. Furthermore, MVUSD's near three-month absence from engaging in this matter has disrupted the litigation, hampering progress toward proposing a stipulated remedy as this Court has ordered Parties to do. Sanctions are thus appropriate and necessary.

Additionally, given that effective implementation of any remedy in this case, whether stipulated to by the Parties or ordered by the Court, will require MVUSD to comply with the Court's orders and for the Parties to cooperate for many years, monetary sanctions for MVUSD's non-compliance will ensure it does not continue to flout the Court's directives in the future. *See Pooshs v. Philip Morris USA, Inc.*, No. 04-CV-1221-PJH, 2016 WL 860985, at *10 (N.D. Cal. Mar. 7, 2016), *aff'd,* 742 F. App'x 335 (9th Cir. 2018), *and aff'd sub nom. Mintz v. Philip Morris USA, Inc., 831 F. App'x 363 (9th Cir. 2020)* (imposing sanctions under court's equitable powers because party "engaged in a practice of refusing to abide by the orders of the court throughout the course of this litigation"); *Wahoo Int'l, Inc v. Phix Dr., Inc.*, No. 13CV1395-GPC(BLM), 2015 WL 12699860, at *2 (S.D. Cal. Sept. 4, 2015) (finding it "appropriate to issue sanctions against defense counsel for his continued dilatory conduct in missing deadlines and failing to comply with Court orders").

///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court order MVUSD to:

a. Provide Plaintiff within five (5) days of the Court's order, (1) confirmation of agreement on Plaintiff's proposed independent monitor, Dr. Jaime Hernandez; and (2) any proposed changes to Plaintiff's draft stipulated order, under penalty of a $700 per day monetary sanction for each additional day of delay;

b. Respond in good faith to Plaintiff's requests to meet and confer regarding MVUSD's proposed edits, including responding to future communications from Plaintiff's counsel within three (3) business days, under penalty of a $700 per day monetary sanction for each additional day of delay;

c. Finalize and jointly file the proposed stipulated order with the Court on or before August 5, 2024; and

d. Pay Plaintiff's reasonable attorney's fees for the cost of this motion.

Plaintiff further requests Court to refer this matter to Magistrate Judge Pym to oversee enforcement of this order.

Dated: May 24, 2024

Respectfully Submitted,

DISABILITY RIGHTS CALIFORNIA

BARAJAS & RIVERA, APC

DISABILITY RIGHTS EDUCATION & DEFENSE FUND

HADSELL STORMER RENICK & DAI LLP

By: /s/ *Munmeeth K Soni*
     Munmeeth K. Soni

/s/ *Malhar Shah*
Malhar Shah
Attorneys for Plaintiff