UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 21-0194 JGB (SPx)** | Date | October 3, 2025 |
| Title | ***C.B. v. Moreno Valley Unified School District, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: Order (1) GRANTING Plaintiff's Motion for Attorneys' Fees (Dkt. No. 302); (2) GRANTING Plaintiff's Objections and Request to Strike Declaration of Grant Stiefel (Dkt. No. 307); and (3) VACATING the October 6, 2025 hearing (IN CHAMBERS)**

Before the Court is a motion for attorneys' fees ("Motion," Dkt. No. 302) and objections and request to strike declaration of Grant Stiefel ("Request to Strike," Dkt. No. 307) filed by plaintiff C.B., by and through his guardians ad litem W.B. and B.T. ("C.B." or "Plaintiff"). The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion and the Request, the Court **GRANTS** the Motion and **GRANTS** the Request to Strike. The hearing set for October 6, 2025 is **VACATED**.

## I. BACKGROUND

C.B.[1] filed his complaint on February 2, 2021 against defendants Moreno Valley Unified School District ("MVUSD" or the "District"), Martinrex Kedziora, in his official capacity as MVUSD Superintendent ("Kedziora"), Darryl Scott ("Scott"), Scott Walker ("Walker"), Demetrius Owens ("Owens"), Manuel Arellano ("Arellano"), County of Riverside ("County"), Riverside County Sheriff's Department ("Sheriff's Dept."), Chad Bianco, in his

[1] On February 10, 2021, the Court appointed W.B. as guardian ad litem for minor C.B. in this action. (Dkt. No. 39.) C.B. is a minor who is twelve years old, W.B. is his father, and B.T. is his mother. (Id.)

official capacity as Riverside County Sheriff ("Bianco"), Deputy Sheriff Norma Loza ("Loza"), and Does 1-10. ("Complaint," Dkt. No. 1.)

Defendants collectively filed three motions to dismiss ("County MTD," Dkt. No. 68, "Arellano MTD," Dkt No. 69, "MVUSD MTD," Dkt No. 70.) On June 17, 2021, the Court granted the MVUSD MTD, denied the Arellano MTD and granted in part and denied in part the County MTD. (Dkt No. 83.) On July 1, 2021, an answer was filed by County, Loza, and the Sheriff's Dept. (Dkt. No. 87.) On July 16, 2021, an answer was filed by Kedziora and MVUSD. (Dkt. No. 91.) The same day, an answer was filed by Arellano, Owens, Scott and Walker. (Dkt. No. 92.)

On February 14, 2022, Plaintiff filed a motion for leave to file a first amended complaint. (Dkt. No. 101.) On February 18, 2022, County, Loza, and the Sheriff's Dept. opposed. (Dkt. No. 103.) On February 28, 2022, MVUSD, Kedziora, Scott, Walker, Owens, and Arellano filed a notice of joinder to County's opposition. ("Joinder," Dkt. No. 104.) On February 28, 2022, Plaintiff replied. (Dkt. No. 105.) On March 1, 2022, Plaintiff filed a motion to strike the Joinder. ("Motion to Strike," Dkt. No. 106.) On March 17, 2022, the Court denied the Joinder and granted Plaintiff's motion for leave to file a first amended complaint. (Dkt. No. 108.)

On March 25, 2022, Plaintiff filed a first amended complaint, asserting the following claims, arising from alleged harms resulting from at least four violent handcuffings and detentions at C.B.'s middle school:

1. Unreasonable seizure and excessive force in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. § 1983, against defendants Scott, Walker, Loza, Toscano, Owens, Arellano, King, and Does 3-10 ("Claim One");
2. Violations pursuant to Monell, 42 U.S.C. § 1983, against defendants County and Sheriff's Dept. ("Claim Two");
3. Violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, against defendants MVUSD, Kedziora, County and Sheriff's Dept. ("Claim Three");
4. Violation of Section 504, 29 U.S.C. § 794 et seq., against defendants MVUSD, Kedziora, County and Sheriff's Dept. ("Claim Four");
5. Violation of California Government Code § 11135 et seq., against defendants County and Sheriff's Dept. ("Claim Five");
6. Intentional infliction of emotional distress against defendants Scott, Walker, Loza, Toscano, Owens, Arellano, King, and Does 3-10 ("Claim Six");
7. False imprisonment against defendants Scott, Walker, Loza, Toscano, Owens, Arellano, King, and Does 3-10 ("Claim Seven");
8. Battery against defendants Scott, Walker, Loza, Owens, Arellano, King, and Does 3-10 ("Claim Eight");
9. Assault against defendants Scott, Walker, Loza, Toscano, Owens, Arellano, King, and Does 3-10 ("Claim Nine"); and
10. Negligent supervisions against defendants Scott and Walker ("Claim Ten").

("FAC," Dkt. No. 109.)

On September 1, 2023, Plaintiff filed a motion for summary judgement as to Claims Three and Four against MVUSD and Kedziora. ("Partial MSJ," Dkt. Nos. 205, 211.) On October 13, 2023, the Court granted Plaintiff's Partial MSJ. ("Order Granting Partial MSJ," Dkt. No. 254.) The Court found MVUSD's "methods of administration in maintaining its police program violate the ADA and Section 504 of the Rehabilitation Act" and ordered Plaintiff and MVUSD to design a remedy to bring MVUSD into compliance. (Id. at 17; 22.)

On June 28, 2024, the Court issued a permanent injunction against MVUSD to remedy MVUSD's violation of the ADA and Section 504. (See "Order Granting Permanent Injunction," Dkt. No. 280.)

On October 14, 2024, Plaintiff filed a notice of settlement between C.B. and Defendants MVUSD, Kedziora, Scott, Walker, Owens and Arellano. ("Notice of Settlement," Dkt. No. 261.)

On September 9, 2025, the Court issued an order granting Plaintiff's motion for court approval of minors compromise with Defendants County, Sheriff's Dept., Loza, and Toscano. ("County Compromise Approval Order," Dkt. No. 291.) The Court ordered the County to pay C.B. a gross sum of $650,000.00 in full settlement and compromise of any and all claims and approved Plaintiff's counsels' attorneys' fees of $260,000 and costs of $57,835.55 from the gross sum. (Id.)

On November 25, 2024, the Court issued an order granting Plaintiff's motion for court approval of minors compromise with Defendants MVUSD, Kedziora, Scott, Walker, Owens, Arellano, and King ("District Defendants"). ("District Compromise Approval Order," Dkt. No. 295.) The Court ordered MVUSD to pay C.B. a gross sum of $1,200,000.00 in full settlement and compromise of any and all monetary damage claims. (Id.) The order further provided that "Plaintiff's counsel shall be allowed to submit a motion to the Court seeking attorneys' fees and costs for its prosecution of this action as against District Defendants." (Id.)

On March 20, 2025, Plaintiff filed this Motion. (Motion.) In support of the Motion, Plaintiff filed the following documents:

- Declaration of Dan Stormer ("Stormer Decl.," Dkt. No. 302-1);
- Declaration of David Clay Washington ("Washington Decl.," Dkt. No. 302-2);
- Declaration of Claudia Center ("Center Decl.," Dkt. No. 302-3);
- Declaration of S. Lynn Martinez ("Martinez Decl.," Dkt. No. 302-4);
- Declaration of Anna Rivera ("Rivera Decl.," Dkt. No. 302-5);
- Declaration of W.B. ("W.B. Decl.," Dkt. No. 302-6);
- Declaration of Barrett S. Litt ("Litt Decl.," Dkt. No. 302-7);
- Declaration of Michael Meuter ("Meuter Decl.," Dkt. No. 302-7);

- Declaration of Olu K. Orange ("Orange Decl.," Dkt. No. 302-8);
- Declaration of Shawna Parks ("Parks Decl.," Dkt. No. 302-9); and
- Declaration of Paul Hoffman ("Hoffman Decl.," Dkt. No. 320).

On March 31, 2025, District Defendants filed an opposition. ("Opposition," Dkt. No. 303, 304.) In support of the Opposition, District Defendants filed the declaration of Grant Stiefel with attached exhibits. ("Stiefel Declaration," Dkt. Nos. 304, 305.) On April 7, 2025, Plaintiff replied. ("Reply," Dkt. No. 306.)

On April 7, 2025, Plaintiff filed the Request to Strike. (Request to Strike.)

## II. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Plaintiffs move for attorneys' fees as the prevailing party under 42 U.S.C. § 1988 and California Code of Civil Procedure § 1021.5. (See Motion.) The Court considers whether the requested fees are reasonable.

### A. Legal Standard

In general, courts apply the "American Rule," where "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Under 42 U.S.C. § 1988 ("Section 1988"), a court may, in its discretion, award reasonable attorneys' fees in a suit seeking to vindicate rights under 42 U.S.C. § 1983. Braunstein v. Ariz. Dep't of Transp., 683 F.3d 1177, 1187 (9th Cir. 2012); 42 U.S.C. § 1988(b).

The customary method of determining the reasonableness of attorneys' fees under 42 U.S.C. § 1988 is the lodestar method. Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006). Under this method, a court multiplies "the time spent" with the "reasonable hourly compensation of each attorney involved in the presentation of the case." Hensley, 461 U.S. at 433. This lodestar figure is "presumptively reasonable." Id. "The district court may then adjust [the lodestar] upward or downward based on a variety of factors." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases."

Id. Because "California law allows for a multiplier of the lodestar to compensate for the risk of contingent representation," the Ninth Circuit allows a "a plaintiff [who] succeeds on both federal and state claims" to seek "the state-law multiplier." Chaudhry, 751 F.3d at 1112 (citing Ketchum v. Moses, 24 Cal. 4th 1122, 1133 (2001), and Mangold v. Cal. Pub. Utilities Comm'n, 67 F.3d 1470, 1478–79 (9th Cir. 1995)). The fee applicant holds the "burden of showing that the claimed rate and number of hours are reasonable." Blum v. Stenson, 465 U.S. 886, 897 (1984).

California Code of Civil Procedure section 1021.5 provides an additional basis for the Court to award fees. This statute provides, in pertinent part:

> [A] court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery.

Code Civ. Proc. § 1021.5.

**B. Request to Strike**

Plaintiff moves to strike the Stiefel Declaration and attached exhibits, arguing it contains impermissible legal argument and is inadmissible under Federal Rule of Evidence 702. (Request to Strike at 1.) Plaintiff further argues that District Defendants' Opposition fails to include any legal argument and simply cites to the Stiefel Declaration. (Id.) District Defendants did not file any response papers.

The Court must disregard legal argument in declarations. A.S. ex rel. T.B. v. N.Y.C. Dep't of Educ., 2024 WL 4354894, *4 (S.D.N.Y. Sep. 30, 2024) ("[A] court must disregard the portions of the submitted declarations that offer improper legal argument and conclusions[.] [W]hether the violations are serious enough to warrant striking the offending declarations is a matter left to the court's discretion.").

Furthermore, courts do not allow incorporation by reference of arguments or "substantive materials" not contained within the relevant motions' briefs. McCracken v. Thor Motor Coach Inc., 2015 WL 13566918, at *2 (D. Ariz. Dec. 3, 2015) (quoting Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003)) ("Courts 'are not like pigs, hunting for truffles buried in briefs,' . . . and it would not be fair to require opposing counsel to engage in hunting expeditions either. Incorporating prior arguments by reference in motion papers is generally ignored by the Court."); see also United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (noting the "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"), cert. denied,

494 U.S. 1082 (1990). Local Rule 7-9 provides that opposing papers shall include "a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely" and Local Rule 7-7 provides that "[d]eclarations shall contain only factual, evidentiary matter."

The Stiefel Declaration is replete with legal argument, in violation of Local Rule 7-7. Specifically, paragraphs 38-44, 46, 47, 51-53, 57-61, 69-72, 74, 79, 82, 84, 86-92, and 94 in the Stiefel Declaration contain impermissible legal argument. (See Stiefel Decl.) Considering the fact that the Stiefel Declaration is forty-two pages long while District Defendants' Opposition brief is barely four pages long, it appears that District Defendants attempted to outsource the job of arguing the opposition to Mr. Stiefel, in violation of this Court's Local Rules, legal precedent, and the rules of the State Bar. See Cal. Bus. & Prof. Code § 6125 ("No person shall practice law in California unless the person is an active licensee of the bar."); see also State Bar Profile: Grant Douglas Stiefel #212307, State Bar of Cal., https://apps.calbar.ca.gov/attorney/Licensee/Detail/212307 (last visited Sept. 25, 2025) (showing license status as "inactive" since 2017).

The Court finds that these "violations are serious enough to warrant striking the offending declaration[]." A.S. ex rel. T.B., 2024 WL 4354894 at *4; see also Ecological Rights Found. v. Hot Line Constr., Inc., 2024 WL 3507023 (C.D. Cal. July 19, 2024) ("But none of the memorandum's 2 pages mentioning 4 highlights includes any useful analysis, legal argument, or legal citation. In fact, District Defendants defer to their expert for legal analysis, . . . which is not the appropriate role of an expert."); Johnson v. Baird Lands, Inc., 2020 WL 3833278 (N.D. Cal. July 8, 2020) ("Mr. O'Connor's opinion does not appear to be based on his own practice or a survey of practitioners, but rather a review of case law concerning fees awarded in ADA litigation. His declaration lists the cases he thinks the Court should follow and the cases it should not, providing what is essentially legal argument and conclusions. Under Federal Rule of Evidence 702, matters of law are inappropriate subjects for expert testimony."); Gordon v. L.A. Unified Sch. Dist., 2019 WL 2511936 (C.D. Cal. June 17, 2019) ("[L]egal argument is reserved for the moving papers, and should not be inserted into declarations.").

Accordingly, the Court **STRIKES** the Stiefel Declaration. (Dkt. Nos. 304, 305.) Furthermore, because District Defendants present no legal argument in their perfunctory four-page Opposition, the Court deems Plaintiff's Motion unopposed. Novalk, LLC v. Kinsale Ins. Co., No. 3-21-CV-01014-BEN-RBB, 2021 WL 4134741, at *2 (S.D. Cal. Sept. 10, 2021) ("[W]here the non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived.").

**C. Lodestar Analysis**

Plaintiff separately provides figures for non-fee motion work, fee-motion work before January 31, 2025, and fee-motion work after February 1, 2025, as detailed below. (See Mot., Ex. A; Reply at 12.)

**Non-Fee Motion Work**

| Biller | Firm | Position | Law School Graduation Date | Hourly Rate | Hours on Non-Fee Motion Work | Total Fees for Non-Fee Motion Work |
|---|---|---|---|---|---|---|
| Dan Stormer | HSRD[2] | Attorney | 1974 | $1,550.00 | 394.9 | $612,095.00 |
| Brian Olney | HSRD | Attorney | 2013 | $925.00 | 0.5 | $462.50 |
| Shaleen Shanbhag | HSRD | Attorney | 2014 | $850.00 | 89.2 | $75,820.00 |
| David Clay Washington | HSRD | Attorney | 2015 | $800.00 | 765.0 | $612,000.00 |
| Tami Galindo | HSRD | Paralegal | N/A | $325.00 | 238.6 | $77,545.00 |
| Norma Molina | HSRD | Paralegal | N/A | $325.00 | 10.3 | $3,347.50 |
| Melinda Bird | DRC | Attorney | 1978 | $1,300 | 78.1 | $101,530.00 |
| Munmeeth Soni[3] | DRC | Attorney | 2007 | $725 | 866.2 | $627,995.00 |
| Leah Kang | DRC | Attorney | 2012 | $585 | 182.1 | $106,528.50 |
| Robert Borrelle[4] | DRC | Attorney | 2013 | $560 | 327.60 | $183,456.00 |
| Stephen Peters | DRC | Attorney | 2016 | $495 | 395.5 | $195,772.50 |
| Lindsay Appell[5] | DRC | Attorney | 2019 | $420 | 357.60 | $150,192.00 |

[2] The Court uses the following abbreviations for the law firms requesting fees: Hadsell Stormer Renick & Dai LLP ("HSRD"), Disability Rights California ("DRC"), Barajas & Rivera APC ("B&R"), and Disability Rights Education and Defense Fund ("DREDF").

[3] Mr. Soni initially claimed 870.7 hours working on this case. (Martinez Decl., Ex. 2.) However, Mr. Soni later requested that the Court correct a "typo" in an entry and reduce his hours by 4.5 and fees by $3,262.50. (Declaration of Munmeeth K. Soni ¶ 2, Dkt. No. 306-4.) Accordingly, the Court makes the correction and assigns 866.2 hours and $627,995.00 to Mr. Soni.

[4] Ex. A of the Motion assigns a total of $612,000.00 for Mr. Borrelle. However, Mr. Borrelle's hourly rate ($560) multiplied by his hours on non-fee motion work (327.6) equals a product of $183,456.00. (See Motion.) This amount corresponds with the total amount reported for Mr. Borrelle in DRC's summary page. (See Martinez Decl., Ex. 2.) Accordingly, the Court assumes that the figure of $612,000.00 is a typo and applies the total amount of $183,456.00 for Mr. Borelle's non-fee-motion work.

[5] Ex. A of the Motion assigns 357.2 hours for non-fee motion work to Ms. Appell. (See Motion.) This figure corresponds with the amount reported in the DRC Attorney Rate Chart. (Martinez Decl. at 20.) However, multiplying Ms. Appell's hourly rate ($420) by 357.2 hours results in a product of $150,024.00, which is less than the reported product of $150,192.00. (Id.) The Court notes that DRC's Attorneys Fees Summary Page reports 357.6 hours for Ms. Appell.

| | | | | | | |
|---|---|---|---|---|---|---|
| Maronel Barajas | B&R | Attorney | 2003 | $1,000 | 674.2 | $674,200.00 |
| Anna Rivera | B&R | Attorney | 2005 | $950 | 442.5 | $420,375.00 |
| Claudia Center[6] | DREDF | Attorney | 1991 | $1,015 | 91.7 | $92,987.50 |
| Malhar Shah[7] | DREDF | Attorney | 2017 | $575 | 932.65 | $535,526.25 |
| Francesca Simon | DREDF | Attorney | 2023 | $395 | 16.5 | $6,517.50 |
| Alexandra Cline | DREDF | Paralegal | N/A | $300 | N/A | $0 |
| **SUBTOTAL[8]** | | | | | **5,863.15** | **$4,476,350.25** |

//
//
//
//
//
//
//

(Martinez Decl. at 47, Ex. 2.) Multiplying 357.6 hours by Ms. Appell's hourly rate ($420) results in a product of $150,192.00, which is the same product reported in DRC's Attorney's Rate Chart, DRC's Attorney Fees Summary Page, and Ex. A of the Motion. (See Martinez Decl. at 20; Martinez Decl. at 47, Ex. 2; Motion.) Accordingly, the Court assumes that the figure of 357.2 is a typo and applies the 357.6 figure.

[6] Ex. A of the Motion and DREDF's billing records provide a total amount for Ms. Center's non-fee-motion work of $92,987.50. (See Motion; Center Decl. at 45, Ex. 5.) However, multiplying Ms. Center's hourly rate ($1,015.00) by her hours on non-fee motion work (91.7) equals a product of $93,075.50. Because Plaintiff's counsel claim a smaller amount of fees for Ms. Center than her requested hours and hourly rate would seem to allow, the Court applies the smaller amount.

[7] Ex. A of the Motion and DREDF's billing records provide a total amount for Mr. Shah's non-fee-motion work of $535,526.25. (See Motion; Center Decl. at 45, Ex. 5.) However, multiplying Mr. Shah's hourly rate ($575.00) by his hours on non-fee motion work (932.65) equals a product of $536.273.75. Because Plaintiff's counsel claims a smaller amount of fees for Mr. Shah than his requested hours and hourly rate would seem to allow, the Court applies the smaller amount.

[8] Plaintiff's counsel reports a total figure of $4,479,612.50 for merits work. (See Mot, Ex. A.) Subtracting the amount attributed to Mr. Soni's typo ($3,262.50) results in a total of $4,476.350. The Court is unable to account for the discrepancy of $0.25 between the Court's total of $4,476,350.25 and Plaintiff's reported total minus $3,262.50. The Court applies the number it has calculated. Plaintiff also reports a total figure of 5,867.65 hours for merits work. (See id.) The difference between this number and the Court's figure (5,863.15 hours) can be accounted for by the subtraction of hours from Mr. Soni's typo (4.5 hours).

**Fee Motion Work Prior To January 31, 2025**

| Biller | Firm | Position | Law School Graduation Date | Hourly Rate | Hours on Non-Fee Motion Work | Total Fees for Non-Fee Motion Work |
|---|---|---|---|---|---|---|
| Dan Stormer | HSRD | Attorney | 1974 | $1,550.00 | 10.8 | $16,740.00 |
| Brian Olney | HSRD | Attorney | 2013 | $925.00 | 15.6 | $14,430.00 |
| Shaleen Shanbhag | HSRD | Attorney | 2014 | $850.00 | 0 | $0.00 |
| David Clay Washington | HSRD | Attorney | 2015 | $800.00 | 76.8 | $61,440.00 |
| Tami Galindo | HSRD | Paralegal | N/A | $325.00 | 3.3 | $1072.50 |
| Norma Molina | HSRD | Paralegal | N/A | $325.00 | 0 | $0 |
| Melinda Bird | DRC | Attorney | 1978 | $1,300 | 0 | $0 |
| Munmeeth Soni | DRC | Attorney | 2007 | $725 | 5 | $3,625 |
| Leah Kang | DRC | Attorney | 2012 | $585 | 0 | $0 |
| Robert Borrelle[9] | DRC | Attorney | 2013 | $560 | 0 | $0 |
| Stephen Peters | DRC | Attorney | 2016 | $495 | 0 | $0 |
| Lindsay Appell | DRC | Attorney | 2019 | $420 | 0 | $0 |
| Maronel Barajas | B&R | Attorney | 2003 | $1,000 | 15.4 | $15,400.00 |
| Anna Rivera | B&R | Attorney | 2005 | $950 | 16 | $15,200.00 |
| Claudia Center | DREDF | Attorney | 1991 | $1,015 | 19.2 | $19,488.00 |
| Malhar Shah | DREDF | Attorney | 2017 | $575 | 0 | $0 |
| Francesca Simon | DREDF | Attorney | 2023 | $395 | 0 | $0 |
| Alexandra Cline | DREDF | Paralegal | N/A | $300 | 7 | $2,100.00 |
| **SUBTOTAL[10]** | | | | | **169.1** | **$149,495.50** |

[9] Ex. A of the Motion reports that Mr. Borrelle spent 76.8 hours on fee motion work prior to January 31, 2025. (See Motion.) However, Plaintiff's counsel requests no money for Mr. Borrelle's work in Ex. A of the Motion. (Id.) The DRC Attorney Rate Chart provides that Mr. Borrelle did not spend any time on fee motion work prior to January 31, 2025. (Martinez Decl. at 20.) Furthermore, the DRC only seeks $3,625 for Mr. Soni's fee motion work prior to January 31, 2025 and provides no evidence that Mr. Borrelle completed any fee motion work prior to January 31, 2025. (Id. ¶ 75.) Accordingly, the Court assumes that the figure of 76.8 in Ex. A of the Motion is a typo and applies the number 0 instead.

[10] The sum reported by Plaintiff's counsel for hours on fee motion work before January 31, 2025 is 168.7. (See Mot. Ex. A.) The Court arrives at a sum of 169.1 hours. The Court

**Fee Motion Work After February 1, 2025**

| Biller | Firm | Position | Law School Graduation Date | Hourly Rate | Hours on Non-Fee Motion Work | Total Fees for Non-Fee Motion Work |
|---|---|---|---|---|---|---|
| Dan Stormer | HSRD | Attorney | 1974 | $1,550.00 | 8.8 | $13,640.00 |
| David Clay Washington | HSRD | Attorney | 2015 | $800.00 | 45.8 | $36,640.00 |
| Munmeeth Soni | DRC | Attorney | 2007 | $725 | 5.5 | $3,987.50 |
| Maronel Barajas | B&R | Attorney | 2003 | $1,000 | 0.5 | $500.00 |
| Anna Rivera | B&R | Attorney | 2005 | $950 | 5.5 | $5225.00 |
| Claudia Center | DREDF | Attorney | 1991 | $1,015 | 2.35 | $2385.25 |
| **SUBTOTAL** | | | | | **68.45** | **$62,377.50** |

The Court calculates as Plaintiff's lodestar the sum of the fees for non-fee motion work, fee-motion work before January 31, 2025, and fee-motion work after February 1, 2025.[11] Plaintiff's lodestar is $4,688,223.25.

1. **Hourly Rate**

Reasonable fees under Section 1988 are calculated according to the prevailing market rates in the relevant legal community. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992). Because "the relevant community is the forum in which the district court sits," Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010), the prevailing rates in the Central District of California control here.

---

accounts for this discrepancy between the two figures as Plaintiff's counsel's reported total for B&R's hours on fee motion work prior to January 31, 2025 is 31 hours, which is .4 hours short of the sum of the hours that B&R's two attorneys individually report (15.4 and 16 hours respectively). (See id.) The correct sum for the hours worked by B&R's attorneys on fee motion work prior to January 31, 2025 is 31.4 hours. Assuming that Plaintiff added together each firm's totals for fee motion work prior to January 31, 2025, the use of the erroneous 31 hours figure from B&R would result in 168.7. The Court applies the correct figure of 169.1 hours.

[11] The Court disregards Plaintiff's reported lodestar of $4,349,108.25. (Mot. at 15.) Plaintiff arrives at this number by subtracting the $280,000 Plaintiff previously received in attorneys' fees from the figure reported in Ex. A for the total fees incurred from non-fee motion work and fee motion work prior to January 31, 2025. However, as previously discussed, the numbers presented in Ex. A are not entirely accurate, nor do they account for the fee-motion work after February 1, 2025 reported in the Reply.

**a. Dan Stormer**

Plaintiff's counsel request an hourly rate of $1,550 per hour for Mr. Stormer. (Mot., Ex. A.) Mr. Stormer declares that he has practiced law for 50 years and is a founding partner of the law firm Hadsel Stormer Renick & Dai LLP ("HSRD"), which practices primarily in the areas of employment discrimination, constitutional, civil rights, international human rights, and public interest law. (Stormer Decl. ¶ 2.) Mr. Stormer additionally lists his many awards, law review articles, legal media profiles, courses taught, and speeches. (Id. ¶¶ 3-10.) Last year, another federal court in California awarded Mr. Stromer a rate of $1,500. See Pederson, et al. v. The County of Plumas, et al., No. 2:89-1659 (E.D. Cal. Feb. 22, 2024). The Court finds that Mr. Stormer's requested rate of $1,550 per hour is reasonable.

Additionally, Mr. Stormer declares that the rates requested for the additional HSRD attorneys and staff "reflect their respective market rates in light of each attorney's skill, reputation, and experience." (Stormer Decl., ¶ 28.) He bases this conclusion on his many decades of legal experience, previous litigation of attorney's fees, discussions of attorneys' fees with legal colleagues, review of attorneys' fees applications submitted by other law firms, and his service as an attorneys' fees expert in federal courts. (Id. ¶ 27.) As discussed above, District Defendants do not contest that the requested rates for HSRD attorneys and staff are reasonable.

**b. Brian Olney**

Plaintiff's counsel request an hourly rate of $925 per hour for Mr. Olney. (Mot., Ex. A.) Mr. Olney has worked at HSRD since 2015 after completing two federal clerkships. (Stormer Decl. ¶ 40.) He became a partner in 2019 and has been a member of the firm's management committee of senior partners since 2023. (Id.) The Court finds that Mr. Olney's requested rate of $925 per hour is reasonable.

**c. Shaleen Shanbhag**

Plaintiff's counsel request an hourly rate of $850 per hour for Ms. Shanbhag. (Mot., Ex. A.). Ms. Shanbhag was a partner at HSRD until December 2022. (Stormer Decl., ¶ 13.) She previously completed a federal clerkship and has successfully litigated multiple civil rights cases. (Id. ¶¶ 36-38.) The Court finds that Ms. Shanbhag's requested rate of $850 per hour is reasonable.

**d. David Clay Washington**

Plaintiff's counsel request a rate of $800 per hour for Mr. Washington. (Mot., Ex. A.) Mr. Washington joined HSRD in 2019 and became partner in 2023. (Stormer Decl., ¶ 31.) Mr. Washington previously completed a federal clerkship and has successfully litigated multiple civil rights cases for which he has been recognized by the legal profession. (Id. ¶¶ 32-33.) Mr. Washington was "heavily involved" in litigating this lawsuit and was its "primary driver." (Id. ¶ 35.) The Court finds that Mr. Washington's requested rate of $800 per hours is reasonable.

**e. Tami Galindo, and Norma Molina**

Plaintiff's counsel request a rate of $325 per hour for Ms. Galindo and Ms. Molina, paralegals at HSRD. (Mot., Ex. A.) Mr. Stormer attests that they are both "highly skilled" paralegals. (Stormer Decl. ¶ 41.) Accordingly, the Court finds that $325 per hour is a reasonable rate for Ms. Galindo and Ms. Molina.

**f. Melinda Bird**

Ms. Martinez, the Director of Litigation of Disability Rights California ("DRC") declares that the rates requested for DRC attorneys, like Ms. Bird, are "based on prevailing market rates for attorneys of comparable skill, experience, and qualifications." (Martinez Decl. ¶ 47.) DRC attorney rates are set by reviewing previous court decisions regarding attorneys' fees, regional surveys of attorneys' fees, and rates charged by private firms engaged in comparable litigation. (Id. ¶ 48.) Attorneys' fees experts and other courts have found DRC attorneys' rates to be reasonable. (Id. ¶¶ 49-50.) As discussed above, District Defendants do not contest that the requested rates for DRC attorneys are reasonable.

Plaintiff's counsel request an hourly rate of $1,300 per hour for Ms. Bird. (Mot., Ex. A.) Ms. Bird is Senior Litigation Counsel at ("DRC"). (Martinez Decl. ¶ 57.) She previously served as a managing attorney and Litigation Director for DRC. (Id.) She has litigated more than 25 ADA cases, almost all of which were successful. (Id. ¶ 58.) She also served as lead or co-counsel in litigation involving the rights of children and youth. (Id. ¶ 21.) For her work, Ms. Bird has received awards and recognition. (Id. ¶ 22.) The Court finds that Ms. Bird's requested rate of $1,550 per hour is reasonable.

**g. Munmeeth Soni**

Plaintiff's counsel request an hourly rate of $725 per hour for Ms. Soni. (Mot., Ex. A.) Ms. Soni is Litigation Counsel at DRC and previously worked at the Immigrant Defenders Law Center as Managing Attorney and Director of Litigation and Advocacy. (Martinez Decl., ¶ 53.) She has successfully litigated multiple cases in federal, state, and administrative courts and has ben awarded and recognized for her advocacy. (Id. ¶¶ 54-55.) The Court finds that Ms. Soni's requested rate of $725 per hour is reasonable.

**h. Robert Borrelle**

Plaintiff's counsel request an hourly rate of $560 per hour for Mr. Borrelle. (Mot., Ex. A.). Mr. Borrelle began working for DRC in 2016 as a staff attorney and was promoted to supervising attorney in 2019. (Martinez Decl. ¶ 65.) He previously received the Equal Justice Works Fellowship. (Id.) At DRC, Mr. Borrelle litigated complex disability rights lawsuits and frequently presented on disability rights and special education laws. (Id. ¶ 67.) The Court finds that Mr. Borrelle's requested rate of $560 per hour is reasonable.

**i. Stephen Peters**

Plaintiff's counsel request a rate of $495 per hour for Mr. Peters. (Mot., Ex. A.) Mr. Peters joined DRC in 2018 where he was involved in litigation and administrative advocacy for people with disabilities. (Martinez Decl. ¶ 69.) The Court finds that Mr. Peter's requested rate of $495 per hours is reasonable.

**j. Lindsay Appell**

Plaintiff's counsel request an hourly rate of $420 per hour for Ms. Appell. (Mot., Ex. A.). Ms. Appell began working for DRC in 2019 as a legal fellow and subsequently became a staff attorney. (Martinez Decl. ¶ 71.) She is a "burgeoning expert" in education law, school disciple, and civil rights and initiated and led investigations into school districts for over-policing disabled students. (Id. ¶ 72.) The Court finds that Ms. Appell's requested rate of $420 per hour is reasonable.

**k. Anna Rivera**

Ms. Rivera, a founding partner of Barajas and Rivera ("B&R"), declares that the rates requested for B&R attorneys are based on a review of court decisions regarding attorneys' fees for comparable private attorneys engaged in comparable litigation and previous awards B&R attorneys have received. (Rivera Decl. ¶ 121.) Additionally, attorneys' fees experts have found B&R attorneys' rates to be reasonable. (Id. ¶ 122.) As discussed above, District Defendants do not contest that the requested rates for B&R attorneys are reasonable.

Plaintiff's counsel request an hourly rate of $950 per hour for Ms. Rivera. (Mot., Ex. A.) Ms. Rivera is a founding partner at B&R. (Rivera Decl. ¶ 84.) She previously worked as a Managing Attorney at the Disability Rights Legal Center before co-founding B&R. (Id.) Ms. Rivera has litigated multiple civil rights cases on behalf of individuals with disabilities. (Id. ¶ 86.) She has also taught and lectured at law schools on the subject of disability and has been recognized for her work. (Id. ¶¶ 87-88.) The Court finds that Ms. Rivera's requested rate of $1,550 per hour is reasonable.

**l. Maronel Barajas**

Plaintiff's counsel request an hourly rate of $1,000 per hour for Ms. Barajas. (Mot., Ex. A.) Ms. Barajas is a founding partner at B&R. (Rivera Decl. ¶ 94.) She previously worked as the Director of Litigation at the Disability Rights Legal Center. (Id. ¶ 95.) Ms. Barajas has previously litigated multiple civil rights lawsuits on behalf of individuals with disabilities, including students with disabilities. (Id. ¶¶ 101-104.) For her work, she has received awards and recognition and she has also taught and lectured at law schools. (Id. ¶ 106.) She has also been an invited speaker for disability issues and has written articles on the rights of students with

disabilities. (Id. ¶¶ 107-108.) The Court finds that Ms. Barajas's requested rate of $1,000 per hour is reasonable.

**m. Claudia Center**

Plaintiff's counsel request an hourly rate of $1,015 per hour for Ms. Center. (Mot., Ex. A.) Ms. Center is the Legal Director of the Disability Rights Education & Defense Fund ("DREDF"). (Center Decl. ¶ 13.) She previously served as a senior staff attorney at the ACLU Disability Rights Program. (Id.) She has represented individuals in disability rights cases for more than 25 years. (Id. ¶ 14.) For her work, she received the Paul G. Hearne Award for Disability Rights from the American Bar Association Commission on Disability Rights and has served as an adjunct professor of disability rights. (Id.) Ms. Center additionally points to court decisions approving comparable attorneys' fees of colleagues with similar backgrounds. (Id. ¶¶ 18-19.) The Court finds that Ms. Center's requested rate of $1,550 per hour is reasonable.

As discussed above, District Defendants do not contest the reasonableness of the requested rates for DREDF attorneys and staff.

**n. Malhar Shah**

Plaintiff's counsel request an hourly rate of $575 per hour for Mr. Shah. (Mot., Ex. A.) Mr. Shah is a former Staff Attorney with DREDF and he previously worked with the National Center for Lesbian Rights and Public Counsel. (Center Decl., ¶ 20.) His requested rate is supported by reference to other court decisions approving rates for attorneys with comparable backgrounds. (Id. ¶¶ 21-22.) The Court finds that Ms. Soni's requested rate of $575 per hour is reasonable.

**o. Francesca Simon**

Plaintiff's counsel request an hourly rate of $395 per hour for Ms. Simon. (Mot., Ex. A.) Ms. Simon is a legal fellow with DREDF. She graduated from the University of California, Berkeley, School of Law in 2023 and was sworn into the California bar in 2024. (Center Decl. ¶ 23.) Her requested rate is supported by a declaration filed by Richard Pearl in Smith v. Kaiser, OIA Arbitration NO. 18111; JAMS Ref. No. 110115944 (Oct. 21, 2024). (Id. ¶ 24.) The Court finds that Ms. Simon's requested rate of $395 per hour is reasonable.

**p. Alexandra Cline**

Plaintiff's counsel request a rate of $300 per hour for Ms. Cline, a paralegal at DREDF. (Mot., Ex. A.) Her requested rate is supported by a 2024 federal court decision approving DREDF's 2023 rates. (Center Decl. ¶ 26.) The Court finds that $300 per hour is a reasonable rate for Ms. Cline.

//

### h. Hours Billed

Plaintiff's counsel request attorneys' fees for a total of 6,100.7 hours worked on this case.[12] As discussed above, District Defendant do not oppose the hours requested. Accordingly, the Court concludes that Plaintiff's counsel may seek fees for the total 6,100.7 hours, as detailed in the tables above.

### i. Multiplier

Based on the hours reported by Plaintiff's counsel, Plaintiff's counsel's lodestar is $4,688,223.25. Plaintiff's counsel seeks a 1.2 multiplier of the lodestar excluding fee-motion work. (Mot. at 24; Mot., Ex. A.) The Ninth Circuit allows a plaintiff who succeeds on both federal claims and state claims to seek "the state-law multiplier." Chaudhry, 751 F.3d at 1112. That is the case here.

To determine whether to apply the state-law multiplier, the Court looks to: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." Ketchum, 24 Cal. 4th at 1132.

Here, the Court agrees that this case raised "significant legal issues of first impression." (Mot. at 22.) Plaintiff explains that this was the first case to hold that "the 'methods of administration' regulations under the ADA and Section 504 apply where public schools maintain a policy of reliance on untrained law enforcement and security officers to respond to students with disabilities." (Mot. at 13.) The novel nature of the legal question and District Defendants' dogged defense strategies required great skill from Plaintiff's counsel to succeed in this litigation. (Id. at 13-14.) Plaintiff's counsel demonstrated their skill "in the outstanding results," both monetary damages and injunctive relief, that they achieved. (Mot. at 22-23.) Additionally, the significant time spent on this case, 6,100.7 hours by the Court's calculation, precluded Plaintiff's counsel from accepting other cases. (Mot. at 23.) Finally, Plaintiff's counsel accepted this five-year-long case on a contingency basis and, given the novel nature of this case, success was not guaranteed. (Id.) Under these facts, the Court finds that the requested multiplier is justified. Accordingly, the Court applies a 1.2 multiplier to the lodestar calculation of $4,476,350.25 for non-fee motion work. The Court adds this enhanced subtotal to the subtotals for fee-motion work both before January 31, 2025 and after February 1, 2025. As requested by Plaintiff, the

[12] Although Plaintiff's counsel do not specify to total the hours requested, the Court calculates this number by adding together the hours spent on non-fee motion work (5863.15), fee-motion work prior to January 31, 2025 (169.1), and fee-motion work after February 1, 2025 (68.45).

Court then subtracts the $280,000 in attorney's fees already collected by Plaintiff.[13] (Mot. at 15; Mot, Ex. A.) In sum, the Court **GRANTS** the Fee Motion as follows:

| | | |
|---|---|---|
| Non-Fee-Motion Work | $4,476,350.25 X 1.2 = | $5,371,620.30 |
| Fee-Motion Work Before 1/31/25 | | + $149,495.50 |
| Fee-Motion Work After 2/1/25 | | + $62,377.50 |
| Subtotal | | = $5,583,493.30 |
| Previously Collected Attorney's Fees | | - $280,000 |
| **Total** | | **$5,303,493.30** |

The Court **AWARDS** Plaintiff's counsel attorneys' fees in the amount of $5,303,493.30.

**D. Costs and Expenses**

Plaintiff requests that this Court award $50,766.53 in costs and expenses. District Defendants do not contest the amount of costs and expenses requested by Plaintiff. (See Opposition.) Accordingly, the Court awards $50,766.53 in costs.

## III. CONCLUSION

For the above reasons, the Court ORDERS the following:

1. The Court **GRANTS** Plaintiff's Request to Strike (Dkt. No. 307);
2. The Court **GRANTS** Plaintiff's Motion and **AWARDS** Plaintiff's counsel $5,303,493.30 in attorneys' fees;
3. The Court **AWARDS** Plaintiff's counsel $50,766.53 in costs; and
4. The Court **VACATES** the October 6, 2025 hearing.

**IT IS SO ORDERED.**

[13] Plaintiff previously received $260,000 in attorneys' fees from the settlement with the County of Riverside, and $20,000 in attorneys' fees that Plaintiff received from the District as sanctions. (Mot. at 15.)